**FILED**

JUL 23 2009

Clerk, U.S. District and
Bankruptcy Courts

Federal Complaint pursuant to 42 U.S.C. § 1983, et al, (Civil Rights Claim & Tort Action), and Racketeer Influenced Corrupt Organizations Act Claim (Civil RICO); and Pendant State Claims for Declaratory, Injunctive, Compensatory & Punitive Relief and Exemplary Damages; and Petition For A Writ Of Habeas Corpus; and Judicial Recommendation for Congressional Oversight Investigation and Executive Criminal Investigation against all named Defendants

# United States District Court
# For The District Of Columbia

**KEVIN RONDEAU**

> Physical Address:      16 Marlboro Avenue
> Apartment B
> Wilkes-Barre, PA 18702

> Mailing Address:      Post Office Box 1065
> Rochester, New Hampshire 03866

*Plaintiff*

> VS.

Case: 1:09-cv-01360
Assigned To : Unassigned
Assign. Date : 7/23/2009
Description: Civil Rights-Non-Empoy.

**INTERNAL REVENUE SERVICE**

> 1111 Constitution Avenue, NW
> Washington, D.C. 20224

**Mark W. Everson, Commissioner**

> Internal Revenue Service
> 1111 Constitution Avenue, NW
> Washington, D.C. 20224

**NEW HAMPSHIRE SUPREME COURT**

> New Hampshire Supreme Court
> One Charles Doe Drive
> Concord, New Hampshire 03301

**John T. Broderick Jr., Chief Justice, NH Supreme Court**

**RECEIVED**

JUN 2 5 2009

Clerk, U.S. District and
Bankruptcy Courts

1

New Hampshire Supreme Court
One Charles Doe Drive
Concord, New Hampshire 03301

**Linda S. Dalianis, Senior Associate Justice, NH Supreme Court**

New Hampshire Supreme Court
One Charles Doe Drive
Concord, New Hampshire 03301

**James E. Duggan, Associate Justice, NH Supreme Court**

New Hampshire Supreme Court
One Charles Doe Drive
Concord, New Hampshire 03301

**Richard E. Galway, Associate Justice, NH Supreme Court**

New Hampshire Supreme Court
One Charles Doe Drive
Concord, New Hampshire 03301

**Gary E. Hicks, Associate Justice, NH Supreme Court**

New Hampshire Supreme Court
One Charles Doe Drive
Concord, New Hampshire 03301

**David A. Brock, Former Chief Justice, NH Supreme Court**

Office of the Attorney General
33 Capital Street
Concord, New Hampshire 03301

**Joseph P. Nadeau, Former Associate Justice, NH Supreme Court**

Office of the Attorney General
33 Capital Street
Concord, New Hampshire 03301

**Bruce R. Larson, Special Justice**

Rochester District Court
76 North Main Street
Rochester, New Hampshire 03867

**Sharon N. Devries, Rockingham County Family Court Judge**

Portsmouth Family Division
111 Parrott Avenue
Portsmouth, New Hampshire 03801-4490

**NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Office of the Attorney General
33 Capital Street
Concord, New Hampshire 03301

**John A. Stephen, Commissioner**

New Hampshire Department of Health and Human Services
129 Pleasant Street
Concord, N.H. 03301-3857

**Maggie Bishop, Director**

Division for Children, Youth and Families
30 Maplewood Avenue
Portsmouth, New Hampshire 03801

**Denise Gallagher, Esquire**

Division for Children, Youth and Families
30 Maplewood Avenue
Portsmouth, New Hampshire 03801

**Mathew Garthwait**

Division for Children, Youth and Families
30 Maplewood Avenue
Portsmouth, New Hampshire 03801

**TOWN OF EXETER**

Linda Hartson, Town Clerk
10 Front Street
Exeter, New Hampshire 03833

**Exeter District Court Judge Cullen**

Exeter District Court

120 Water Street
Exeter, New Hampshire 03833

**TOWN OF STRATHAM**

Shirley Daley, Town Clerk
10 Bunker Hill Avenue
Stratham, New Hampshire 03885

**Michael Daley, Chief Of Police, Stratham PD**

Stratham Police Department
10 Bunker Hill Avenue
Stratham, New Hampshire 03885

**Lt. Wood, Stratham PD**

Stratham Police Department
10 Bunker Hill Avenue
Stratham, New Hampshire 03885

**James Call, Patrolman, Stratham PD**

Stratham Police Department
10 Bunker Hill Avenue
Stratham, New Hampshire 03885

**Sgt. Pierce, Stratham PD**

Stratham Police Department
10 Bunker Hill Avenue
Stratham, New Hampshire 03885

**Rachel Rondeau**

4A Jason Drive
Stratham, New Hampshire 03885

**Jacqueline C. Hersey**

149 Union Road
Stratham, New Hampshire 03885

**Richard E. Rondeau**

4A Jason Drive
Stratham, New Hampshire 03885

**CITY OF PORTSMOUTH**

Kelli L. Barnaby, City Clerk
1 Junkins Avenue
Portsmouth, NH 03801

**Michael J. Magnant, Chief Of Police, Portsmouth PD, et al.**

Municipal Complex
1 Junkins Avenue
Portsmouth, New Hampshire 03801

**CITY OF ROCHESTER**

John Scruton, City Manager
31 Wakefield Street
Rochester, New Hampshire 03867

**David Dubois, Chief Of Police, City Of Rochester**

22 Wakefield Street
Rochester, New Hampshire 03867

**TOWN OF NOTTINGHAM**

Peter M. Bock, Chairman
P.O. Box 114
Nottingham, NH 03290

**Philip English, Chief Of Police, Nottingham PD**

Nottingham Police Department
P.O. Box 265
Nottingham, NH 03290

**Senior Patrolman Brian M. Spagna**

Nottingham Police Department
P.O. Box 265
Nottingham, NH 03290

**Ryan Delisle**

400 Stage Road
West Nottingham, New Hampshire 03290

**Maurice Delisle**

400 Stage Road
West Nottingham, New Hampshire 03290

**Kenneth W. Riley**

Jensen's Trailer Park
25 Fairfield Drive
Concord, New Hampshire 03301

**NEW HAMPSHIRE ASSOCIATION OF CHIEFS OF POLICE**

Chief James Valiquet, President
Bradford Police Department
75 West Main Street
Bradford, New Hampshire 03221

**NEW HAMPSHIRE POLICE STANDARDS AND TRAINING COUNCIL**

Sheriff Michael Prozzo, Jr., Chairman
17 Institute Drive
Concord, New Hampshire 03301-7413

**MICHAEL J. CARROLL ATTORNEY AT LAW**

4 Market Street
Portsmouth, New Hampshire 03802

**Michael J. Carroll, Esquire**

Michael J. Carroll Attorney At Law
4 Market Street
Portsmouth, New Hampshire 03802

**SHAINES & McEACHERN PROFESSIONAL ASSOCIATION**

282 Corporate Drive, P.O. Box 360
Portsmouth, New Hampshire 03802-0360

**Robert Shaines, Esquire**

Shaines & McEachern Professional Association
282 Corporate Drive, P.O. Box 360
Portsmouth, New Hampshire 03802-0360

**LAW OFFICES OF EDWARD W. RICHARDS & ASSOCIATES**

65 Temple Street
Nashua, New Hampshire 03060

**Edward W. Richards**

Law Offices Of Edward W. Richards & Associates
65 Temple Street
Nashua, New Hampshire 03060

**NEW HAMPSHIRE CIVIL LIBERTIES UNION**

Claire Ebel, Executive Director
18 Low Avenue
Concord, New Hampshire 03301

**Claire Ebel**

New Hampshire Civil Liberties Union
18 Low Avenue
Concord, New Hampshire 03301

**Cindy Wallace @ Mullaney & Richardson, P.A.**

One Wakefield St., Suite 309
Rochester, New Hampshire 03867

**Mullaney & Richardson, P.A.**

One Wakefield St., Suite 309
Rochester, New Hampshire 03867

**Trooper Kenneth Phoenix**

New Hampshire State Police, Troop G
Trooper Kenneth Phoenix
33 Hazen Drive
Concord, Hampshire 03301

**THE NEW HAMPSHIRE LEGISLATURE**

Terie Norelli, Speaker of the House
Third Floor, State House
107 North Main Street
Concord, New Hampshire 03301

Sylvia Larsen, Senate President
23 Kensington Road
Concord, New Hampshire 03301

*defendants.*

---

**FULLY INFORMED JURY TRIAL DEMANDED**

**TORT ACTION/DEMAND FOR:**

**COMPENSATORY, PUNITIVE & EXEMPLARY DAMAGES & INJUNCTIVE RELIEF**

**&**

**PETITION FOR A WRIT OF HABEAS CORPUS**

**&**

**CONGRESSIONAL OVERSIGHT INVESTIGATION**

**&**

**EXECUTIVE CRIMINAL INVESTIGATION**

---

**COMPLAINT/PETITION**

COMES NOW, the plaintiff in the above styled action(s) and complains and alleges as follows:

**-I-**

**CONSTITUTIONAL SOVEREIGNTY**

8

1.     The plaintiff is a servant of the LORD, of the age of majority, and a citizen of the United States of America, and now here appearing hereby seeks immediate relief before this Court and, hereby invokes the sovereignty of the Ten Commandments of God, the Declaration of Independence and the Constitution of the United States of America.

-II-

**JURISDICTION AND VENUE**

2.     The plaintiff's claims arise under the Holy Bible, particularly the Ten Commandments ("Thou Shall Not Bear False Witness"; "Thou Shall Not Steal"; "Thou Shall Not Covet.. Anything That Is Thy Neighbors") and Proverbs, Chapter 11, verse 1 ("A FALSE balance is abomination to the LORD: but a just weight is his delight".), the Declaration of Independence and the United States Constitution, particularly under the provisions of Article I, sections 8, 9 and 10; Article VI, section 2; and the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments.  This case involves claims that the defendants conspired, and engaged in conduct in furtherance of that conspiracy, which violates RICO and the plaintiff's federal constitutional rights and God given liberties, guaranteed by the United States Constitution and the Laws of God Almighty.  Authority for this suit is given this Court under Title 42 USC §§ 1983, 1985, 1986, 1988 and 11601-11610, RICO Title 18 § 1964, and Title 28 USC §§ 1331, 2254, et al.  Numerous criminal acts in violation of Federal, and State Statutes give rise in support of this action. This Court also has jurisdiction over the plaintiff's common law claims, and state law claims, which arise out of the same nucleus of operative facts, as do plaintiff's federal claims according to the principles of pendant jurisdiction - which has been approved by Congress and codified.  Violations of plaintiff's federally protected rights and liberties (Tort Damages), and other federal crimes, have occurred in the State of New Hampshire, the State of Florida, the State of Ohio, Canada and the District of Columbia.  The plaintiff was forced to move from the State of New Hampshire more than once based on the defendants' illegal actions and harassment – identified herein in part, thus venue is properly placed with this Court.  It is the plaintiff's assertion that because of i) torturous outrage, ii)  severe harassment by the defendants, iii)  threats and beatings committed by the defendants, iv)  absurd State laws, illegal process and discriminatory application of law and judicial policies that flagrantly and patently violate expressed Federal Constitutional prohibitions, and iv)  and, federal criminal acts committed by the defendants in several jurisdictions, that venue is properly placed in this court where the safety of the plaintiff and the interest of justice would be assured.  All proceedings "only tangentially" relate to the plaintiff's concluded domestic relations' dispute and all State court process is ineffective, has been exhausted, and is moot as a matter of law.  Further, the entire domestic relations case is based on corruption involving the state courts (including the states highest court), fraud and other serious federal criminal violations committed against the plaintiff by the defendants and therefore, federal abstention is not a viable legal option in this case. Before this Court entertains a motion to dismiss, it should consider the United States Supreme Court's holding in *Henderson v. United States*, No. 95-232 (Decided May 20, 1996) [U.S. Reports citation not yet available]; *Younger v. Harris*, 401 U.S. 37 (1971); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)  [490 U.S. 331; *Roe v. Wade*, 410 U.S. 113 (1973); *Moore*

*v. Sims*, 442 U.S. 415 (1979); and *Deakins v. Monaghan*, 484 U.S. 193 (1988).  Further, the doctrine of equitable abstention does not apply in this case were the plaintiff specifically alleges that the defendants, while at all times acting under color of state authority "unreasonably seized" his minor child, Sarah Ann Rondeau, from his lawful physical custody, care, nurture and protection absent the "heightened due process protections" and "equal protection of law"  guaranteed to him by the Constitution of the United States in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the U.S. Constitution; and illegally transported said child, said child being a minor of tender years, over an International border and placed her in an obvious dangerous environment involving a convicted pedophile  who is also a member of a white supremacy organization – all of which caused serious physical and emotional injury and substantial ongoing pain and suffering and financial hardship to the plaintiff and his loved ones.  Further, in light of the substantial conflicts of interest that exist, and the substantial "abuse of process", which includes judicial officials in the New Hampshire Supreme Court, this matter can not legally be decided in an impartial manner within the First Circuit's venue.  These illegal acts were all done in violation of clearly established judicial decisions contrary to the doctrine of "stare decisis". The following authorities give support to this Court's Jurisdiction and grounds for immediate federal government intervention;  *Santosky v. Kramer*, 455 U.S. 745, (1982); *Francis Long v. Helen Long*, 136 N.H. 25 (1992) ("One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process"); *Armand Aubert v. Jean Aubert*, 129 N.H. 422 (1987) ("A prior divorce decree does not act as a bar to a subsequent civil action in tort, since a civil action in tort is fundamentally different from a divorce proceeding and is not the same "cause of action" for res judicata purposes); *Hooks v. Hooks*, 771 F 2d 935 (1985, CA 6 Tenn); *Bell v. City of Milwaukee*, 746 F 2d 1205; U.S. Ct App 7th Cir WI (1984); *Friedrich v. Friedrich*, 983 F.2d 1396, and at 1400 (6th Cir.1993), Electronic Citation: 1996 FED App. 0085P (6th Cir.); *Mitchum v. Foster*, 407 U.S. 225 (1972); *Nichols v. Schubert*, 499 F.2d 946 (CA7 1974); *Haines v. Kerner*, 429 U.S. 97, 112;  *White v. Rochford*, 592 F 2d 381 (1979, CA 7 Ill); *Martin v. Covington*, 541 F Supp 803 (1982, ED KY); *Jensen v. Conrad*, 570 F Supp 114 (1983, DC, SC); *Rubocha v. Coler*, 607 F Supp 477 (1985, ND Ill).  Further, jurisdiction and venue is properly placed in this matter where the plaintiff presents claims that the defendants illegally used the state and federal courts within the First Circuit's venue in violation of the Bill of Rights, the Fourteenth Amendment, Article VI, et al., of the Constitution of the United States, and Title 18 U.S.C. § 241, 242, 1201, et al., and engaged in Racketeering activity in violation of Title 18 U.S.C. § 1961, et seq.  See *Republic of Panama, 119 F. 3d at 948*; *ESAB Group, Incorporated v. Centricut, Incorporated, Thomas Aley, et al.*, No. 96-2504 (4th Cir. 1997); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993); *Oetiker v. Jurid Werke, G.m.b.H.*, 556 F.2d 1, 4-5 (D.C. Cir. 1977); *Robinson v. Penn Central Co.*, 484 F.2d 553, 555 (3rd Cir. 1973); *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris, Inc.*, 23 F. Supp. 2d 796, 802 (N. D. Ohio 1998); *Obee v. Teleshare, Inc.*, 725 F. Supp. 913, 915 (E. D. Mich. 1989); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320 (6th Cir. 1993); et al.

3.     This case involves vital questions of civil rights and federal constitutional protections important to many U.S. Citizens of similar circumstances throughout this nation, thus

abstention should not be considered. Exception to the abstention doctrine justly lies in this cause as plaintiff challenges state action, the actions and conduct of state officials, and others, where such action and conduct under "color of law and state authority" encroaches on fundamental civil liberties and federally guaranteed constitutional rights, and violates federal law, including the federal criminal code, and state and federal constitutions. Plaintiff urges the Court to take particular concern since the State system has been unwilling and/or unable to protect and enforce those rights as required by the United States Constitution and laws. Plaintiff avers that the State of New Hampshire has breached its obligation and duty to protect the civil rights and liberties of United States Citizens; under the New Hampshire Constitution, the United States Constitution, the Declaration of Independence, and God's Commandments, et al. By such breaches of its official duties, and in light of the criminal acts committed by the defendants named herein, the State of New Hampshire has waived any immunity it might have had and surrendered jurisdiction to the federal courts. Further, this action is brought under the "expressly authorized" exception of Title 42 § 1983 to Title 28 § 2283 anti-injunction provision for equitable relief. Plaintiff avers that this complaint, petition for writ of habeas corpus, et al., would be improperly placed in the state courts as the State's highest court has unreasonably, and repeatedly, failed to uphold the Constitution and laws of the United States; and corrupt state and federal officials have routinely conspired to deprive the plaintiff of his Federal Constitutionally Guaranteed Rights and Liberties based primarily on Corruption in the New Hampshire Bar Association, personal prejudice, political patronage, and personal financial considerations.

4.     Even a claim that plaintiff's Complaint, et al., might be resolved under the due process clause of the States Constitution would not be grounds for abstention in this case. The Court should further find reason to assume jurisdiction in light of the corruption, fraud and intimidation tactics used by the State's Judiciary, law enforcement officials and others; which involve threats and physical assault, false arrest and imprisonment, kidnapping, falsification of police and court records, mail fraud, conspiracy to defraud the federal government, defrauding the federal government, interference with custody, illegally using the state court's to harass and commit federal crimes against the petitioner and his family, illegal interference with numerous other personal liberties, and other serious crimes against the People of the United States and their government, all with the design to obstruct the plaintiff from bringing forth the exercise of his State and Federal Constitutional rights and God given Liberties, particularly concerning his "parent-child" liberty interest.

5.     The Court should not hold this pro se litigant's pleadings to the same high standards of perfection of lawyers. If faced with a motion to dismiss, the Court should give plaintiff's complaint/petition and pleadings especially lenient consideration so that before the Court erroneously dismisses this complaint/petition, of this In Propria Persona plaintiff he can be given a fair and meaningful opportunity to further particularize his claims and offer additional evidence concerning all defendants named herein. The Federal Courts have related that In Propria Persona Civil Rights pleadings are to be liberally construed. See *Haines* [429 U.S. 97, 112]; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Dioguardi v. Durning*, 139 F.2d 774 (CA2 1944)." 404 U.S., at 520-521; *Nichols v. Schubert*, 499 F.2d 946 (CA7 1974), et al.

-III-

**PARTIES**

## 6. PLAINTIFF:

6.1     Plaintiff, Kevin Rondeau (DOB March 1, 1966), hereinafter referred to as the "plaintiff", sues personally; individually and collectively. The plaintiff is the natural father of Sarah Rondeau (DOB June 8, 1989), hereinafter referred to as the "child".

7.     At all times pertinent to this complaint, the defendants, each of them, while acting in the capacities described and in doing the things hereafter set forth, were acting under color of alleged state and federal authority, statutes, rules, and practices in violation of the Declaration of Independence, and the Constitution, laws and treaties of the United States of America.

## 8. DEFENDANTS:

8.1     Defendant, the Internal Revenue Service, was at all times material to this Complaint. This suit and petition for redress against the United States Government is brought pursuant to all applicable federal authority including the Declaration of Independence and the United States Constitution. The United States Government is sued in cause for corruption, fraud involving federal monies, kidnapping, interference with religious freedom, racketeering and its illegal participation in covering up state and federal crimes committed against the plaintiff by state and federal officials acting under color of state authority in violation of their sworn oaths and official federal duties.  It is alleged herein that "under color of law" the United States government, by and through a member, principal, partner or agent of said government, participated in or directed the alleged violations of the plaintiff's Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant the United States government is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.2     Defendant, Mark W. Everson, Commissioner for the Internal Revenue Service, was at all times material to this Complaint.  This suit in tort and petition for redress against Mark W. Everson is brought pursuant to all applicable federal authority including the Declaration of Independence and the United States Constitution.  Everson is sued in cause for corruption, fraud involving federal monies, kidnapping, interference with religious freedom, racketeering and his illegal participation in covering up and/or promoting state and federal crimes committed against the plaintiff by Catholics, state and federal officials, et al., acting under color of state authority in violation of his sworn oath and official federal duties.  It is alleged herein that, "under color of New Hampshire Non-Parent Visitation & Custody laws", the United States government, by and through Commissioner Everson, who is a member, principal, partner or agent of said government, participated in or directed the alleged violations of the plaintiff's State & Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was

the direct or proximate cause of the plaintiff's injury and cause for relief.  Defendant the United States government is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).  It is further alleged that Everson, by virtue of his position as Commissioner for the IRS, has a duty to protect the rights of all citizens of the United States and to enforce the federal constitution and laws equally and fairly, with prejudice towards none.  The plaintiff avers that Everson failed to protect the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and pain and suffering.  The defendant is sued for breach of his federal duty.

8.3     Defendant, the New Hampshire Supreme Court, was at all times material to this Complaint. This suit and petition for redress against the New Hampshire Supreme Court is brought pursuant to all applicable federal authority including the Declaration of Independence and the United States Constitution.  The New Hampshire Supreme Court is sued in cause for public corruption, fraud involving federal monies, kidnapping, interference with religious freedom, illegally using federal monies to promote the interest of Catholics and/or the Catholic Church, racketeering and its illegal participation in covering up state and federal crimes committed against the plaintiff by state and federal officials acting under color of state authority in violation of their sworn oaths and official federal duties. It is alleged herein that "under color of law" the New Hampshire Supreme Court, by and through a member, principal, partner or agent of said branch, participated in or directed the alleged violations of the plaintiff's Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief.  Defendant the New Hampshire Supreme Court is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.4     Defendant, John T. Broderick Jr., NH Supreme Court Chief Justice, was at all times material to this Complaint.  It is alleged that Broderick fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that Broderick personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Broderick is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Broderick, by virtue of his position as NH Supreme Court Chief Justice, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none.  The plaintiff

avers that Broderick failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.5      Defendant, Linda S. Dalianis, NH Supreme Court Senior Associate Justice, was at all times material to this Complaint. It is alleged that Dalianis fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that Dalianis personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprive the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Dalianis is sued individually and in her official capacity wherein it is alleged that she subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent or aid in preventing same, neglected or refused to do that which she by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Dalianis, by virtue of her position as NH Supreme Court Senior Justice, has a duty to protect the rights of all citizens of the United States, within her respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none. The plaintiff avers that Dalianis failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of her official state and federal duties.

8.6      Defendant, James E. Duggan, NH Supreme Court Associate Justice, was at all times material to this Complaint. It is alleged that Duggan fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that Duggan personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Duggan is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable

diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Duggan, by virtue of his position as NH Supreme Court Associate Justice, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none.  The plaintiff avers that Duggan failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.7    Defendant, Richard E. Galway, NH Supreme Court Associate Justice, was at all times material to this Complaint.  It is alleged that Galway fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that Galway personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Galway is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Galway, by virtue of his position as NH Supreme Court Associate Justice, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none.  The plaintiff avers that Galway failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.8    Defendant, Gary E. Hicks, NH Supreme Court Associate Justice, was at all times material to this Complaint.  It is alleged that Hicks fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that Hicks personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Hicks is sued

individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Hicks, by virtue of his position as NH Supreme Court Associate Justice, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none. The plaintiff avers that Hicks failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.9     Defendant, David A. Brock, former NH Supreme Court Chief Justice, was at all times material to this Complaint. It is alleged that Brock fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that Brock personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Brock is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Brock, by virtue of his position as NH Supreme Court Associate Justice, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none. The plaintiff avers that Brock failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.10    Defendant, Joseph P. Nadeau, former NH Supreme Court Associate Justice, was at all times material to this Complaint. It is alleged that Nadeau fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of

state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that Nadeau personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Nadeau is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Nadeau, by virtue of his position as NH Supreme Court Associate Justice, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none. The plaintiff avers that Nadeau failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.11    Defendant, Bruce R. Larson, Special Justice, was at all times material to this Complaint. It is alleged that Larson fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire law including a Landlord Tenant Writ. It is further alleged that Larson personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Larson is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that Larson, by virtue of his position as NH Special Justice, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce the federal constitution and laws equally and fairly, with prejudice towards none. The plaintiff avers that Larson failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.12    Defendant, Sharon N. DeVries, Rockingham County Family Division Judge, was at all
times material to this Complaint.  It is alleged that DeVries fraudulently authorized and/or
allowed federal monies to be illegally used to undermine and deprive the plaintiff of his
federal constitutional rights and liberties absent "due process" and the "equal protection" of
state and federal law, under color of the Child Protection Act, a Landlord Tenant Writ, and
New Hampshire Non-Parent Visitation & Custody Laws that had been repealed by the
Legislature.  It is alleged that DeVries knowingly acted completely without jurisdiction and
illegally entered ex-parte orders with the intent of depriving the plaintiff of his state and
federal constitutional rights and God given liberties.  It is further alleged that DeVries
personally allowed federal monies to be used illegally to promote the interest of the KKK,
Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal
constitutional rights and liberties absent "due process" and the "equal protection" of law in
violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  DeVries is sued
individually and in her official capacity wherein it is alleged that she subjected and caused the
deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.
That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC §
1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid
in preventing the same, neglected or refused to do that which she by reasonable diligence
could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury
and causes for relief. It is further alleged that DeVries, by virtue of her position as
Rockingham County Family Division Judge, has a duty to protect the rights of all citizens of
the United States, within her respective jurisdiction, and to enforce the federal constitution
and laws equally and fairly, with prejudice towards none.  The plaintiff avers that DeVries
failed to protect and enforce the plaintiff's federal constitutional rights and denied him "due
process" and the "equal protection" of state and federal law which caused the plaintiff
substantial personal injury, financial hardship and ongoing pain and suffering.  The named
defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach
of her official state and federal duties.

8.13    Defendant, the NEW HAMPSHIRE BAR ASSOCIATION (Family Law Practice
members only), was at all times material to this cause.  An incorporated association made up
of Lawyers, Clerks, Judges, Guardian ad Litems, Casa Workers, and numerous local, County,
and State Officials, as well others is sued individually and collectively wherein it is alleged
that "under color of state and federal law" the association by and through a member,
principal, partner or agent of said association, participated in or directed the alleged
violations of Plaintiff's federal rights and further, that the specific influence or acts of its
officer(s), Principal(s), partner(s), or member(s) was the direct or proximate cause of the
plaintiff's injury and cause for relief.  Defendant NEW HAMPSHIRE BAR ASSOCIATION
is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).  It is alleged
that the NEW HAMPSHIRE BAR ASSOCIATION defrauded the plaintiff, the United States
Tax Payer and the federal government of substantial monies in furtherance of the crimes
represented herein.

8.14    Defendant, NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN
SERVICES, an agency of the State of New Hampshire, was at all times material to this
Complaint. The defendant, NEW HAMPSHIRE DEPARTMENT OF HEALTH AND
HUMAN SERVICES is sued in cause for its willful participation in the deprivation of civil
rights guaranteed by the Constitution of the United States wherein it is alleged that "under
color of law" the agency, by and through a member, principal, partner or agent of said
agency, participated in or directed the alleged violations of Plaintiff's rights and further, that
the specific influence or acts of its officer(s), Principal(s), partner(s), or member(s) was the
direct or proximate cause of the plaintiff's injury and cause for relief.  Defendant, NEW
HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES is a "person" and
an "enterprise" within the meaning of Title 18 § 1961 (3) (4). It is alleged that NEW
HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES defrauded the
United States Tax Payer and the federal government of substantial federal monies in
furtherance of the federal crimes represented herein.

8.15    Defendant, John A. Stephen, Commissioner of NEW HAMPSHIRE DEPARTMENT OF
HEALTH AND HUMAN SERVICES, was at all times material to this Complaint.  It is
alleged that said defendant fraudulently authorized and/or allowed federal monies to be
illegally used to undermine and deprive the plaintiff of his federal constitutional rights and
liberties absent "due process" and the "equal protection" of state and federal law, under color
of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said
defendant personally allowed federal monies to be used illegally to promote the interest of
Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal
constitutional rights and liberties absent "due process" and the "equal protection" of law in
violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is
sued individually and in his official capacity wherein it is alleged that he subjected and
caused the deprivation of plaintiff's civil rights and privileges secured by the United States
Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in
42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent
and/or aid in preventing the same, neglected or refused to do that which he by reasonable
diligence could have prevented.  The defendant was the direct or proximate cause of
plaintiff's injury and causes for relief.  It is further alleged that said defendant, by virtue of his
official government position, has a duty to protect the rights of all citizens of the United
States, within his respective jurisdiction, and to enforce state and federal constitutions and
laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant
failed to protect and enforce the plaintiff's state and federal constitutional rights and denied
him "due process" and the "equal protection" of state and federal law which caused the
plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The
named defendant is sued for conspiracy against federally secured rights, corruption, fraud and
breach of his official state and federal duties.

8.16    Defendant, Maggie Bishop, Director of the Division for Children, Youth and Families,
was at all times material to this Complaint.  It is alleged that said defendant fraudulently
authorized and/or allowed federal monies to be illegally used to undermine and deprive the
plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal

protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued individually and in her official capacity wherein it is alleged that she subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which she by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of her official government position, has a duty to protect the rights of all citizens of the United States, within her respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of her official state and federal duties.

8.17    Defendant, Denise Gallagher, Counsel for the Division for Children, Youth and Families, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued individually and in her official capacity wherein it is alleged that she subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which she by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of her official government position, has a duty to protect the rights of all citizens of the United States, within her respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of her official state and federal duties.

8.18   Defendant, Mathew Garthwait, MSW for the Division for Children, Youth and Families, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none. The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.19   Defendant, Exeter District Court Judge Cullen, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none. The plaintiff avers that said defendant

failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.20    Defendant, the TOWN OF STRATHAM was at all times material to this Complaint. This suit and petition for redress against the Town of Stratham is brought pursuant to God's Ten Commandments and all applicable federal authority including the Racketeer Influenced Corrupt Organizations Act, the Declaration of Independence and the United States Constitution. The Town of Stratham is sued in cause for corruption, fraud involving federal monies, conspiracy against rights, kidnapping, corrupting a minor, sexual exploitation of a child, interference with religious freedom, criminal threatening, racketeering, and its illegal participation in conspiring and depriving the plaintiff of his state and federal constitutional rights and liberties; all crimes against the plaintiff in violation of the United States Criminal Code, et al. It is alleged herein that "under color of law" the Town of Stratham, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant the Town of Stratham is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.21    Defendant, Michael Daley, Chief of Police for the Town of Stratham, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Daley is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. It is alleged that Daley illegally directed and/or allowed his officers, all named defendants herein, to harass, threaten and otherwise interfere with the plaintiff's federal right to meaningful communication with his minor child for the purpose of illegally destroying the plaintiff's "parent-child" liberty interest. It is further alleged that Daley conspired with his officers and others, all named as defendants herein, and falsified official government documents, used in state courts, in violation of state and federal law and otherwise attempted to fabricate a criminal case against the plaintiff after the plaintiff attempted to exercise his state and federal constitutional right to communicate with his minor child by mail and telephone. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause

of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.22    Defendant, Lt., Wood, Stratham PD, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.23    Defendant, Patrolman James Call, Stratham PD, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued individually and in his official capacity wherein it is alleged that he

subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none. The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.24 Defendant, Sgt., Pierce, Stratham PD, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none. The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.25 Defendant, Patrolman Emerson, Stratham PD, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said

defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none. The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.26   Defendant, Rachel Rondeau, former New Hampshire Corrections Officer, was at all times material to this Complaint. Rachel Rondeau (hereinafter "Rachel") is the plaintiff's mother and the common law wife and partner in real estate with convicted pedophile Kenneth Riley. Rachel is a twenty-year veteran employee of New Hampshire State government. In the mid 1970's she began employment with defendant NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES where she worked at the New Hampshire State Hospital as a Communications officer - wherein she dispatched for all state agencies. In the late 1980's, she began employment with the New Hampshire Department of Corrections where she worked as a Corrections officer at the New Hampshire State Prison System in Concord and Goffstown, New Hampshire. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued individually and in her official capacity wherein it is alleged that she subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which she by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of her official government position, had a duty to protect the rights

of all citizens of the United States, within her respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none. The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of her official state and federal duties.

8.27    Defendant, Jacqueline C. Hersey, the youngest sister of Rachel Rondeau, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued individually wherein it is alleged that she subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which she by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.28    Defendant, Richard E. Rondeau, the eldest son of defendant Rachel Rondeau, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of the KKK, the Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued individually wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.29    Defendant, the CITY OF PORTSMOUTH was at all times material to this Complaint. This suit and petition for redress against the City of Portsmouth is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO). The City of Portsmouth is sued in cause for corruption, fraud involving federal monies, conspiracy against rights, kidnapping, interference with religious freedom, corrupting a minor, threats and assault involving the illegal use of a firearm by a police officer, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al. It is alleged herein that "under color of law" the City of Portsmouth, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant the City of Portsmouth is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.30    Defendant, Michael J. Magnant, Chief of Police for the City of Portsmouth, was at all times material to this Complaint. Magnant is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and liberties secured by the United States Constitution. It is alleged that Magnant illegally conspired with the other defendants named herein, in violation of 18 USC § 241, and then illegally directed and/or allowed law enforcement officials and others to illegally harass, threaten and detain the plaintiff in violation of the United States Constitution and laws. It is further alleged that Magnant by and through his officers illegally fabricated official police reports and attempted to fabricate additional evidence against the plaintiff; all with the intent to deprive the plaintiff of his state and federal constitutional rights and liberties. This process included witness tampering and/or false statements by a person unknown to the plaintiff and included participation by defendant Lt., Wood of the Statham PD, et al. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power to prevent or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief.

8.31    Defendant, the CITY OF ROCHESTER, was at all times material to this Complaint. This suit and petition for redress against the City of Portsmouth is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO). The City of Portsmouth is sued in cause for corruption, fraud involving federal monies, conspiracy against rights, kidnapping, interference with religious freedom, corrupting a minor, threats and assault involving the illegal use of a firearm by a police officer, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al. It is alleged herein that "under color of law" the City of Portsmouth, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's Constitutional rights and liberties and further, that the specific influence or acts of its

officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief.  Defendant the City of Portsmouth is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.32    Defendant, David Dubois, Chief Of Police for the City Of Rochester, was at all times material to this Complaint.  Dubois is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and liberties secured by the United States Constitution.  It is alleged that Dubois illegally conspired with the other defendants named herein, in violation of 18 USC § 241, and then illegally directed and/or allowed law enforcement officials and others to illegally harass, threaten and illegally interfere with the plaintiff's "parent-child" liberty interest and numerous other federally secured rights and liberties in violation of the United States Constitution and laws.  It is further alleged that Dubois by and through his officers illegally acted on fabricated official police reports from Stratham PD and attempted assist Statham PD to fabricate additional evidence against the plaintiff; all with the intent to deprive the plaintiff of his state and federal constitutional rights and liberties and personally property.  This process included witness tampering and/or false statements by a person unknown to the plaintiff and included participation by defendant Lt., Wood of the Statham PD, et al.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power to prevent or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of the KKK and Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.   Dubois is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. It is alleged that Dubois illegally directed and/or allowed his officers and Trooper Kenneth Phoenix (a former Rochester Police officer and personal friend), all named defendants herein, to harass, threaten and otherwise interfere with the plaintiff's federal right to meaningful communication with his minor child for the purpose of illegally destroying the plaintiff's "parent-child" liberty interest.  It is further alleged that Dubois conspired with his officers and others, all named as defendants herein, and falsified official government documents, potentially used and used in the state courts, in violation of state and federal law and otherwise attempted to fabricate a criminal case against the plaintiff after the plaintiff attempted to exercise his state and federal constitutional right to care, custody and control of his minor child.  The plaintiff alleges that defendant Dubois illegally used his position as Chief of Police to have the plaintiff evicted from his apartment, to interfere with the plaintiff's right to receive housing assistance, to interfere with the plaintiff's mail, vehicle registration, state and federal voting rights, federal income tax filings and relief, and, right to

prepare and run for public office, both state and federal.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.33    Defendant, the Town of Nottingham, was at all times material to this Complaint. This suit and petition for redress against Nottingham is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO).  The Town of Nottingham is sued in cause for corruption, fraud involving federal monies, conspiracy against rights, kidnapping, interference with religious freedom, corrupting a minor, illegal threats by a police officer, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al.  It is alleged herein that "under color of law" the Town of Nottingham, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's State and Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant, the Town of Nottingham, is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.34    Defendant, Philip English, Chief of Police for the Town of Nottingham, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. English is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  It is alleged that English illegally directed and/or allowed his officers, all named defendants herein, to harass, threaten and otherwise interfere with the plaintiff's federal right to meaningful communication with his minor child for the purpose of illegally destroying the plaintiff's "parent-child" liberty interest.  It is further alleged that English

conspired with his officers and others, all named as defendants herein, and falsified official government documents, potentially used in the state courts, in violation of state and federal law and otherwise attempted to fabricate a criminal case against the plaintiff after the plaintiff attempted to exercise his state and federal constitutional right to care, custody and control of his minor child.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.35    Defendant, Brian M. Spagna, Senior Patrolman for the Nottingham PD, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Spagna is sued personally and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  It is alleged that Spagna illegally used his position as a police officer and did harass, threaten and otherwise interfere with the plaintiff's federal right to meaningful communication with his minor child for the purpose of further illegally destroying the plaintiff's "parent-child" liberty interest.  It is further alleged that Spagna conspired with others, all named as defendants herein, and falsified official government documents, potentially used in the state courts, in violation of state and federal law and otherwise attempted to fabricate a criminal case against the plaintiff after the plaintiff attempted to exercise his state and federal constitutional right to care, custody and control of his minor child.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant

failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of his official state and federal duties.

8.36    Defendant, Ryan Delisle, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued personally wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.37    Defendant, Maurice Delisle, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued personally wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.38    Defendant, New Hampshire Association of Chiefs of Police, was at all times material to this Complaint. Said defendant is directly associated with defendants Magnant, English, Dubois and Dailey.  This suit and petition for redress against said defendant is brought

pursuant to God's Ten Commandments and all applicable federal authority including 42 U.S.C. § 1983, the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO). Said defendant is sued in cause for corruption, fraud involving federal monies, conspiracy against Constitutionally secured rights and Liberties, kidnapping, child trafficking, illegal secreting of minor children from their parents, illegal interference with family privacy and integrity, illegal interference with religious freedom, corrupting a minor, illegal threats a police officer, falsification of official government documents maintained and/or accessed by the Department of Homeland Security, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al. It is alleged herein that "under color of law" said defendant, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's State and Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant, New Hampshire Association of Chiefs of Police, is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.39   Defendant, New Hampshire Police Standards And Training Council, was at all times material to this Complaint. Said defendant is directly associated with defendant Magnant, et al. This suit and petition for redress against said defendant is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO). Said defendant is sued in cause for malfeasance, misfeasance, gross negligence, providing inadequate training, promoting illegal policies and procedures, corruption, fraud involving federal monies, conspiracy against Constitutionally secured rights and Liberties, promoting police manipulation of families and illegal secreting of minor children from their parents, illegal interference with family privacy and integrity, illegal interference with religious freedom, corrupting a minor, illegal threats by police officers, falsification of official government documents maintained and/or accessed by the Department of Homeland Security, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al. It is alleged herein that "under color of law" said defendant, by and through a member, principal, partner or agent of said firm, participated in and/or directed the alleged violations of the plaintiff's State and Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant, New Hampshire Police Standards And Training Council, is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.40   Defendant, Michael J. Carroll Attorney At Law, was at all times material to this Complaint. Said defendant is directly associated with defendant New Hampshire Bar Association, Michael J. Carroll, Rachel Rondeau, et al. This suit and petition for redress against said defendant is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO). Said defendant is sued in

cause for malfeasance, misfeasance, gross negligence, providing inadequate training, promoting illegally policies and procedures, corruption, fraud involving federal monies, conspiracy against Constitutionally secured rights and Liberties, promoting police manipulation of families and illegal secreting of minor children from their parents, illegal interference with family privacy and integrity, illegal interference with religious freedom, corrupting a minor, illegal threats by police officers, falsification of official government documents maintained and/or accessed by the Department of Homeland Security, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al. It is alleged herein that "under color of law" said defendant, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's State and Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant, Michael J. Carroll Attorney At Law, is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.41    Defendant, Michael J. Carroll, Esquire, was at all times material to this Complaint. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws. It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Said defendant is sued personally wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.42    Defendant, Shaines & McEachern Professional Association, was at all times material to this Complaint. Said defendant is directly associated with defendant New Hampshire Bar Association, Robert Shaines, Rachel Rondeau, et al. This suit and petition for redress against said defendant is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO). Said defendant is sued in cause for malfeasance, misfeasance, gross negligence, providing inadequate training, promoting illegally policies and procedures, corruption, fraud involving federal monies, conspiracy against Constitutionally secured rights and Liberties, promoting police manipulation of families and illegal secreting of minor children from their parents, illegal interference with family privacy and integrity, illegal interference with religious freedom, corrupting a minor,

illegal threats by police officers, falsification of official government documents maintained and/or accessed by the Department of Homeland Security, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al.  It is alleged herein that "under color of law" said defendant, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's State and Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief. Defendant, Shaines & McEachern Professional Association, is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.43     Defendant, Robert Shaines, Esquire, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued personally wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.44     Defendant, Law Offices Of Edward W. Richards & Associates, was at all times material to this Complaint. Said defendant is directly associated with defendant New Hampshire Bar Association, Rachel Rondeau, et al. This suit and petition for redress against said defendant is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO).  Said defendant is sued in cause for malfeasance, misfeasance, gross negligence, providing inadequate training, promoting illegally policies and procedures, corruption, fraud involving federal monies, conspiracy against Constitutionally secured rights and Liberties, promoting police manipulation of families and illegal secreting of minor children from their parents, illegal interference with family privacy and integrity, illegal interference with religious freedom, corrupting a minor, illegal threats by police officers, falsification of official government documents maintained and/or accessed by the Department of Homeland Security, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al.  It is alleged herein that "under color of law" said defendant, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the

plaintiff's State and Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief.  Defendant, New Hampshire Police Standards And Training Council, is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.45    Defendant, Edward W. Richards, was at all times material to this Complaint.  It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued personally wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.46    Defendant, the New Hampshire Civil Liberties Union, was at all times material to this complaint.  This suit and petition for redress against said defendant is brought pursuant to God's Ten Commandments and all applicable federal authority including the Declaration of Independence, the United States Constitution and the Racketeer Influenced Corrupt Organizations Act (RICO).  Said defendant is sued in cause for malfeasance, misfeasance, gross negligence, promoting illegal government policies and procedures, corruption, fraud involving federal monies, discrimination against fathers based on gender and age, violation of Charter, conspiracy against Constitutionally secured rights and God Given Liberties, promoting police manipulation of families and illegal secreting of minor children from their parents, illegal interference with family privacy and integrity, illegal interference with religious freedom, corrupting a minor, covering up of illegal threats by police officers, falsification of official government documents maintained and/or accessed by the Department of Homeland Security, racketeering and its illegal participation in committing state and federal crimes against the plaintiff in violation of the United States Criminal Code, et al.  It is alleged herein that "under color of law" said defendant, by and through a member, principal, partner or agent of said firm, participated in or directed the alleged violations of the plaintiff's State and Federal Constitutional rights and liberties and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's injury and cause for relief.  Defendant, New Hampshire Police Standards And Training Council, is a "person" and an "enterprise" within the meaning of Title 18 § 1961 (3) (4).

8.47    Defendant, Claire Ebel, Executive Director of the New Hampshire Civil Liberties Union, was at all times material to this Complaint.  Said defendant is directly associated with defendant New Hampshire Bar Association as a partner and/or member, et al. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used (fraud) to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Said defendant is sued personally wherein it is alleged that she subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which she by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, et al.

8.48    Defendant, the New Hampshire legislature, was at all times material to this complaint.  It is alleged that members of the New Hampshire legislature conspired with the other defendants named herein, and did illegally pass retrospective legislation on behalf of these named defendants in an attempt to protect them from federal prosecution for having acted absent legislative authorization and/or in violation of the U.S. Const., and laws.  It is alleged that the New Hampshire legislature comprises of mostly simple minded persons, related to police officials, who do not understand and/or respect basic principals such as "personal privacy", "marriage and religious freedom", "due process of law", "equal protection of the laws", "state prohibition", "right to speedy and public trial by impartial jury in all criminal cases", "retrospective laws prohibited", "Bill of Attainder", "ex-post facto", "parent-child liberty interest", "separation of powers", "created equal", "pursuit of happiness", et al.  It is alleged that a substantial conflict of interest exist within all three branches of New Hampshire government and that the legislature routinely disregards both state and federal constitutions and arbitrarily passes legislation that benefits bureaucratic friends and family members employed within the other two branches of government; including sub-governments and the New Hampshire Bar Association. It is alleged that the New Hampshire legislature is indifferent to the corruption, fraud, judicial activism, police manipulation, and other state and federal crimes that have taken place in regards to this matter.  It is alleged that the New Hampshire legislature has failed to establish an independent judiciary capable of competent enforcement of state and federal constitutions.  It is alleged that New Hampshire's Judiciary is set up differently from all other courts, both state and federal, and it is incapable of providing fair and impartial appellate review in a manner that complies with the Declaration of Independence and the U.S. Constitution and laws.  It is alleged that the Superior Court defendants, who are appointed exclusively by the Police controlled Executive Branch,

routinely disregard state and federal constitutions and laws, including rules of evidence, and make arbitrary findings and unreasonable rulings on a case by case basis without fear of reprisal.  The plaintiff further alleges that based on the Legislature's failure to take an active role in the appointment of State Judges, like the process Congress uses, the Judicial Branch illegally enforces unofficial policies and procedure on behalf of the Executive Branch, the New Hampshire Association Of Chiefs Of Police, the New Hampshire Police Standards And Training Council, and the New Hampshire Bar Association defendants, contrary to their official duties under the U.S. Constitution, Article IV, Section 2 ("The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states".), Article VI ("This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding".), and the Fourteenth Amendment, Section 1 ("All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".).  The Petitioner avers that all three branches of New Hampshire government have been high jacked by Defendants New Hampshire Association of Chiefs of Police, the New Hampshire Police Standards and Training Council, and the New Hampshire Bar Association and are guilty of crimes against God Almighty and the Foundation of the United States – the Nuclear Family.

8.49    Defendant, the National Republican Party, was at all times material to this complaint.  It is alleged herein that the former Republican controlled Congress recently amended the federal tax code to authorize non-parents to claim federal tax credits on behalf of other people's minor children.  The plaintiff alleges that these laws discriminate against natural parents, fail to offer any "due process" protections to the "parent-child" liberty interest and are facially unconstitutional under the Declaration of Independence and the Constitution of the United States.  The Congress clearly acted recklessly and with malice when it passed said legislation.  The federal tax laws do not provide equal protection for all tax payers, but instead relies on individual State Non-Parent Visitation and Custody laws, and does not provide for a uniform federal review process adequate to ensure equal treatment under the law and therefore, the current tax code as applied to the plaintiff violates his federal rights under the Fourteenth Amendment.  Furthermore, even assuming arguendo that the amended federal tax code is facially valid, it was unconstitutionally applied to the plaintiff in this case.

8.50    Defendant, Trooper Kenneth Phoenix, was at all times material to this complaint.  Defendant, Kenneth Phoenix is employed as a NH State Trooper.  He was formerly employed as a Police officer for the City Of Rochester, and was at all times material to this Complaint.  Phoenix is sued individually, privately and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and liberties secured by the United States Constitution.  It is alleged that Phoenix illegally conspired with the other defendants named herein, in violation of 18 USC § 241, and then illegally directed and/or

allowed law enforcement officials and others to illegally harass, threaten and illegally interfere with the plaintiff's "parent-child" liberty interest and numerous other federally secured rights and liberties in violation of the United States Constitution and laws.  It is further alleged that Phoenix illegally acted on falsified police and court reports with the intent to further deprive the plaintiff of his state and federal constitutional rights and liberties. That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power to prevent or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented. The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is alleged that said defendant fraudulently authorized and/or allowed federal monies to be illegally used to undermine and deprive the plaintiff of his federal constitutional rights and liberties absent "due process" and the "equal protection" of state and federal law, under color of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said defendant personally allowed federal monies to be used illegally to promote the interest of the KKK and Catholics and/or the Catholic Church and deprived the plaintiff of his state and federal constitutional rights and liberties absent "due process" and the "equal protection" of law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.  Phoenix is sued individually and in his official capacity wherein it is alleged that he subjected and caused the deprivation of plaintiff's civil rights and privileges secured by the United States Constitution.  It is alleged that Phoenix illegally acted under the direction of NH Supreme Court Defendants, Dubois, et al, all named defendants herein, to harass, threaten and otherwise interfere with the plaintiff's federal right to meaningful communication with his minor child for the purpose of permanently destroying the plaintiff's "parent-child" liberty interest.  It is further alleged that Phoenix conspired with Dubois and his officers and others, all named as defendants herein, and falsified official government documents, potentially used and used in the state courts, in violation of state and federal law and otherwise has fabricated a criminal case against the plaintiff after the plaintiff attempted to exercise his state and federal constitutional right to care, custody and control of his minor child.  The plaintiff alleges that defendant Phoenix illegally used his position as NH State Trooper to have the plaintiff evicted from his apartment, to interfere with the plaintiff's right to receive housing assistance, to interfere with the plaintiff's mail, vehicle registration, state and federal voting rights, federal income tax filings and relief, and, right to prepare and run for public office, both state and federal.  That he, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which he by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of his official government position, has a duty to protect the rights of all citizens of the United States, within his respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law which caused the plaintiff substantial personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud, false imprisonment and breach of his official state and federal duties.

8.51   Defendant, Carroll Shea-Porter, hereinafter Shea-Porter was at all times material to this
complaint. Defendant Shea-Porter is employed as NH Congresswoman.   Shea-Porter is sued
personally, individually and collectively wherein it is alleged that she subjected and caused
the deprivation of plaintiff's civil rights and liberties secured by the United States
Constitution and laws.  It is alleged that Shea-Porter conspired with the other defendants
named herein, in violation of 18 USC § 241, and then illegally directed and/or allowed law
enforcement officials and others to illegally harass, threaten and illegally interfere with the
plaintiff's "parent-child" liberty interest and numerous other federally secured rights and
liberties in violation of the United States Constitution and laws.  It is further alleged that
Shea-Porter unreasonably refused to provide the plaintiff representation ethically before
Congress and to render personal aid in attempt to expose public corruption and fraud
involving the illegal use of federal funds and on other issues of national importance that
affect all families despite the plaintiff's proper written requests.  She has herself committed
fraud and ethics violations by aiding the defendants by concealing fraud and making false
allegations against the plaintiff in her attempt to justify her malfeasance.  Defendant Shea-
Porter claims that the plaintiff committed an undisclosed federal crime by recording his
personal telephone conversations with federal officials acting in their official capacities in
government proceedings that involve the plaintiff directly with the intent to further deprive
the plaintiff of his state and federal constitutional rights and liberties. That she, having
knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs
about to be committed, and having the power to prevent or aid in preventing the same,
neglected or refused to do that which she by reasonable diligence could have prevented.  The
defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is
alleged that said defendant fraudulently authorized and/or allowed federal monies to be
illegally used to undermine and deprive the plaintiff of his federal constitutional rights and
liberties absent "due process" and the "equal protection" of state and federal law, under color
of New Hampshire Non-Parent Visitation & Custody laws.  It is further alleged that said
defendant personally allowed federal monies to be used illegally to promote the interest of the
KKK and Catholics and/or the Catholic Church and deprived the plaintiff of his state and
federal constitutional rights and liberties absent "due process" and the "equal protection" of
law in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments.   Shea-Porter
is sued individually and in her official capacity wherein it is alleged that she subjected and
caused the deprivation of plaintiff's civil rights and privileges secured by the United States
Constitution.  It is alleged that Shea-Porter illegally directed and/or allowed the defendants
named herein, to harass, threaten and otherwise interfere with the plaintiff's federal right to
meaningful communication with his minor child for the purpose of illegally destroying the
plaintiff's "parent-child" liberty interest.  It is further alleged that Shea-Porter conspired with
police and others, all named as defendants herein, and falsified official government
documents, potentially used and used in the state and federal courts and the Department of
Homeland Security, in violation of state and federal law and otherwise attempted to fabricate
a criminal case against the plaintiff after the plaintiff attempted to exercise his state and
federal constitutional right to care, custody and control of his minor child.  The plaintiff
alleges that defendant Shea-Porter illegally used her position as a Congresswoman to have
the plaintiff evicted from his apartment, to interfere with the plaintiff's right to receive

housing assistance, to interfere with the plaintiff's mail, vehicle registration, state and federal voting rights, federal income tax filings and relief, and, right to prepare and run for public office, both state and federal.  That she, having knowledge of the wrongs conspired to be done as alluded to in 42 USC § 1985, or wrongs about to be committed, and having the power and duty to prevent and/or aid in preventing the same, neglected or refused to do that which she by reasonable diligence could have prevented.  The defendant was the direct or proximate cause of plaintiff's injury and causes for relief. It is further alleged that said defendant, by virtue of her official government position, has a duty to protect the rights of all citizens of the United States, within her respective jurisdiction, and to enforce state and federal constitutions and laws equally and fairly, with prejudice towards none.  The plaintiff avers that said defendant failed to protect and enforce the plaintiff's state and federal constitutional rights and denied him "due process" and the "equal protection" of state and federal law by failing to effectively represent him before the Congress which caused the plaintiff substantial deprivation of federally secured rights and liberties, personal injury, financial hardship and ongoing pain and suffering.  The named defendant is sued for conspiracy against federally secured rights, corruption, fraud and breach of her official state and federal duties.

9.     The plaintiff reserves his right to further particularize his claims regarding all defendants named herein, and to add defendants to this action should further violations occur, and offer proof regarding all claims prior to dismissal and after all defendants have been served by the United States Marshall in accordance with Fed. Rule Civ. Pro. 4.  The Defendant notes that U.S. Senator Judd Gregg (NH) has not officially replied to the plaintiff's reports as of the filing of this complaint and therefore, the plaintiff specifically reserves the right to name him in this action as well should he fail to act accordingly.

-IV-

## STATEMENT OF THE CASE

10.     This is a Petition for a writ of habeas corpus and/or prohibition, and a collateral tort action for Declaratory and Injunctive relief and relief for damages and personal injuries brought by the plaintiff, who is unable to afford professional legal representation and comes before this Court In Propria Persona.  The subjects of these collateral actions are: the depravation of the Plaintiff's Federal Constitutional Rights and God granted Liberties, conspiracy to violate those rights and Liberties, and conspiracy to cover up state and federal crimes and protect State officials and others, who participated in and/or directed the deprivation of the plaintiff's federal constitutionally guaranteed rights and liberties.  Plaintiff, his family and friends, and others have undergone extraordinary harassment, intimidation, threats, physical assault and battery, international kidnapping, child molestation and other abuse and neglect, illegal imprisonment, et al., by State officials and private parties acting together with said officials – all named as defendants herein.  Plaintiff has suffered extreme mental anguish, pain and suffering in pursuit of redress for a lengthy pattern of deprivations of his rights and liberties as a result of being brutally and repeatedly subjected to malicious acts, character assignation, sexual and other abuse of a minor while in the States custody

under color of New Hampshire's Non-parent Visitation and Custody laws, legal malpractice, medical malpractice, unconstitutional searches and seizures, unreasonable seizure of a minor child and other personal property, including firearms, absent the required Constitutional safeguards guaranteed by the United States Constitution and laws, International child abduction, excessive force, assault, assault with intent to cause long term medical problems and shorten life expectancy, arbitrary incarcerations, denied right to a speedy and public trial by an impartial jury of the state and to be proven guilty beyond a reasonable doubt, denied right of appeal, denied the effective assistance of counsel, denied right of self-representation, illegal interference with family right to privacy and integrity, unreasonable seizure of the child from the plaintiff's lawful physical custody absent "due process" and the "equal protection" of state and federal law, conspiracy to deny the plaintiff of substantial Federal Constitutional rights and guaranteed liberties, et al.

11.     This case originates from extremely vague, misleading, discriminatory, intrusive, and unreasonable state laws, coupled with unofficial government policies and practices involving illegal retroactive judicial legislation, illegally applied to the plaintiff in order cover-up crimes committed against the plaintiff by the defendants and to cause further interference with the plaintiff's "parent-child" liberty interest, with the intent to cause him serious ongoing personal injuries.  The process, illegally applied by State Judicial officials in this case, unreasonably resulted in defendant Rachel, a non-parent, obtaining legal and physical custody of the plaintiff's child in Post Divorce litigation over the objection of that fit custodial parent.  The process included extensive use of ex-parte proceedings, interference with access to the state courts, falsification of official documents - including judicial records, and the application of arbitrary "free ranging" standards and procedures that are clearly repugnant to the United States Constitution.  This case includes mere allegations, criminal in nature, made by adversaries who were obviously seeking to obtain physical custody of a minor child of tender years absent legal standing, and illegal secreting of that minor child from their natural parents absent "due process" and the "equal protection" of state and federal law.  The process equates to "Judicial Assisted Child Abduction" on behalf of the government acting through third parties manipulated by the Executive Branch; Democratic Governor John Lynch at present.  The New Hampshire Supreme Court's failure to properly address the plaintiff's state and federal constitutional challenges to the state laws in question has resulted in substantial ongoing state and federal violations committed against the plaintiff, et al, the people of the United States and state and federal government.  This includes the plaintiff's right to claim the child for federal income tax purposes.  Further, the plaintiff has suffered substantial abuse, harassment, personal injuries, loss of income, illegal interference with federal income tax filings, illegal evictions from place of residence, illegal interference with custody and access to his child, and complete destruction of his parent-child liberty interest and right of the pursuit of happiness, in retaliation for seeking enforcement of his state and federal constitutional rights and liberties.

12.     This case presents issues of fundamental importance concerning the scope of federal constitutional protections guaranteed to the "parent-child" liberty interest under the First, Fourth, Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments to the U.S. Constitution and, the contravening effect that the application of New Hampshire's RSA 458:17-d (Grandparent

visitation), RSA 458:17, paragraph VI (Non-parent custody) and RSA 461-A (Parental Rights and Responsibilities) has to this liberty interest and to a parent's right to claim their children as dependents for federal income tax purposes. In this case the defendants illegally conspired and interfered with the plaintiff's federal income tax filings from 1989 to present. In a series of decisions the New Hampshire Supreme Court, along with lower state courts, has wrongfully worked to promote the fascist-socialistic idea that a government has the authority to seize custody of children from their natural parents care, custody and protection under color of divorce litigation and post divorce litigation based on fraud, political patronage, illegal financial transactions, and constitutional disregard. Based on substantial private monies paid to attorneys by third parties working with and/or for the government, and that an indigent separated and/or divorced parent (father) is not entitled to the same "heightened due process protections" and to the "equal protection of law" afforded to married parents when faced with allegations of parental unfitness made by third party adversaries and/or government agents absent any compelling and/or legitimate state interest. In this case, the New Hampshire Supreme Court has routinely rejected the application of the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments traditionally employed to the "parent-child" liberty interest, et al., and has illegally authorized Superior Court judges to act in a third capacity as legislature (legislative branch), and social worker and prosecutor (executive branch) under the pretext of a judge for the purpose of illegally interfering in the private affairs of the plaintiff's nuclear family, on behalf of a third party state employee grandmother and her privately paid attorneys, through the use of fundamentally unfair judicial processes employed in the absence of a compelling state interest, contrary to established rulings of law and over the plaintiff's repeated objections to the unreasonable litigation process itself. The New Hampshire Supreme Court's unofficial policies and procedures in this case have absolutely no basis in law, are contrary to their official holdings, are repugnant to the U.S. Constitution and directly contravene the established decisions of this Court and other high courts, both state and federal.

13.    This case includes the unreasonable seizure of a minor child from their natural custodial parent absent "due process" and the "equal protection" of state and federal law, International Child Abduction (a claim under the federal ICARA statute), false arrests and illegal incarceration of the natural parent in order to prevent the parent from maintaining a relationship with his minor child, and to prevent the parent from attending state court proceedings in which a grandparent and government employee (absent constitutional or legal standing) was illegally awarded custody pursuant to New Hampshire's grandparent visitation statute (RSA 458:17-d); the constitutionality of New Hampshire's grandparent visitation statute (RSA 458:17-d) whereby state interference is authorized using the unconstitutional standard "in the best interest of the child" absent the constitutionally required standard "beyond a reasonable doubt" finding of abuse or neglect and authorizes the state's judiciary to arbitrarily define and restructure the nuclear family and, to forcefully include grandparents into the realm of the parent-child liberty interest after the natural parents enter into divorce and/or, the natural parents are otherwise separated and, erroneously used to terminate the parent-child relationship absent the constitutional requirements and procedures outlined by the United States Supreme Court in Santosky v. Kramer, 455 U.S. 745, (1982); and the standard (requiring proof of substantial neglect or abuse beyond a "reasonable doubt" in

proceedings in which termination of parental rights is sought) set by the New Hampshire Supreme Court in the case In Re William A (decided January 29, 1998). Further, the plaintiff argues that the U.S. Supreme Court erred in Santosky requiring only a "Clear and convincing" finding made by a "Judge" absent an impartial Jury, and that the proper standard to terminate and/or otherwise interfere with parental custody is "a beyond a reasonable doubt finding by an impartial, fully informed Jury.

14.     The plaintiff's claims also arises under the Universal Declaration of Human Rights, the Hague Convention, the Geneva Convention, the Declaration of Independence and the United States Constitution, particularly under the provisions of Article I §§ 8, 9 and 10; Article V; and the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments. As these provisions and prohibitions concern the Plaintiff, this case involves claims that the defendants all conspired with defendants Rachel Rondeau and/or the New Hampshire Bar Association and engaged in conduct in furtherance of that conspiracy which violates RICO and the Plaintiff's Civil rights and liberties guaranteed to him by State and Federal Constitutions. Authority for this suit is given this Court pursuant to Title 42 USC §§ 1983, 1985, 1986, 1988 and 11601-11610; RICO Title 18 § 1964; Title 28 USC § 1331; et al. Further, numerous criminal acts committed in violation of state and federal law further support the plaintiff's action. The plaintiff alleges and avers that this case originates and evolves exclusively from a conspiracy to deprive the plaintiff of his state and federal constitutionally guaranteed rights and liberties. These rights and liberties include, but are not limited to the following: The plaintiff's God given liberty - as proclaimed by Holy Scripture and the Declaration Of Independence - to the "pursuit of happiness", the right to marry - regarding the opposite sex - and to stay married without unreasonable government manipulation and interference in family matters involving husband, wife and minor child; the plaintiff's Article I, Sec. 9, Cl. 3 right to be free from Bill Of Attainders and "ex post facto laws"; the plaintiff's First Amendment right to be free from government created and/or endorsed religion; the plaintiff's Second Amendment right to keep and bear arms and to use them to defend his liberty from government tyranny, socialism and religious fanatics; the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures including his wife and minor child, his legally owned firearms, and other personal property; the plaintiff's Fifth & Sixth Amendment right to have "due process of law" and to have a fully informed jury in all criminal cases, et al.; the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment including his right to not have his wife and minor child and himself subjected to extensive sexual assault and physical and psychological abuse; the plaintiff's rights and liberties under the Ninth Amendment regarding long standing family tradition, right of family inheritance, et al.; and the plaintiff's Fourteenth Amendment right to be afforded "heightened due process protections" and the "equal protection of law" regarding his "parent-child" liberty interest when faced with allegations of parental unfitness fabricated by third-party religious fanatics and child molesters. The plaintiff alleges and avers that all defendants named herein conspired to deprive him of the aforementioned rights and liberties and that said act is a violation of 18 USC § 241. The plaintiff alleges and avers that each of the defendants, while at all times acting under color of state and federal authority unlawfully used their respective positions in government in furtherance of the aforementioned conspiracy and did illegally deprive the plaintiff of the aforementioned rights and liberties

based on the plaintiff's anti-racist stance made in a federally funded State College, his age and gender, and his marital, financial and religious status.  The plaintiff alleges that Rachel Rondeau and all other named defendants conspired to and did wrongfully destroy the plaintiff's relationship with his minor child and did wrongfully instill racial prejudice in the plaintiff's minor child over the plaintiff's objections. The plaintiff alleges that Rachel Rondeau, et al, all named defendants in this cause, have wrongfully taught the plaintiff's minor child to hate her natural father on account that the plaintiff is a "nigger lover". The plaintiff further alleges and avers that the aforementioned acts were carried out in furtherance of a political agenda involving a scheme to destroy western culture and the Traditional American Family through the process of manipulation for the purpose of illegally forcing the People of the United States into a one world, socialist controlled government – a welfare pig state.  In this case the aforementioned agenda involved violations of International Law including illegal incarceration, cruel and unusual punishment, secret criminal prosecution, deprivation of federal right to a speedy and public trial by impartial jury, deprivation of federal right to legal representation, intentional falsification of medical records and official documents, fraud, mail fraud, kidnapping, corrupting a minor, brainwashing, judicial corruption, racketeering, defrauding the federal government (We The People), et al. The plaintiff alleges and avers that each of the defendants are in dereliction of their official duties, guilty of violating their sworn oaths to defend and uphold the federal constitution and laws, and guilty of numerous violations under 18 USC §§ 241, 242, 1201, et al.  They are all traders and should be publicly executed forthwith.

-V-

**THE LAW**

15.    The Court is moved to take judicial notice of the following authorities and rule of law:

**THE SUPREME LAW OF GOD:**

15.1    The Holy Scripture is the Supreme Law of the Universe.  The Declaration Of Independence and the U.S. Constitution recognizes our Creator and guaranties to all citizens of the United States the individual right of religious freedom, equal government representation and other Liberties essential to the "happiness" of mankind.

**THE SUPREME LAW OF THE LAND:**

15.2    The Constitution of the United States is the "supreme law of the land" and is itself a law for which it is the duty of all Courts "high and low", both State and Federal, to sustain and enforce as they do all other laws.  Any law, rule, policy, or decree must be "made in pursuance thereof" and not as to subvert the Constitution.  When any law or ruling is not made in pursuance thereof, it is unconstitutional; void and of no effect.  Even if the wording of a law or ruling is constitutionally correct, if it is not applied equally it is Unconstitutional.  The Due Process Clause and Equal Protection Clause of the Fourteenth Amendment are among the most defiled of all rights in the state courts.  State trial courts

often, by intimidation and financial restriction, deny Access to the Courts as identified by the United States Fifth Circuit Court Of Appeals in *Ryland v. Shapiro*, 708 F 2d. 967 (1983).

## The Declaration of Independence

15.3    "WE hold these Truths to be self-evident, that all Men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the Pursuit of Happiness…"

## The United States Constitution

### Article I, Section 1

15.4    All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.

### Article I, Section 8, Clauses 1 and 18

15.5    The Congress shall have power..; To make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution in the government of the United States, or in any department or officer thereof.

### Article I, Section 9, Clause 3

15.6    No bill of attainder or ex post facto Law shall be passed

### Article I, Section 10, Clause 1

15.7    No state shall... pass any... ex post facto law...

### Article III, Section 1

15.8    The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish.  The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office.

### Article III, Section 2, Clause 1

15.9    The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority…

### Article IV, Section 2, Clause 1

15.10   The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.

### Article VI, Clause 2

15.11   This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.

### Amendment I

15.12   Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

### Amendment IV

15.13   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### Amendment V

15.14   No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

### Amendment VI

15.15   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

**Amendment VII**

15.16   In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

**Amendment VIII**

15.17   Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

**Amendment IX**

15.18   The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

**Amendment XIV, Section 1**

15.19   All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside.  No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## STATUTES AND CASES:

**Federal Statutes**

15.20   Title 18 U.S.C. §§ 3, 112, 241, 242, 878, 880, 1091, 1093, 1113, 1116, 1117, 1201, 1203, 1204, 1341, 1503, 1510, 1513, 1951, and 1961-1968

Title 28 U.S.C. §§ 1331, 1343, 1651, and 2283

Title 42 U.S.C. §§ 1983, 1985, 1986, 1988, and 11601-11610

**New Hampshire Constitutional Provisions and Relevant Statutes**

15.21   PART FIRST – BILL OF RIGHTS

Articles 1, 2, 2-a, 5, 6, 8, 14, 15, 16, 19, and 20

PART SECOND – FORM OF GOVERNMENT

Articles 72-a, and 73-a

15.22   NEW HAMPSHRE STATUTES

RSA 458: 17-d, RSA 463: 3, RSA 633: 4, RSA 458-A: 4, RSA 458-A: 5, RSA 458-A:25, and RSA 490: 4

**Cases**

15.23   Baldwin v. New York, 399 U.S. 66 (1970)

Bell v. City of Milwaukee, 746 F 2d 1205 (U.S. Ct App 7th Cir WI, 1984)

Brooks et al. v. Parkerson, 265 Ga. 189 (454 SE2d 769) (1995)

C.A. Brokaw, Plaintiff-Appellant, v. Mercer County, James Brokaw, Weir Brokaw, et al., Defendants-Appellees, No. 98-1131, In the United States Court of Appeals For the Seventh Circuit (Fourth Amendment violation – facts similar to this case)

Carson v. Elrod, 411 F Supp 645, 649; DC E.D. VA (1976)

Chapman v. California, 386 U.S. 18, 23, n.8 (1967)

Coleman v. Thompson, 501 U.S. 722 (1991)

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

Crane v. Logli, 992 F.2d 136, 138 (7th Cir. 1993)

DeRose v. DeRose, 469 Mich. 320, 666 N.W.2d 636 (Mich. 07/31/2003) (Constitutionality of Non-parental visitation laws - Declared unconstitutional)

DeShaney v. Winnebago County Department of Social Services, 489 U.S. 197, 109 S.Ct.

1004 (1989)

Dioguardi v. Durning, 139 F.2d 774 (CA2 1944)

Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan (1985)

Duncan v. Louisiana, 391 U.S. 145 (1968)

Engle v. Isaac, 456 U.S. 107, 125-126, n. 28 (1982)

Estelle v. Gamble, 429 U.S. 97, 106 (1976)

Evitts v. Lucey, 469 U.S. 387 (1985)

Fowler v. Knebel, et al., LLR 1996 GA 334 (S95A1700) (Constitutionality of Non-parental visitation laws - Declared unconstitutional)

Francis v. Resweber, 329 U.S. 459 (1946)

Friedrich v. Friedrich, 1996 FED App. 0085P (6th Cir.) (ICARA Claim))

Gideon v. Wainwright, 372 U.S. 335, 344 (1963)

Gillman v. Burlington, N. R.R., 878 F.2d 1020, 1022 (7th Cir. 1989)

Griswold v. Connecticut, 381 U.S. 479 (1965)

Gross v. State of Illinois, 312 F2d 257 (1963)

Haines v. Kerner, 404 U.S. 519 (1972)

Hooks v. Hooks, (1985, CA6 Tenn.) 771 F.2d 935 (Conspiracy involving wrongful removal of child law suit brought pursuant to 42 USC § 1983)

In re U.P., 648 P 2d 1364; Utah (1982)

In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584 (1980)

Jensen v. Conrad, 570 F Supp 114 (1983, DC, SC) (Child endangerment law suit brought pursuant to 42 USC § 1983)

Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)

Loraine Mullins and Charles Mullins v. State of Oregon, Case no. 94-35777 (1995, CA 9 Oreg.) (Prohibiting State from creating an entirely new type of Grandparent family)

Lugar v. Edmondson Oil Company, 457 U.S. 941 (1982)

Mabra v. Schmidt, 356 F Supp 620; DC, WI (1973)

Martin v. Covington, 541 F Supp 803 (1982, ED KY)

Matter of Delaney, 617 P 2d 886, Oklahoma (1980)

May v. Anderson, 345 U.S. 528, 533; 73 S Ct 840, 843, (1952)

Meyer v. Nebraska, 262 or 426 U.S. 390 (1923)

Nichols v. Schubert, 499 F.2d 946 (CA7 1974)

Parham v. J.R., 442 U.S. 584 (1979)

Penson v. Ohio, 488 U.S. 75 (1988)

Pfizer v. Lord, 456 F2d 532; cert denied 92 S Ct 2411; U.S. Ct App MN (1972)

Pierce v. The Society of Sisters, U.S. (1925)

Pointer v. Texas, 380 U.S. 400 (1965)

Polk County v. Dodson, 458 U.S. 312, 318-319 (1981)

Powell v. Alabama, 287 U.S. 45 (1932)

Prince v. Massachusetts, 321 U.S. (1944)

Quilloin v. Walcott, 434 U.S. 246, 255-256 (1978)

Reynold v. Baby Fold, Inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct
1598, 435 U.S. 963, IL (1977)

Riggins v. Nevada, 504 U.S. 127 (1992)

Rubocha v. Coler, 607 F Supp 477 (1985, ND, Ill)

Santosky v. Kramer, 455 U.S. 745, 753, 71 L.Ed. 2d 599, 102 S.Ct. 1388 (1982)

Satterwhite v. Texas, 486 U.S. 249, 256 (1988)

Smith v. Organization of Foster Families, 431 U.S. 816, 862-863 (1977)

Stanley v. Illinois, 405 U.S. 645, 651; 92 S Ct 1208 (1972)

Stanton v. Stanton, 421 U.S. 7, 10; 95 S Ct 1373, 1376 (1975)

Sullivan v. Louisiana, 508 U.S. 275 (1993)

Sullivan v. Sapp, No. SC02-2490 (Fla. 01/15/2004) (Constitutionality of Non-parental
visitation laws and includes Federal Income Tax Issues - Declared unconstitutional)

Terry Foucha v. Louisiana, Case no. 90-5844 U.S. Supreme Court (1992)

Troxel V. Granville (99-138), 137 Wash. 2d 1, 969 P.2d 21, Affirmed. (Constitutionality of Non-parental visitation laws - Declared unconstitutional, et al.)

United States v. Cronic, 466 U.S. 648, 654 (1984)

United States v. Gaudin, No. 94-514 U.S. Supreme Court (1995)

Washington v. Texas, 388 U.S. 14 (1967)

White v. Rochford, 592 F 2d 381 (1979, CA 7 Ill)

Yick Wo v. Hopkins, 118 U.S. 356, (1886)

## -VI –

## FACTS

16.     It is important to note, that for the purpose of this pro se Complaint, brought pursuant to RICO, 42 USC § 1983, et al, pursuance of a conspiracy, conspiracy, and willful intent need not be proven, just that the natural consequences of the defendants' alleged actions resulted in the depravation of the plaintiff's Federal Constitutional rights and liberties.

17.     The plaintiff alleges and avers that the defendants were at all times acting under "color of state and federal authority" and did violate Federal laws enacted by Congress and the plaintiff's state and federal constitutionally guaranteed rights and liberties.

18.     The plaintiff alleges and avers that the defendants at all times sought to and did subvert the Constitution and Laws of the United States and contemptuously disregarded the U.S. Constitution and Congressional Mandates and thereby, violated the separation of powers prohibition of the U.S. Constitution.  This process included legislating from the bench, legislating from Police Departments, extensive ex-parte judicial process absent notice and service of process, illegal suppression of the plaintiff's petitions and an appeal of right, and retroactively applied newly created laws in violation of state and federal constitutional prohibitions to cover-up constitutional violations and to prevent the plaintiff from exercising his state and federal constitutionally guaranteed rights.

19.     The plaintiff alleges and avers that the defendants have continuously impeded and hindered the due course of justice, with the intent to deny the plaintiff "due process" and the "equal protection of the laws" and meaningful access to the state and federal courts in violation of the Constitution and Laws of the United States and discriminated and committed state and federal crimes against him by so doing.

20.     The plaintiff alleges and avers that the defendants, while at all times acting under "color of government authority", corrupted and illegally used state and federal courts to illegally deprive the plaintiff of his State and Federal Constitutional rights and liberties, and by so doing caused immeasurable, irreconcilable injuries to the plaintiff, to which the plaintiff is

entitled to recover, and for which the plaintiff seeks to recover, from the defendants, monetary damages in terms of hundreds of millions of dollars, as well as all other relief requested in this complaint, petition for a writ of habeas corpus, et al., in the Federal Courts pursuant to the Laws of God, the Declaration of Independence, the United States Constitution, particularly under the provisions of Article I §§ 8, 9 and 10, Article V, and of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments, and Title 42 USC §§ 1983, 1985, 1986, 1988 and 11601-11610, Title 18 § 1201 (Kidnapping), Title 18 § 1964 (RICO); and Title 28 USC § 1331, et al.

21.     The plaintiff avers that all defendants are guilty of Neglect and Abuse of the plaintiff's minor child and that the child has suffered substantial injuries due to their deliberate indifference, public corruption, financial greed and "black hearts". The child has suffered at least two unexplained concussions while in Grandparent Custody under color of state authority, fractured bones, at least one severe car accident which caused serious ongoing injuries and pain and suffering to three minors, and years of mental abuse as a direct or proximate result of being unreasonably seized from the plaintiff's lawful physical custody and unreasonably secreted from him while in Rachel Rondeau's physical custody by all the defendants. The defendants have unreasonably interfered with the child's urgent need for medical treatment regarding personal injuries based on influence by the Jehovah Witnesses. Further, DCYF failed to properly conduct an investigation and determine the cause of these injuries and thereby, assisted in covering up these abuses. The defendants have provided the minor child with cigarettes and alcohol in violation of state and federal law. The minor child has been smoking cigarettes since she was Fourteen years of age while in the defendants' custody. This seriously jeopardizes her health and safety and undoubtedly will result in irreparable long term health problems. This will lead to substantial financial costs and burden to insurance companies, the tax payer, and the medical community in the future. The defendants have allowed the minor child to operate a motor vehicle illegally after her license had been revoked by the State based on reckless and irresponsible actions as direct result of her upbringing by the defendants. The child put a minor child's head through the windshield of Rachel's vehicle after hitting a tree, while out driving recklessly at night during a snow storm. The defendants have allowed the defendant Ryan Delisle (a Jehovah's Witness) to illegally interfere with the health and safety of the minor child by sleeping in her bed, interfering with her education, employment and family. Further, the child has done extremely poorly in her education, booth in Catholic and public schools, while in the defendants' illegal custody.

22.     The plaintiff avers that the defendants are guilty of "abuse of process" and have illegally used the state court's to deprive the plaintiff of his personal state and federal constitutional rights and liberties. The defendants fraudulently presented erroneous facts and legal assertions in a court of law over a substantial period of time, which resulted in reckless endangerment and parental alienation, interference with the plaintiff's "parent-child" liberty interest, his federal voting rights, the complete destruction of his relationship with his minor child, mother, and others, et al.

**Main Thrust of the Conspiracy:**

23.    a. The defendants unreasonably seized his minor child from his lawful physical custody absent "due process" and the "equal protection of the law" in violation of the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution for their personal financial gain; and, b. The defendants willfully and negligently destroyed the plaintiff's relationship with his mother, wife, daughter and others; and, c. The defendants have engaged in a lengthy and ongoing pattern of illegal harassment and punishment against the plaintiff in retaliation to his attempts to secure his state and federal constitutionally guaranteed rights and liberties in the state and federal courts in violation of the Bill of Attainder Prohibitions contained in both state and federal constitutions and absent legislative authorization of any kind. The plaintiff avers that the defendants illegally denied him access to the state courts based on illegal, unofficial policies that stem from the special interest lobbyist of the New Hampshire Law Enforcement Community, et al. These policies discriminate on the basis of gender, race, political and religious beliefs and/or associations and, civilian status. The New Hampshire Supreme Court illegally allowed the lower state courts to be used by the other named defendants to promote the financial interest of government employees (police officers and their family members) and to deprive the plaintiff of his state and federally secured rights and liberties absent consideration of his pro se pleadings and presentations and/or without appointing him the effective assistance of a trained and ethical Attorney and despite Rachel Rondeau's lack of legal standing to bring a post-divorce action under RSA 458:17-d. The plaintiff avers that the New Hampshire Supreme Court defendants unreasonably suppressed his petitions and pleadings based on the plaintiff's poverty, which was caused by the defendants collectively, and this process deprived him of "due Process" and the "equal protection" of law in violation of the Fourteenth Amendment. This process caused the plaintiff substantial ongoing personal injuries, pain and suffering, mental aguish, financial hardship, interference and discrimination with federal income tax filings and right to federal benefits under the federal tax code, interference with employment and education, interference and discrimination with housing and state and federal elections, interference with federal right to access the state courts for enforcement of constitutional rights and liberties and redress of grievances, et al. Most shocking; the defendants have abused and brainwashed the plaintiff's minor child and turned her against him in violation of the Ten Commandments, the U.S. Constitution, Article I, Section 9, Clause 3 & Article I, Section 10, Clause 1, the Bill of Rights and the Fourteenth Amendment and, the prohibitions contained in the now repealed Grandparent statute itself at paragraph VI, et al.

**Summary of the facts are as follows:**

24.    At the advice of legal counsel: In June 1990 the plaintiff initiated Divorce proceedings in the Superior court at Rockingham County (Case 90-M-924) against his Beloved wife Janet Rondeau - the child's natural mother. During the initial stages of the Divorce proceeding, Superior Court Judge James D. O'Neill, III unreasonably made Rachel Rondeau a party to the case absent personal and subject matter jurisdiction; and by show of authority, unreasonably seized physical custody of the child from the plaintiff and placed her with Rachel absent "due process" and the "equal protection" of state and federal law in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States. Based on this process the defendants illegally

indoctrinated the plaintiff's child into the Catholic Church over the objection of the plaintiff – a fit and legally presumed fit parent.

25.     The plaintiff was awarded sole legal and physical custody of his child on March 1, 1993. This was after approximately three years of unreasonable, costly, unnecessary, intrusive and abusive litigation that resulted in substantial state and federal constitutional violations to the plaintiff; primarily concerning his parent-child liberty interest. The Superior court subsequently entered its decree of April 5, 1993 wherein, while referring to the March 9, 1993 decree, it specifically declared that, "As to the intervenor, Rachel Rondeau, this decree is a Final Decree."  See Exhibits "1" & "2" in Appendix A.

26.     Upon entry of its January 20, 1994 decree, the court granted Guardian ad Litem Timothy Cunningham's Motion to Withdraw on the grounds that there was only one party left in the case, "that being the plaintiff, Kevin Rondeau".  Cunningham carefully pointed out to the court that Rachel was using the defendant Janet Rondeau (the plaintiff's wife) to continue to manipulate the Superior court in her ongoing attempt to obtain physical custody of the plaintiff's child.  Further, Cunningham specifically pointed out that Rachel "lacked legal standing to seek physical custody of the child" and the court entered a decree on this issue. See Exhibits "3" & "4" in Appendix A.

27.     On May 13, 1994, absent legal standing, Rachel Rondeau and Patricia Coffey illegally commenced post-divorce litigation, through her privately paid attorney(s), under color of RSA 458:17-d (Grandparent visitation) in the Rockingham County Superior Court in the plaintiff's Finally Adjudicated Divorce Libel (Case No. 90-M-924).

28.     On June 1, 1994, the plaintiff filed his written "Objection to the State of New Hampshire Acting Under Color of Law and Motion to Dismiss" with the Superior court whereby, the plaintiff sought to challenge the legality of Rachel's Post-divorce pleadings under state and federal constitutions and the federally funded Child Protection Act. The plaintiff sought meaningful access to the state courts and opportunity to demonstrate that Rachel's petition and pleadings were based exclusively on vague, absurd state laws that invite fraud and invoke unreasonable process and standards that are repugnant to the U.S. Const. The Superior court failed to properly adjudicate the plaintiff's objection and motion to dismiss and instead illegally returned the aforementioned pleading to him via the United States Postal Service.  The Superior court has never afforded the plaintiff opportunity to present evidence in support of his "Objection to the State of New Hampshire Acting Under Color of Law and Motion to Dismiss".  After illegally suppressing the plaintiff's properly filed objection and motion to dismiss and, despite Rachel's lack of standing and, despite the court's lack of personal and subject matter jurisdiction, the Superior court continued to entertain Rachel's post-divorce litigation and illegally proceeded to conduct its own internal criminal investigation against a non-domestically associated third party (Eric Ostman) and unreasonably suppressed and illegally removed investigative findings properly made by the Police and DCYF; which had concluded in favor of that third party and the plaintiff during the initial Divorce Litigation.

29.    On August 5, 1994 the plaintiff filed his Petition For Writ Of Prohibition in the NH Supreme Court (Case No. 94-543). The aforementioned petition was filed prior to the Superior court's modification of final custody orders and presents substantial questions of law and demonstrates compelling reasons why the writ of right should be granted in this case. The NH Supreme court has repeatedly denied the plaintiff's requests that this petition be reinstated and has failed to provide a constitutionally required reason for its decision despite obvious state and federal constitutional violations. See Exhibit "5" in Appendix A.

30.    Based exclusively on Rachel and Patricia Coffey's fabricated and unsupported allegations, presented in a court that clearly lacked personal and subject matter jurisdiction, Patricia Coffey, buy show of authority, unreasonably seized physical custody and deprived the plaintiff of all contact with his minor child of tender years despite the fact that there were "no findings" of parental unfitness made against him in any court of law and there was no process brought against him by the state consistent with the federally funded NH Child Protection laws.  The defendant was denied the benefit of an attorney in violation of the Child Protection Act and the Fifth Amendment. Coffey, who the plaintiff avers knowingly kidnapped his child of tender years with the intent of promoting a socialist political agenda, then unreasonably awarded temporary physical custody of the child to Rachel under color of RSA 458:17-d. This absurd process provided unreasonable and foreseeable opportunity to the defendants to retroactively fabricate evidence in support of unsupported initial allegations.  Based on this absurd process the plaintiff was wrongfully subjected to extensive Bills of Attainders, "ex post facto" judicial process, application of retroactively enacted and applied laws and, illegally deprived of all his parental liberties, subjected to false arrest and imprisonment, denied additional legal representation, et al.  Based on this process, the child has been illegally secreted from the plaintiff for more than 17 years, which resulted in substantial ongoing injuries and state and federal violations to the plaintiff which include the permanent destruction of his relationship with his mother, wife and daughter.

31.    Rachel was awarded sole legal and physical custody of the child on April 7, 1997, based on ex parte process, absent a statutorily and constitutionally derived finding of parental unfitness against the plaintiff, and absent judicial review concerning the appropriateness of non-parent Rachel to assume physical custody of the child and despite considerable evidence on record showing that Rachel and her common law husband consistently acted contrary to the child's "best interest".  The plaintiff was not served notice of this hearing as required by law. Plaintiff was not provided reasonable judicial process consistent with federal constitutional guarantees. These substantial constitutional errors caused by the state courts resulted in Rachel's present custody status. The plaintiff had no knowledge that the court even entered its alleged April 7, 1997 Order until the year 2000. The plaintiff was fraudulently presented with said order by adversary lawyers during the coarse of attempted tort litigation brought in the federal courts under 42 USC §§ 1983, et al., which primarily concerns illegal interference with his federal rights, including his federally protected "parent-child" liberty interest and false arrest, falsification of official documents, illegal detention, interference with state and federal voting rights, religious freedoms, employment, federally funded programs, et al. These issues have never been adjudicated by a Jury as required by law and have instead been illegally suppressed. See Exhibit "6" in Appendix A.

32.     From 1994 through 2001, this indigent and pro se plaintiff unsuccessfully sought Judgment in the Rockingham County Superior Court (Libel For Divorce, Case No. 90-M-924), the NH Supreme Court (Petition For Writ Of Prohibition, et al., Case Nos. 94-543 & 2000-541) and the lower federal courts, concerning the constitutionality of RSA 458:17-d (Grandparent visitation); facially and as applied here.  Despite this, defendants illegally suppressed process and harassed, sanctioned and punished the plaintiff in violation of 18 U.S.C. §§ 241, 242, 1201, 1961-63, et al.

33.     On February 03, 2003, following the plaintiff's unsuccessful attempts to reestablish his parental liberties in the NH Supreme Court and the U.S. District Court, the plaintiff attempted to initiate a new trial pursuant to NH RSA 526:1.  The plaintiff sought to introduce evidence and legal challenges not previously presented due to legal malpractice and fraud committed against him which disproved Rachel's abuse allegations against Eric Ostman (illegally brought in her initial post-divorce pleadings), and to challenge the court's personal and subject matter jurisdiction regarding the issues presented in Rachel's request for modification of permanent custody orders. The plaintiff argued that Rachel failed to sustain her burden of proof under state and federal constitutions and laws during the initial stages of her initiated Post Divorce action.   The plaintiff also presented specific federal constitutional challenges to RSA 458:17-d, both facially and as applied to him in this case. See Exhibit "7" in Appendix A.

34.     On February 4, 2003, after having been hindered from filing pursuant to RSA 526:1, the plaintiff was forced to follow the Superior court's (Marshall Buttrick's) illegal "procedural directive" and instead paid the required filing fee and filed his Petition For Modification with the Superior court based on Buttrick's "show of authority".   However, the plaintiff simultaneously filed a motion, pursuant to RSA 526:1, and thereby requested that the Superior court set aside all orders resulting from Rachel's request for modification of custody filed in May 1994.  Additionally, the plaintiff filed a motion wherein he requested that the Superior court convene an emergency hearing forthwith and to expeditiously reestablish his "parent-child" liberty interest based on the same constitutional grounds articulated by this Court in Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000); Dodge v. Grayville, 121 S.Ct. 2584 (2001); et al.

35.     On February 11, 2003 the plaintiff filed a motion requesting an evidentiary hearing and that the Superior Court modify its ex-parte custody order of April 9, 1997 based on the constitutional grounds announced by this Court in Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000); and Dodge v. Grayville, 121 S.Ct. 2584 (2001).  See Exhibit "8" in Appendix A.

36.     On March 12, 2003 the plaintiff filed his pro se appearance in this matter and requested, in part, that the Superior court make and preserve an audio recording of all proceedings in this matter for the purpose of appellate review.

37.     On March 24, 2003 the plaintiff filed a motion for contempt wherein he requested that the Superior court find that Rachel has unlawfully interfered with the plaintiff's "parent-child" liberty interest in violation of prior decrees entered in this matter.  The plaintiff moved that

his "Motion for Emergency Evidentiary Hearing and the 1997 Ex-Parte Custody Orders" be brought forward.

38.     On February 25, 2003, the plaintiff and Rachel appeared for the Trial Management Conference and Trial Assignment on March 31, 2003.  The plaintiff had fully prepared for the Trial Management Conference and Trial Assignment in accordance with the Superior Court's Notice.  The plaintiff sought to limit issues to be presented to the court, to challenge the accuracy and credibility of the Guardian ad Litem's Report(s), to resolve specific evidentiary disputes and to present memoranda on relevant legal issues.  The Judge (Groff) illegally prevented the plaintiff from raising constitutional issues and from invoking RSA 526:1, both relevant to the liberty interest at issue.  Judge Groff failed to afford the plaintiff reasonable opportunity to go forward in accordance with the Superior court's own notice, failed to require Rachel to present a list of witnesses and expected testimony in accordance with its own notice, and prematurely scheduled a Final Contested Hearing for April 14 and 15, 2003.  Judge Groff failed to adjudicate several outstanding pleadings properly filed by the plaintiff and specially assigned the case to Judge Hicks.  During this trial management conference the plaintiff verbally objected to the unconstitutional standard invoked by Rachel's Attorney (Robert A. Shaines), to be used by the court to decide custody of the child between the plaintiff (a fit parent) and Rachel (a non-parent who's parental fitness was never subjected to any test or standards of review).

39.     On April 7, 2003 the plaintiff filed a motion requesting a new trial management conference wherein he challenged the fundamental fairness of the initial trial management conference and made "due process" and "equal protection" challenges to it.  The plaintiff filed a motion requesting Declaratory Judgment, pursuant to RSA 491:22, wherein he challenged the constitutionality of RSA 458:17-d, et al, under state and federal constitutions and RSA 463:3.  The plaintiff filed a written objection wherein he challenged Rachel's present status under color of RSA 458:17-d, et al.

40.     On April 9, 2003 the plaintiff filed an Amendment to his Petition For Modification wherein, he challenged the constitutionality of RSA 458:17-d, as written and as applied to his "parent-child" liberty interest and his rights under RSA 463:3.  The plaintiff filed a motion for a new trial, pursuant to RSA 526:1, wherein he challenged the legality and merits of Rachel's request for modification of custody filed in Superior court as Post Divorce litigation in the plaintiff's concluded Divorce Libel in May 1994.

41.     On April 14, 2003, prior to any hearing on the merits the plaintiff filed a motion requesting that the Superior court enter Summary Judgment in Case No. 95-M-1337 pursuant to RSA 491:8-a and moved for adjudication on all pending (outstanding) pleadings.  The plaintiff presented substantial constitutional challenges to RSA 458:17-d at the beginning of the aforementioned proceedings wherein he vigorously invoked his federally protected right to "heightened due process protection" guaranteed by the Fourteenth Amendment - regarding his "parent-child" liberty interest.  The trial Judge failed to give the plaintiff's "parent-child" liberty interest the dignity they require under state and federal constitutions and failed to rule on several outstanding pleadings pending before the court, including his motion for summary judgement regarding his parental fitness. The trial Judge

then asserted that the Superior court had subject matter jurisdiction over the issues presented in the case and the parties pursuant to paragraph VI of RSA 458:17 and proceeded to conduct further litigation absent proper notice or service of process on plaintiff.

42.     During trial on April 14, 2003 the plaintiff presented sufficient evidence that proved that Rachel's petition for modification filed in May 1994 was based exclusively on fraud, that she failed to meet her burden of proof in accordance with state and federal constitutions, that she and others conspired to and did deprive the plaintiff of his federally protected "parent-child" liberty interest in the absents of the "heightened due process protections" guaranteed by the federal constitution and, that she was acting contrary to the child's "best interest".   The plaintiff proved, through documentary evidence, that Rachel had intentionally committed the crime of perjury while testifying under oath during the proceeding.   The aforementioned evidence was introduced to the court and entered as exhibits in the case.   Further, the court's record showed that Rachel had previously been found to act contrary to the child's "best interest" and to be in contempt of Superior Court orders for illegally denying plaintiff court ordered visitation with his child following her unreasonable seizure from the plaintiff in Canada.

43.     On April 15, 2003, prior to trial commencement, the plaintiff filed an Amendment to his Petition For Modification with the Clerk wherein he challenged the constitutionality of paragraph VI of RSA 458:17, as written, and as applied to his "parent-child" liberty interest in this case.   Near the conclusion of the proceeding, the trial judge (Judge Hicks) self-recused himself based on his alleged ground that a conflict of interest existed.   The trial judge alleged that he was personally affiliated with the same law firm (Wiggin and Nourie) that the plaintiff's former attorney, Jonathan L. Ross, was affiliated with while the plaintiff's federal lawsuit was pending against said firm for federal violations that stem from his representation in Case No. 95-M-1337.   Based on the aforementioned reason the trial was vacated, all exhibits filed by the plaintiff were returned to the plaintiff and the plaintiff was not granted the immediate relief that he had requested in his pleadings and that he is legally entitled to under state and federal constitutions.   Judge Hick's recusal followed two days of litigation and he failed to enter any formal findings regarding his recusal from this case.

44.     On May 14, 2003 the plaintiff filed his Petition For Writ Of Habeas Corpus with the NH Supreme Court (Case No. 2003-0309).   The aforementioned petition presented substantial questions of law and well reasoned constitutional challenges to RSA 458:17-D, RSA 458:17, paragraph VI and the procedures and standards employed by the Superior Court system in this case.

45.     On June 24, 2003 the NH Supreme Court denied the plaintiff's Petition For Writ Of Habeas Corpus (Case No. 2003-0309) "without prejudice" on the grounds that the case was still pending in the Superior Court.   Based on this erroneous process, the plaintiff was subsequently compelled to re-represent two days of testimony and other evidence in the Superior Court.   The trial judge failed to properly adjudicate the plaintiff's pending pleadings, suppressed evidence favorable to the plaintiff, and failed to properly address federal constitutional challenges made to the Grandparent's rights provisions of the NH Divorce laws.   In short, the plaintiff avers that he was railroaded by the NH courts, and that

the NH Supreme Court Judges are guilty of Misfeasance and Malfeasance in office for failure to enforce both state and federal constitutions in this case. See Exhibit "9" in Appendix A.

46.     On Oct. 31, 2003, the NH S. Ct. denied the plaintiff opportunity to present a full and proper appeal (Case No. 2003-0590). The court fraudulently claimed that the plaintiff failed to present a substantial question of federal law. The court denied reconsideration on Dec. 23, 2003. However, the NH S. Ct. then addressed the same questions of law in a subsequent case and thereby denied the plaintiff of equal access to the state courts, due process of law, the equal protection of state and federal law, et al., and thereby substantially prejudiced the plaintiff in any further state court and federal tax court process. See Exhibits "10 - 14" in Appendix A.

47.     On May 25, 2004, the plaintiff filed a petition for writ of habeas corpus with the New Hampshire Supreme Court (Case No. 2004-0369).

48.     On May 29, 2004, following the plaintiff's attempt to have his state and federal constitutional rights and liberties enforced by the New Hampshire Supreme Court, the defendants, by and through two unidentified men in plain suits claiming to be Police officials, illegally stalked and threatened the plaintiff in regards to Case No. 2004-0369. This illegal act occurred in the Wal-Mart parking lot in Portsmouth, New Hampshire and involved the illegal use of a firearm by the two unidentified men.

49.     On June 4, 2004 the defendants, by and through Rachel Rondeau, knowingly misrepresented facts to the Exeter District Court - Judge Cullen - in furtherance of the conspiracy represented herein and in response to the plaintiff's failure to comply with the unreasonable and illegal threats and demands made by the two aforementioned men. In furtherance of the defendants' illegal act, the defendants corrupted the plaintiff's minor child in violation of state and federal law wherein they unreasonably included said child in their frivolous stalking petition brought against the plaintiff. The plaintiff avers that the stalking petition was frivolous and was obviously intended to further interfere with the plaintiff's "parent-child" liberty interest in the defendants' ongoing scheme to further alienate said child from her natural father, the plaintiff, and permanently destroy said relationship. Judge Cullen's ex parte temporary order is based on the same underlying corruption, fraud and other federal crimes represented in the plaintiff's petition for a writ of habeas corpus filed with the New Hampshire Supreme Court. However, the plaintiff had no knowledge concerning the June 4, 2004 process until several days latter.

50.     That on June 7, 8, 16 and 17, 2004 the plaintiff attempted to communicate with his child by way of the United States Postal Service and his federally regulated cell phone. However, Rachel Rondeau and Richard Rondeau - Rachel Rondeau's 43 year old live in son - and the Town of Stratham, its Chief of Police and certain of its Police officers, all named as defendants herein, in furtherance of the conspiracy represented herein, unlawfully agreed to deprive the plaintiff of his "parent-child" liberty interest by unreasonably interfering with the plaintiff's attempts to communicate with his child via U.S. mail and federally regulated cellular telephone. In furtherance of the unlawful agreement the defendants unreasonably

deprived the plaintiff of this constitutionally protected liberty interest wherein they telephoned the plaintiff and unreasonably and illegally threatened him and fabricated police reports and other official documents in an attempt to unlawfully incarcerate the plaintiff again; to further prevent him from exercising all of his state and federal constitutional rights and liberties.

51.     That on June 17, 2004, following the defendant's illegal interference regarding the plaintiff's unsuccessful attempts to communicate with his minor child and to wish her a happy birthday, the Stratham Police officials, all named as defendants herein, again unreasonably threatened the plaintiff and then they informed him that the Exeter District Court - Judge Cullen - had entered a temporary restraining order against the plaintiff on June 4, 2004. This was the first time the plaintiff became aware of the aforementioned Stalking Petition.

52.     That in light of the serious, ongoing violations committed against the plaintiff, as represented herein, et al., the plaintiff was compelled to report these crimes to the FBI at Portsmouth, NH, Boston, Ma and Washington, DC and did so on June 19 and 21, 2004. Further, the defendant provided the FBI with substantial testimony and written material, including the conspiracy contract signed by 30+ State Corrections officers, that are included in the Appendixes filed in the plaintiff's New Hampshire Supreme Court cases. The aforementioned evidence clearly proves that the defendants acted under color of state authority, in violation of federal law, and did conspire with state corrections officers, police officers, lawyers and others to deprive the plaintiff of substantial rights and liberties guaranteed by state and federal constitutions and state and federal laws. Contrary to federal law and their official federal duties however, the U.S. Department of Justice has illegally allowed the federal crimes represented herein to continue fraudulently using federal monies, U.S. Tax Payers' monies, under color of illegal New Hampshire laws that are clearly repugnant to the Constitution and laws of the United States.

53.     That on June 20, 2004, the plaintiff notified the Stratham and Portsmouth Police Departments in writing, by and through the U.S. Postal Service, of a hearing on the defendants' (Rachel's) fabricated stalking petition scheduled in the Exeter District Court for June 30, 2004. The plaintiff specifically requested that both Police Chiefs, defendants Magnant and Daley, forward to the plaintiff forthwith copies of all complaints, statements, reports, documents and all other information that concerns him or his minor child, Sarah Rondeau, that are in the possession of them personally and/or their respective Departments. This request was made pursuant to state and federal constitutions and laws, including the Freedom Of Information Act and the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Const. These letters clearly informed them both that they could call the plaintiff anytime for the purpose of discussing and arranging any fees or cost associated with this issue. As of this date the Stratham and Portsmouth Police Departments have not cooperated with the plaintiff in regards to this request for discovery. The plaintiff alleges and avers that this process, coupled with all the other unusual events and federal crimes taking place, both in and outside of the court by the defendants, coupled with the defendants' illegal manipulation of the state legislature and state and federal courts, violated all of his rights and liberties guaranteed to him by the Bill of Rights. The plaintiff

alleges and avers that the process identified herein is unreasonable and clearly violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the US Const.; especially so in light of the fact that Judge Cullen was legally disqualified from the matter for having previously conspired with a State Trooper and violating the plaintiff's state and federal constitutional rights in a related matter. Therefore, Judge Cullen should not have entered any orders at all in this case - especially the unconstitutional ex-parte orders. The plaintiff alleges and avers that Judge Cullen's unreasonable participation in this case, coupled with his illegal manipulation and harassment, has caused substantial personal injury, pain and suffering to the plaintiff to which the plaintiff is entitled to reasonable financial compensation for damages. The fact that the defendants did wrongfully initiate a stalking petition and illegally used that process to interfere with the plaintiff's rightful authority concerning the child, and other parental liberties guaranteed by the U.S. Constitution and laws, is proof beyond a "reasonable doubt" as to how corrupt and/or unreasonable the defendants have been in this case. The petition was ultimately dismissed. However, Cullen denied the plaintiff "due process" when the court failed to properly rule on his Motion to Dismiss and Motion for Summary Judgment as required by state law, and instead, fraudulently dismissed said petition for default. The plaintiff alleges and avers that the ex-parte order entered by Judge Cullen on or about June 4, 2004 unreasonably deprived the plaintiff of substantial liberties guaranteed by state and federal constitutions by continuing to build a case based on substantial fraud involving judicial corruption, federal monies and numerous state and federal crimes and constitutional violations committed against the plaintiff.

54.     On July 16, 2004, the New Hampshire Supreme Court illegally denied the plaintiff relief that he was legally entitled to under state and federal constitutions and laws, and fraudulently dismissed his Petition for writ of habeas corpus (Case No. 2004-0369) "without prejudice". See Exhibit "12" in Appendix A.

55.     On Feb. 6, 2006, the IRS Commissioner appointed by Republican President George W. Bush charged that the plaintiff is not legally eligible to claim his child Sarah Rondeau for federal income tax purposes and claimed a deficiency in the amount of $3,681.00. The plaintiff paid the filing fee and timely brought suit in the U.S. Tax Court and the case was docketed as *Kevin Rondeau vs. Commissioner of Internal Revenue, Docket No. 8298-06*. Further, after facing several frivolous motions to dismiss, the Tax Court set this matter for trial for Feb. 5, 2007. See Exhibits "32 - 35" in Appendix A.

56.     In July 2006 defendants Bruce R. Larson and Devries, by "show of authority" acting in their official capacities as Rochester District Court Judges and, based on an illegal agreement between themselves and defendant's Dubois, Daley, Wallace, et al., unreasonably seized the plaintiff's apartment and personal property in violation of the U.S. Const., Fourth Amendment and absent due process of law and the equal protection of law in violation of the Fourteenth Amendment. This was based on fraud and was done maliciously and in retaliation to the plaintiff seeking enforcement of his state and federal constitutional rights and liberties. The plaintiff was never given opportunity to be heard on the issue despite his appearance in court for that purpose. Following the illegal seizure of the plaintiff's apartment the plaintiff was illegally forced to temporarily relocate to Farmington, NH.

During this same time, Rachel Rondeau was constantly telephoning and baiting the plaintiff by voicing grave concerns regarding the child's safety and wellbeing. The plaintiff avers and the facts show that Rachel Rondeau was being forced to do these things by the other defendants named herein. This process, coupled with other illegal events by Rochester officials illegally interfered with the plaintiff's local, state and federal voting rights, and his preparation to run for Congress in order to address the unconscionable illegal activity identified herein and other similar cases of national importance.

57.     In October through November, 2006 Rachel aggressively telephoned the plaintiff over his objection and reported grave concerns regarding the child's safety and wellbeing.  Rachel informed the plaintiff that the child was involved with one Ryan Delisle, an adult; that Ryan Delisle and his Step-Grandfather, Maurice Delisle (a former NH Corrections Officer) and their family and friends were secreting the child from her, causing her to be truant from school, upsetting the child's educational plans, keeping her from attending church services with the family and otherwise interfering with her court ordered custody rights.  At the end of October the plaintiff learned that Ryan Delisle was illegally coming into Rachel's home, refusing to leave when so directed by her, sleeping with the child in her bed, causing the child to be tired all the time, secreting the child for days at a time, alienating the child from her family and friends, causing the child to be truant from school, stealing money from family members, and otherwise manipulating and strong-arming the Rondeau family. Rachel's inabilities and reports caused the plaintiff additional worries, fears, anger, loss of sleep and ultimately led to the plaintiff's loss of employment with Waste Management – a loss of more than $41, 000.00 of annual income since 2007.  During this time the plaintiff cautiously agreed to a plan where Rachel and he would work together to promote the child's "best interest".  Rachel and plaintiff agreed that she would sell her Stratham, NH home and that they would reunite and relocate with the child to a  state where they could enjoy their federal constitutionally guaranteed right "to be left alone", "family privacy and integrity" , "Freedom Of Religion", and to the "Pursuit of happiness".  However, the Chiefs of Police defendants conspired with defendants Ryan Delisle, Maurice Delisle, Groff and Devries and illegally secreted the child absent jurisdiction and in violation of the plaintiff's state and federal constitutional rights and liberties.  This process included fraud involving the state courts, the U.S. Mail and Reports to the IRS.

58.     On or about Nov. 27, 2006, after receiving a report from Rachel, the plaintiff agreed to assist her in locating and retrieving the child from the Delisles.  The child had been illegally secreted for several days and had just missed an additional two days of school.

59.     On Nov. 29, 2006 the plaintiff, along with Rachel - at her request, located the child at the home of Maurice Delisle, 400 Stage Road, West Nottingham, New Hampshire.   The plaintiff dialed 911 and reported that the Delisles were illegally secreting the child and interfering with the Rondeau family's custody in violation of NH RSA 633:4 (Interference With Custody).  Dispatch informed the plaintiff that a Nottingham Police officer would call them right back.  After waiting approximately ten minutes for a return call from Nottingham Police, Rachel Rondeau then telephoned 911 and reported same to dispatch.    Officer Spagna then called the plaintiff's cell phone and received the aforementioned complaint from both Kevin and Rachel.  The Rondeau's specifically requested a civil standby to

immediately retrieve the child and sought criminal charges against the Delisles for Interference With Custody in violation of NH RSA 633:4. Officer Spagna refused to provide a civil standby as requested, refused to arrest the Delisles for their crimes, and illegally threatened the plaintiff with arrest for attempting to retrieve the child and for insisting that the Delisles be charged with Interference With Custody in violation of NH RSA 633:4. Officer Spagna illegally interfered with the Rondeau's rightful authority of custody by allowing the Delisles to drive the child to Rachel's home latter that night. Upon the child's return home she appeared tired and disheveled, and she acted out. The plaintiff and Rachel instructed Ryan and Maurice Delisle that they were to have no further contact with the child until otherwise authorized by them. See Exhibits "63-70" in Appendix D.

60.    On Nov. 30, 2006 Ryan Delisle telephoned the child at Rachel Rondeau's home. The plaintiff and Rachel Rondeau both informed him that he was not to call and talk with the child until further authorized by them. Ryan Delisle disregarded the Rondeau's demand and continued to harass, manipulate and strong-arm the Rondeau family by contacting the child at Rachel's home via telephone.

61.    On Dec. 1, 2006, in the early am hours, Ryan Delisle telephoned the child Sarah at Rachel's home and made arrangements to pick her up at school prior to attending classes, kept her from attending her classes, and further secreted her from the plaintiff and Rachel.

62.    On Dec. 4, 2006, the plaintiff and Rachel Rondeau obtained a Temporary Restraining Order against Ryan Delisle, in Superior Court. This order became permanent on Dec. 14, 2006. See Exhibits "63-70" in Appendix D. Further, on Dec. 4, 2006 the plaintiff and Rachel Rondeau properly filed a consolidated Petition/Motion For Non-Contested Modification Of Custody with the NH Superior Court at Hillsborough County, Southern District. On Dec. 15, 2006 the court, scheduled a hearing for Jan. 22, 2007 regarding the aforementioned pleading, and accordingly entered an order thereon. See Exhibits "15 - 19" in Appendix A.

63.    From approximately Dec. 1-14, 2006 the plaintiff and Rachel contacted the Stratham Police Department and reported that Ryan Delisle was illegally interfering with the Rondeau's rightful authority concerning the child and insisted that Ryan Delisle be arrested and charged with Interference With Custody, et al. Chief Michael Daley illegally refused to enforce NH RSA 633:4 and in response to the Rondeau's demand that criminal charges be brought against Ryan Delisle, et al., for illegally secreting of the child and for interfering with the plaintiff's rightful authority concerning the child, and for contributing to the delinquency of a minor, Chief Daley threatened to arrest the child. The plaintiff charges the Town of Stratham, Chief Daley, et al., with malfeasance and misfeasance in office, Conspiracy to wrongfully deprive the plaintiff of physical custody of the child absent due process of law in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Const., kidnapping contrary to 18 USC § 1201, et al. These facts were all reported to the FBI and U.S. District Attorney Thomas P. Colantuono (appointed by President George W. Bush) by the plaintiff and Rachel Rondeau.

64.     On the evening of Dec. 14, 2006 Rachel Rondeau was contacted by DCYF, Matthew Garthwait. The plaintiff and Rachel Rondeau meant with Matthew Garthwait on Dec. 15, 2006 at DCYF's request. The plaintiff was coerced into this meeting by Rachel Rondeau and her eldest son Richard Rondeau after Richard Rondeau nefariously participated with the Stratham Police in initiating this frivolous DCYF complaint against the plaintiff. The plaintiff had no direct knowledge of what this meeting was in regards to, the plaintiff was without an Attorney, not provided one by the State and he lacked the funds available to retain one on his own and therefore, the plaintiff was not fully prepared for this meeting in a manner consistent with the heightened due process requirements mandated by the U.S. Const., Fourteenth Amendment. This meeting was based on unfounded allegations made originally to Pembroke Police Dept., by Rachel Rondeau in January of 1993, strategically intended to upset the Final Hearing in the plaintiff's Divorce case and these allegations exclusively concerned criminal allegations against one Eric Ostman, of Deerfield, NH. Eric Ostman was not a domestic associate of the Rondeau family and he has been cleared (by two Superior Court Judges, a Grand Jury, DCYF, and the Deerfield Police Dept.) of all criminal allegations made against him in this matter. However, the NH S. Ct. has arbitrarily punished the plaintiff and the child based on Rachel's falsified reports absent legislative authorization and without the possibility of recovering the child from Rachel Rondeau. The plaintiff attempted to provide evidence to DCYF, both in the form of official documents and testimony, however, Matthew Garthwait illegally interfered with the plaintiff's right to produce and admit relevant evidence which would have prevented any further State Involvement against him in this matter.

65.     On Dec. 18, 2006 the plaintiff was served an ex-parte restraining order obtained by DCYF, Matthew Garthwait. The plaintiff avers that the facts relied on to obtain this ex-parte restraining order are based on fraudulent and misleading representations made by Matthew Garthwait, Ryan Delisle, Jeanne McCartney, Jacqueline Hersey, Richard Rondeau, et al. The plaintiff further avers that the ex-parte restraining order was obtained to cover-up state and federal crimes committed against the plaintiff and his family, and it serves no legitimate legal purpose and is intended to further harass the plaintiff and his family and punish them for reporting federal violations to the FBI, et al. The plaintiff denies all representations presented in the ex-parte restraining order.

66.     On Dec. 21, 2006, in the late pm hours, the plaintiff and Rachel Rondeau were both served Petitions For Neglect by Stratham PD. The plaintiff avers that the facts represented in these petitions are based on fraudulent and misleading representations made by Matthew Garthwait, Jeanne McCartney, Jacqueline Hersey, Richard Rondeau, et al. The plaintiff further avers that the Petitions For Neglect were obtained to cover-up state and federal crimes committed against the plaintiff and his family, and serves no legitimate legal purpose and is intended to further complicate matters and harass the plaintiff and his family and punish them for reporting federal violations. See Exhibit "21" in Appendix A.

67.     On Dec. 28, 2006, the plaintiff and Rachel Rondeau appeared in Superior Court, Family Division at Portsmouth for a Preliminary Hearing related to this matter. Rachel Rondeau was represented by privately retained counsel, Attorney Edward W. Richards. Immediately before the hearing Attorney Patricia A. Frim introduced herself to the plaintiff and at that

time represented that she had been appointed by the court to represent him this matter.  The plaintiff objected to Patricia A. Frim's appointment and representation based on the grounds that the plaintiff had not been provided any prior notice concerning her appointment, had not had a fair opportunity to discuss the case with her and to prepare a proper response to the charges represented in the petition at the Preliminary Hearing stage of this case, and based on the plaintiff's lack of knowledge concerning Patricia A. Frim's legal background and ethics.  The plaintiff avers that the court unreasonably thrust Attorney Patricia A. Frim upon the plaintiff, that Patricia A. Frim did not effectively represent the plaintiff during the Preliminary Hearing, that the state unreasonably deprived the plaintiff of his state and federal constitutional right to have a fair Preliminary Hearing, to the effective assistance of trained counsel, et al.

68.     On Dec. 29, 2006, Attorney Patricia A. Frim filed a written "Motion For Leave To Withdraw" from this matter.  This process, followed by her ineffective legal assistance during the Preliminary Hearing held in this matter, substantially prejudiced the plaintiff in all further proceedings, including the plaintiff's federal income tax case.  See Exhibit "22" in Appendix A.

69.     On Jan. 4, 2007, the plaintiff filed several pro se pleadings in the DCYF case – "Motion To Stay", "Motion For Summary Dismissal", "Motion For Change Of Venue" supported by the Affidavit of Rachel Rondeau, et al.  See Exhibits "23" in Appendix A, et al.

70.     On Jan. 18, 2007, DCYF moved to withdraw its Neglect Petition against the plaintiff.  On Jan. 19, 2007, the Family Court approved DCYF's Notice of Withdrawal of Neglect Petition in Case No. 06-J-350.  See Exhibits "25" & "26" in Appendix A.

71.     On Jan. 24, 2007, Rachel filed several pro se pleadings – a motion to dismiss, motion for summary judgment, motion to stay and motion for a continuance – prepared by the plaintiff on her behalf, et al., with the Family Court in the pending DCYF Neglect case against her (Case No. 06-J-355).

72.     On Jan. 25, 2007, Rachel appeared in the Family Court at Portsmouth, NH, and was coerced and intimidated into accepting Attorney Edward Richard's legal representation after he had been directed to withdraw for intentional legal misrepresentation and other frauds committed against her, the plaintiff and the child, the U.S. Tax Payer, et al.  This illegal representation directly caused further state and federal violations to the plaintiff and resulted in adverse rulings and illegal threats against Rachel Rondeau, as well as further division to the plaintiff's family – both nuclear and extended.  The facts clearly demonstrate that the judicial process employed by the respondents violated the plaintiff's federal constitutional rights and liberties by illegally interfering with the plaintiff's "parent-child" liberty interest, by disregarding high court rulings, by upsetting recent court rulings and scheduled judicial process all favorable to the plaintiff.

73.     On Jan. 26, 2007, Rachel filed her Pro se "Motion To Vacate And/Or Set Aside" and "Motion To Reinstate" with the Family Court at Portsmouth, NH in Case No. 06-J-355.

These pleadings were intended to correct the intentional legal misrepresentation rendered by Attorney Richards in court on Jan. 25, 2007.  See Exhibit "30" in Appendix A.

74.    On Feb. 2, 2007, the plaintiff filed a motion for a continuance in the U.S. Tax Court.  The motion was denied on Feb. 7, 2007.  See Exhibit "36" in Appendix B.

75.    On Feb. 18, 2007, the plaintiff was involved in an automobile accident – the plaintiff suffered multiple injuries when he was struck from the rear by one Josh Gardner of Farmington, NH.

76.    On Feb. 21, 2007, the U.S. Tax Court dismissed the plaintiff's Federal Tax Case (Docket No. 8298-06) for lack of prosecution.   See Exhibit "37" in Appendix B.

77.    On or about Mar. 11, 2007, Rachel spent several hours with Sarah and Ryan in Dover, NH.   When Rachel arrived at her home she was visibly shaken, extremely upset and distraught.  Rachel informed the plaintiff that Sarah attempted to coerce money from her and that Ryan laughed during this incident.  Further, Rachel had already paid extensive monies for attorneys and traffic infractions and a serious automobile accident involving Sarah.

78.    On or about Mar. 12, 2007, at approximately 12:30 a.m. Sarah telephoned the plaintiff on his cell phone and baited him.  Plaintiff was informed that Sarah was sick and that Ryan was driving her to Frisbee Memorial Hospital in Rochester, NH.   Sarah requested that the plaintiff inform Rachel of this issue.  The plaintiff immediately informed Rachel of this incident.   Rachel then telephoned Sarah on Ryan's cell phone.  The plaintiff then drove Rachel to Frisbee Memorial Hospital at Rachel's request.  Upon Rachel and the plaintiff's arrival at the hospital Ryan Delisle left in his car.  Sarah was acting out upon arrival.  Rachel then requested hospital staff to involve the police and thereby illegally interfered with plaintiff's involvement in medical treatment and from making a proper inquiry concerning the child's present health and safety issues.  Additionally, in accordance with current court orders, the child was required to be at the plaintiff's aunt's house in Stratham, NH and not thirty miles away - out all night with her boyfriend and other gang members commonly associated with Ryan Delisle.

79.    On Mar. 22, 2007, following further illegal proceedings in the Family Court at Portsmouth, NH, Rachel informed the plaintiff that Ryan Delisle was back in her home, that he had access to her firearms and that Judge Devries threatened her with arrest and ordered that she couldn't talk with the plaintiff.

80.    On Mar. 22, 2007, the plaintiff filed a Motion For Reconsideration and Motion To Vacate in the U.S. Tax Court.   See Exhibit "39" in Appendix B.

81.    On Mar. 29, 2007, the Family Court at Portsmouth entered an ex-parte restraining order against the plaintiff absent notice and personal jurisdiction and after DCYF withdrew its petition against him.  This new process is based on adoption of illegal process rendered in Case 95-M-1337, Post Divorce litigation brought under NH RSA 458:17 (Declared

unconstitutional and Repealed) and retroactively incorporates NH RSA 169-C in violation of state and federal constitutions and brought illegally to prevent relief in Case 95-M-1337.

82.     On May 21, 2009, in furtherance of the conspiracy identified herein and, in furtherance of promoting communism and, in retaliation to the plaintiff's emails to NH Legislature members and attempts to exercise his state and federal constitutional rights and for having reported federal crimes to federal officials, including defendant Shea-Porter and, for seeking relief from the federal courts and the Congress, defendants NH Supreme Court Justices, Trooper Kenneth Phoenix, NH Senator Sylvia Larson, Bruce Larson, Devries, City of Rochester, its Chief of Police, Officers Ball, Emerson, et al., acting under color of state law and/or alleged authority illegally imprisoned the plaintiff under the pretext of plaintiff's attempt to transfer his previously paid for vehicle license plates from his sold car to his newly purchased vehicle. The plaintiff avers that this was in retaliation to the plaintiff's state and federal court filings and court orders and, an appeal of right to the NH Supreme Court taken by the plaintiff regarding an illegal traffic stop made by Trooper Phoenix in furtherance of the conspiracy identified herein.  The plaintiff asserts that the charges fall under the "fruit of the poisonous tree doctrine" and stem directly as a result of the "unreasonable seizure" of the plaintiff's apartment located at 2A McDuffee Street, Rochester, NH, by defendants Bruce Larson and Devries which was done in furtherance of the conspiracy outlined herein.  The defendants unreasonably created the circumstances that displaced the plaintiff from his place of abode, caused the plaintiff the loss of gainful employment, caused the plaintiff's present poverty, deprived the plaintiff of his state and federal voting rights and federal income tax relief and, led to a criminal charge against the plaintiff brought under a fraudulent pretense and with malice the day after the plaintiff filed an appeal for a fraudulent traffic stop made under color of a speeding violation.

83.   The Exhibits presented in Appendixes A-E demonstrate that the plaintiff has suffered substantial personal injuries as a direct result of state and federal constitutional violations committed against him illegally in and outside of the state courts by the defendants who were at all times acting under color of state law and municipal authority.

84.     Additional evidence demonstrates "beyond doubt" that state officials illegally falsified public records and are illegally using the state courts to harass the plaintiff and arbitrarily deprive him of his state and federal constitutionally guaranteed rights & liberties.

-VII-

**SUPPORTING EVIDENCE**

85.     The plaintiff has provided documentary evidence in included Appendixes A-E in former Civil Action No. 07 0897 previously filed in this court and dismissed without prejudice. The plaintiff reserves his federal right to offer additional proof as to all representations made herein during the course of this litigation including witness tampering, public corruption and fraud by Governor John Lynch and U.S Department of Justice appointed NH Attorney General Kelly Ayote.

-VIII-

## CAUSES OF ACTION

**Reasons why federal habeas relief and a temporary and permanent federal injunction should be granted in this matter immediately:**

86.   Plaintiff has suffered extreme pain, suffering, mental anguish and cruelty and other substantial injuries as a direct result of the defendants' illegal actions and federal violations committed against him by same.  If these cruel and unusual acts are not immediately remedied by this Court in a manner prescribed by the federal constitution and laws then the plaintiff will continue to suffer unreasonably and indefinitely.  The Defendants have unreasonably placed the plaintiff in an untenable and substantially prejudiced position by manipulating events, reversing the presumption of innocence, extensive ex-parte and other secret processes, and by illegally placing his minor child in an adversarial position and forcing him to defend on behalf of a third party in order to attempt to have his Federal Constitutional parent-child liberty interest enforced.  The defendants have for years secreted the plaintiff's child from him, beat and abused her and told her lies which caused the child to fear her natural father – the plaintiff. The plaintiff asserts that the inclusion of a serious criminal matter regarding a third party not relevant to the divorce litigation, namely one Eric Ostman, in this case under color of Divorce Litigation, absent personal and subject matter jurisdiction over same, and brought exclusively in the context of the plaintiff's finally adjudicated divorce case wherein the plaintiff had been properly granted sole legal and physical custody, violated the plaintiff's heightened due process protection rights under the Fourteenth Amendment's Due Process Clause.

87.   The plaintiff alleges that the defendants individually and collectively did illegally use the state courts to illegally harass and injure the plaintiff and did "unreasonably seize" plaintiff's minor child from his legal and physical custody absent "due process" and the "equal protection of law" guaranteed to him under the federal constitution and laws in violation of the Fourth and Fourteenth Amendments; and, that they illegally secreted the minor child from the plaintiff for more than 15 years in which time they unreasonably coached and/or otherwise illegally influenced the child and did unreasonably teach and/or cause said child to hate and fear her biological father - the plaintiff - for merely seeking enforcement of his state and federal constitutional rights, liberties and immunities. The plaintiff alleges that the defendants and others have wrongfully taught the child to hate the plaintiff in order to cover-up and conceal fraud involving racketeering by members of the New Hampshire Bar Association, the New Hampshire legislature, New Hampshire courts – including this Court, and various state agencies and sub-governments (Counties, Cities and towns).  The plaintiff alleges that this fraud and racketeering activity threatens the foundation of the United States government and is contrary to 18 USC §§ 241, 242, 1201, 1957, 1962, the No Child Left Behind Act, the Freedom of Information Act, "Health Insurance Portability and Accountability Act of 1996", and the Child Protection Act.  The plaintiff alleges that members of the New Hampshire Bar Association, the New Hampshire legislature, the New

Hampshire judiciary – including the New Hampshire Supreme Court, and various state agencies and sub-governments (Counties, Cities and towns) have defrauded the plaintiff and his family of rights and liberties long secured by state and Federal constitutions and state and Federal laws; of substantial private monies and federal earned income credit - which is presently causing the plaintiff substantial hardships; and of fair and equitable right of inheritance and other relief. The plaintiff alleges that the New Hampshire legislature has enacted state laws that unreasonably encourage and/or allow members of the New Hampshire Bar Association, including State Judges, to defraud individuals of rights and liberties long secured by state and Federal constitutions - in violation of clearly established state and federal law. The plaintiff further alleges that members of the New Hampshire legislature and the Bar Association have illegally divided the plaintiff's immediate and extended family, and friends of the plaintiff, and then defrauded the plaintiff, his extended family, and friends of the plaintiff of more than $200,000.00 of their personal monies. The plaintiff alleges that the defendant and others defrauded him of at least $3,500.00 in Federal Earned Income Credit that he is legally entitled to under federal law. In furtherance of these frauds, the defendant and others have defrauded the United States taxpayer in all 50 states and the United States government of substantial private and public (Federal) monies. The New Hampshire Supreme Court has allowed said frauds to occur contrary to their official federal duties under Article VI of the United States Constitution. The plaintiff alleges that the New Hampshire Supreme Court in recent years has failed to perform its constitutional duty under Article VI of the United States Constitution by failing to determine the validity of state laws that seek to deprive indigent parents who are unreasonably hauled into court without due process based on the desire of third parties and their privately funded Lawyers, where they are forced to appear pro se and defend from frivolous allegations - criminal in nature, and ultimately robbed of their constitutionally guaranteed rights, liberties and immunities - including the right to custody, care and control of their own minor children. The plaintiff alleges that in this case the New Hampshire Supreme Court has illegally trumped the Constitution and laws of the United States by failing to timely adjudicate these issues properly raised by the plaintiff on several occasions. The plaintiff alleges that the New Hampshire Supreme Court illegally trumped the plaintiff's "parent-child" liberty interest and has established children as mere property to be bought and sold under color of state laws that unreasonably create stepparent and grandparent rights. These laws serve no compelling State interest and are being wrongfully used by the Courts to defraud the United States government of substantial monies on behalf of State government while simultaneously creating a special financial interest on behalf of members of the New Hampshire Bar Association.

88.     The plaintiff alleges that in this case, Judges Galway, Brock, Broderick, Nadeau, Dalianis and Duggan conspired to and did illegally cover-up crimes of perjury, fraud, racketeering, et al., committed in the New Hampshire courts and contained in other official State and public records that involve substantial federal monies. In this case, the New Hampshire Legislature, on behalf of the New Hampshire Bar Association, the New Hampshire courts – including the New Hampshire Supreme Court, and various state agencies and sub-governments (Counties, Cities and towns) even went so far as to order the New Hampshire Department for Health and Human Services to destroy federally funded public records and other evidence, both culpatory and exculpatory in nature, in violation of the Freedom Of Information Act, Federal

Laws regarding Federal monies, the Bill Of Rights, and the Fourteenth Amendment. The plaintiff alleges that Cheryl Reid recently illegally used her position within New Hampshire's Division for Children, Youth & Families and did unreasonably aid Rachel Rondeau, et al., by knowingly making false statements to the plaintiff's minor child and by falsifying official reports kept by said agency and paid for with federal monies. This recent fraud serves no legitimate purpose and further resulted in additional alienation of the plaintiff's minor child from him after the plaintiff had made some significant progress in reestablishing his relationship with said child and his mother. The plaintiff alleges that this new fraud involves the illegal use of federal monies and is an additional fraud which further substantially prejudices the plaintiff in any further State court proceedings and the United States Tax Court in a pending matter.

89.    In this case, the plaintiff's right of family privacy, to "due process" and "the equal protection of the law" under the New Hampshire Constitution and the Fourteenth Amendment was violated when the Superior court illegally allowed defendant Rachel Rondeau to hire a private psychiatrist of her exclusive choice to evaluate the plaintiff after Rachel Rondeau failed to sustain her burden of proof regarding her vague allegations that the plaintiff had abused and neglected his daughter wrongfully brought in a court lacking personal and subject matter jurisdiction. The plaintiff alleges that he was illegally coerced to consent to this evaluation due to the fact that he is not a lawyer, was indigent, was wrongfully deprived of counsel and then denied legal representation during an illegal ex-parte hearing, latter forced to defend from allegations of a criminal nature - in a Civil Proceeding - in a Court lacking subject matter jurisdiction and which had unreasonably seized the plaintiff's minor child from his lawful care, custody and control, and then illegally alienated said child from the plaintiff while unreasonably placing said child in a dangerous and/or otherwise unreasonable environment involving Kenneth Riley - a convicted pedophile - and Rachel Rondeau - an individual who's background was never investigated by the appropriate state agency charged under the Child Protection Act, and held hostage by Superior Court Judges for the purpose of advancing a political agenda on behalf of the financial interest of the New Hampshire Bar Association, et al. In this case, James Myers, a Psychiatrist was unreasonably forced upon the plaintiff by the Court to cover obvious Constitutional violations it caused to the plaintiff. James Myers created a psychiatric report on behalf of Rachel Rondeau, et al., based, in part, on private monies that she paid to him. James Myers report failed to meet the legal professional standards required by the DSM IV and, Maine and New Hampshire law and, state and federal constitutions. Further, the plaintiff argues that the Bill Of Rights cannot be circumvented and/or trumped under color of mental illness – whether actual, merely alleged, and/or fabricated - as in this case. If this were so then the Declaration Of Independence and the United States Constitution should be officially declared null, void and of no effect for all U.S. Citizens. Psychiatry – a theoretical science containing false religious doctrines created by the Communist – is flawed in many respects. Therefore, judicial use of this fraudulent religious-science that deprives individual rights and liberties violates the fundamental principals upon which our Constitutional Republic is founded. When psychiatry is incorporated into a judicial proceeding, regardless of the subject matter, it constitutionally requires Jury participation, not merely any individual government controlled Judge's own interpretation and application in accordance with their own personal prejudices, beliefs,

associations and religious bias. This Court's failure to address these issues and to correct these frauds would result in continued violations of the separation of powers clause of the U.S. Constitution by illegally allowing New Hampshire Judges and Policemen to continue to legislate from the bench and the streets by creating special status on behalf of rouge, socialist minded psychiatrist, lawyers, judges, policemen and other government officials who are clearly bent on the abrogation of the federally protected "parent-child" liberty interest - as demonstrated in this case and by recent national propaganda under the Obama Administration as demonstrated by CNN News. New Hampshire Judicial officials are required to enforce the federal constitution in a manner consistent with the doctrine of "stare decisis" and to base their decisions on particular facts, sufficiently contested and determined, rather than some vague general psychiatric trend that might exist among some unspecified segment of society.

90.     The plaintiff's appeal, Case No. 2003-0590, to the New Hampshire Supreme Court (the State's highest court), regarding the federal constitutional issues identified herein, was substantially tainted by the illegal participation of at least four disqualified judges, defendants Galway, Hicks, Nadeau and Brock.  The plaintiff avers that defendant Nadeau's and Brock's direct participation invalidates the New Hampshire Supreme Court's summary dismissal of his pro se appeal in Case No. 2003-0590.  Further, the process used by the New Hampshire Supreme Court in this case illegally deprived the plaintiff of his right to fair access to the state courts by failing to afford the plaintiff opportunity to file the complete record and brief the questions of law.   The New Hampshire Supreme Court defendants subsequently addressed, in part, the same questions of law that were previously presented to it by the plaintiff in Case No. 2003-0590, in The Matter Of R.A. And J.M., Case No. 2004-721 (decided Dec. 30, 2005).  The New Hampshire Supreme Court committed "legal fraud" when it suppressed the plaintiff's appeal and several petitions contrary to its official federal duties under Articles IV & VI and the Fourteenth Amendment of the United States Constitution and then subsequently claimed that the federal constitutional questions presented in The Matter Of R.A. And J.M., Case No. 2004-721 were ones of first impression.  The defendant omitted facts and legal challenges relevant and necessary for a comprehensive "strict scrutiny" analysis in a manner consistent with the 14th Amendments due process requirements as outlined in Loraine Mullins and Charles Mullins v. State of Oregon, Case no. 94-35777 (1995, CA 9 Oreg.) (Prohibiting State from creating an entirely new type of Grandparent family); Brooks et al. v. Parkerson, 265 Ga. 189 (454 SE2d 769) (1995); Fowler v. Knebel, et al., LLR 1996 GA 334 (S95A1700) (Constitutionality of Non-parental visitation laws - Declared unconstitutional); Troxel V. Granville (99-138), 137 Wash. 2d 1, 969 P.2d 21, Affirmed. (Constitutionality of Non-parental visitation laws - Declared unconstitutional, et al.); In Re The Custody of Chance T. Nunn, 103 Wash.App. 871, 14 P.3d 175 (2000); Dodge v. Grayville, 121 S.Ct. 2584 (2001); DeRose v. DeRose, 469 Mich. 320, 666 N.W.2d 636 (Mich. 07/31/2003) (Constitutionality of Non-parental visitation laws - Declared unconstitutional); and Sullivan v. Sapp, No. SC02-2490 (Fla. 01/15/2004) (Constitutionality of Non-parental visitation laws - Declared unconstitutional). The New Hampshire Supreme Court's decision in The Matter Of R.A. And J.M., Case No. 2004-721 is based entirely on fraud involving public corruption and political influence by the N.H. Senate and the U.S. Department of Justice.  It includes unreasonable process, suppression, deceit, perjury and cover-up. The New Hampshire Supreme Court's decision in the plaintiff's case is in direct

contradiction with the doctrine of "stare decisis" and its own decisions concerning the "parent-child" liberty interest, including its decision in The Matter Of R.A. And J.M., Case No. 2004-721. It is in direct conflict with the sound decisions fairly and timely rendered by several other State Supreme Courts and the U.S. Supreme Court. See Loraine Mullins and Charles Mullins v. State of Oregon, Case no. 94-35777 (1995, CA 9 Oreg.) (Prohibiting State from creating an entirely new type of Grandparent family); Brooks et al. v. Parkerson, 265 Ga. 189 (454 SE2d 769) (1995); Fowler v. Knebel, et al., LLR 1996 GA 334 (S95A1700) (Constitutionality of Non-parental visitation laws - Declared unconstitutional); Troxel V. Granville (99-138), 137 Wash. 2d 1, 969 P.2d 21, Affirmed. (Constitutionality of Non-parental visitation laws - Declared unconstitutional, et al.); In Re The Custody of Chance T. Nunn, 103 Wash.App. 871, 14 P.3d 175 (2000); Dodge v. Grayville, 121 S.Ct. 2584 (2001); DeRose v. DeRose, 469 Mich. 320, 666 N.W.2d 636 (Mich. 07/31/2003) (Constitutionality of Non-parental visitation laws - Declared unconstitutional); and Sullivan v. Sapp, No. SC02-2490 (Fla. 01/15/2004) (Constitutionality of Non-parental visitation laws - Declared unconstitutional). This court's decision in this case not only immediately affects the "parent-child" liberty interest of every parent within the State of New Hampshire, it has the far reaching potential of affecting the "parent-child" liberty interest of every parent in all the other states of this Constitutional Republic concerning the compounded federal earned income and child tax credits and, other equal rights under other state and federal programs.

91.    This case includes issues of first impression concerning the application of the federal income tax laws on behalf of non-parents, as well as well-settled issues of law: This Court has never before addressed the constitutionality of newly created state laws that place un-scrutinized and potentially dangerous and/or unfit non-parents on higher standing than fit parents and authorizes them to use the state courts to steal time and parent making decisions from natural and adoptive parents and to set the stage for seeking custody of children, in the context of Divorce litigation, prior to a constitutionally derived showing of parental unfitness as required by the federally funded Child Protection Act. The NH Supreme Court has failed to defend and enforce rights and liberties long secured by the U.S. Constitution and laws; has so far departed from the accepted and usual course of judicial proceedings, and/or has sanctioned such a departure by the lower state courts over a substantial period of time, as to call for an immediate exercise of this Court's original powers under Article III of the U.S. Constitution, et al. Further, it has decided and/or passed over substantial questions involving federal law and Article III controversies in a way that conflicts with the decisions of several state courts of last resort, the federal Courts and the U.S. Supreme Court. The NH Supreme Court's repeated failure to address a controversy properly before it has routinely placed the plaintiff and his child in highly injurious, prejudicial and untenable situations which now includes compounded litigation involving the federal tax court and another false imprisonment violation.

   **The plaintiff argues that RSA's 458:17 and 458:17-d (repealed), and the New Hampshire's new Grandmother visitation and custody laws as constructed are repugnant to the Declaration of Independence and the U.S. Constitution and, as applied in this case, violates the plaintiff's rights, liberties and immunities under the federal constitution and laws.**

92.     It is well settled that the liberties guaranteed by the U.S. Constitution include the rights of
parents to the care, custody, management, companionship, control and nurture of their
children.  This includes the right of parents to decide who will educate, socialize and
otherwise influence them.  See:

In *Meyer* v. *Nebraska,* 262 U.S. 390, 399, 401 (1923), the Court held that the "liberty"
protected by the Due Process Clause includes the right of parents to "establish a home
and bring up children" and "to control the education of their own." Two years later, in
*Pierce* v. *Society of Sisters,* 268 U.S. 510, 534—535 (1925), the Court again held that the
"liberty of parents and guardians" includes the right "to direct the upbringing and
education of children under their control." The Court explained in *Pierce* that "[t]he child
is not the mere creature of the State; those who nurture him and direct his destiny have
the right, coupled with the high duty, to recognize and prepare him for additional
obligations." *Id.*, at 535. The Court returned to the subject in *Prince* v. *Massachusetts,*
321 U.S. 158 (1944), and again confirmed that there is a constitutional dimension to the
right of parents to direct the upbringing of their children. "It is cardinal with us that the
custody, care and nurture of the child reside first in the parents, whose primary function
and freedom include preparation for obligations the state can neither supply nor hinder."
*Id.*, at 166. In subsequent cases also, the Court recognized the fundamental right of
parents to make decisions concerning the care, custody, and control of their children. See,
*e.g.*, *Stanley* v. *Illinois,* 405 U.S. 645, 651 (1972) ("It is plain that the interest of a parent
in the companionship, care, custody, and management of his or her children 'come[s] to
this Court with a momentum for respect lacking when appeal is made to liberties which
derive merely from shifting economic arrangements' " (citation omitted)); *Wisconsin* v.
*Yoder,* 406 U.S. 205, 232 (1972) ("The history and culture of Western civilization reflect
a strong tradition of parental concern for the nurture and upbringing of their children.
This primary role of the parents in the upbringing of their children is now established
beyond debate as an enduring American tradition"); *Quilloin* v. *Walcott,* 434 U.S. 246,
255 (1978) ("We have recognized on numerous occasions that the relationship between
parent and child is constitutionally protected"); *Parham* v. *J. R.,* 442 U.S. 584, 602
(1979) ("Our jurisprudence historically has reflected Western civilization concepts of the
family as a unit with broad parental authority over children. Our cases have consistently
followed that course"); *Santosky* v. *Kramer,* 455 U.S. 745, 753 (1982) (discussing "[t]he
fundamental liberty interest of natural parents in the care, custody, and management of
their child"); *Glucksberg, supra,* at 720 ("In a long line of cases, we have held that, in
addition to the specific freedoms protected by the Bill of Rights, the 'liberty' specially
protected by the Due Process Clause includes the righ[t] … to direct the education and
upbringing of one's children" (citing *Meyer* and *Pierce*)). In light of this extensive
precedent, it cannot now be doubted that the Due Process Clause of the Fourteenth
Amendment protects the fundamental right of parents to make decisions concerning the
care, custody, and control of their children. *Troxel v. Granville, (99-138) 137 Wash. 2d 1,
969 P.2d 21, affirmed (Decided June 5, 2000).*

93.    The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." This Court has long recognized that the Amendment's Due Process Clause, like its Fifth Amendment counterpart, "guarantees more than fair process." *Washington* v. *Glucksberg,* 521 U.S. 702, 719 (1997). The Clause also includes a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Id.*, at 720; see also *Reno* v. *Flores,* 507 U.S. 292, 301—302 (1993); *Reno v. Flores, 113 S. Ct. 1439, 1447 (1993); Collins v. City of Harker Heights, 112 S. Ct. 1061, 1068 (1992); Santosky v. Kramer, 455 U.S. 745, 753 (1982); Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000).*

94.    In *Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000),* the U.S. Supreme Court upheld the Washington State Courts' findings that a custodial mother was unreasonably forced to defend against intrusive Grandparents seeking State court ordered visitation with her children over her objection. The Court held that under the federal constitution parents have the absolute right to limit access to their children with non-parents, including Grandparents. The Court expressly held that the federal constitution prohibits a judge from using the "best interest of the child" standard to second-guess the parent making decisions of fit custodial parents. The Court clearly recognized that the intrusive litigation process forced upon the "parent-child" liberty interest by non-parents could in and of itself equate to violations of that federally protected liberty interest and violate the Fourteenth Amendment's Due Process Clause.

95.    New Hampshire's Grandparent visitation law RSA 458:17-d and Non-parent custody law RSA 458:17, at paragraph VI (Repealed Jan. 1, 2006), and the new Grandmother laws authorizes unreasonable, extremely offensive and highly injurious state court interference into the private affairs of natural parents and substantially affects the "parent-child" liberty interest absent a legitimate, let alone a compelling state interest, exclusively on behalf of non-parents and their privately paid lawyers. The plaintiff argues that both statutes are extremely vague and are facially unconstitutional on that basis alone. See *City Of Chicago* V. *Morales et al., certiorari to the Supreme Court of Illinois No. 97-1121. Argued December 9, 1998-- Decided June 10, 1999; Grayned V. City Of Rockford, 92 S.Ct. 2294, 408 U.S. 104 (1972)* ("Vague laws offend several important values; first, vague laws may trap the innocent by not providing fair warning; second, vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with attendant dangers of arbitrary and discriminatory application; and third, where a vague statute abuts on sensitive areas of basic First Amendment freedoms, it operates to inhibit the exercise of those freedoms"). The statutes at issue in this case unreasonably incorporate and thrust grandparents and step parents into the "parent-child" liberty interest and presumes acquiescence that divorced and separated natural parents are not entitled to the same fundamental rights, liberties and constitutional protections that married parents are entitled to under similar situations - based on marital status standing alone. Further, the statutes discriminate on the basis of age, gender, religion and politics. The statutes as written are not only vague, they treat a particular class of people differently and therefore, violate the Declaration of Independence, Article IV, Section 2, Clause 1, Article VI, Clause 2 and the

First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Const. See *United States V. Brown, 381 U.S. 303, 66 S.Ct. 1073 (1946)* ("Legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution."); *Johnson V. Robinson, 94 S.Ct. 1160, 415 U.S. 361 (1974)* ("A classification must be reasonable, not arbitrary, and must rest upon some ground of differences having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."); *Levy V. Louisiana, 88 S.Ct. 1509, 391 U.S. 68 (1968)* ("While a state has broad power when it comes to making classifications, it may not draw a line which constitutes an invidious discrimination against a particular class").   The plaintiff argues that RSA 458:17-d and RSA 458:17 (paragraph VI) violates the Fourteenth Amendment's Equal Protection Clause and State Prohibition Clause.

96.    Additionally, RSA 458:17-d, RSA 458:17 (paragraph VI) and the new Grandmother laws authorize unreasonable and highly offensive state court interference in the private affairs of the nuclear family, as was done in this case, at a time when the members of that family are undergoing significant emotional and financial stress due to the dissolution of a marriage. They unjustly further complicate an already traumatic episode of family life, especially so for the children who are unfortunately caught up in the litigation process.  The laws at issue unreasonably distract the state court from its duty to properly weigh the interest of the natural parent(s) and determine custody of children in a reasonable forum, within a reasonable period of time, within the boundaries of Domestic Relations and ultimately, the U.S. Const.  It is clearly recognized that "the loss of custody of a child is a sanction more severe than imprisonment". See *N.H. S.Ct., In re BABY K., No. 96-775, decided December 18, 1998.* The process of allowing non-parents to seek any type of custody of children in the context of divorce and/or post divorce litigation absent a constitutionally derived "threshold" showing of harm by both natural parents by the state, a presumed neutral evaluator, is in and of itself extremely cruel and unusual and therefore violates the mandates and expressed prohibitions contained in the federally funded Child Protection Act, Part First, Article 2 of the N.H. Constitution and, the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution.  Further, the statutes unreasonably authorize the unconstitutional free ranging "best-interest" of the child standard to decide custody and visitation of children between a parent and a non-parent, absent a constitutionally derived "threshold" showing of parental unfitness against the natural custodial parent by the state agency charged with such authority under state law and despite the parent's objection to the process and standards employed by any particular Judge.  The statutes, as written, erroneously authorize any particular Judge to inject their own personal opinions, prejudices, ideologies, moralities, etc., over that of fit custodial parents and to wrongfully subject parents to their personal decisions without regard to the parent's personal opinions, ideologies, moralities, social and political affiliations, choices in family matters, et al. (including religious affiliations and beliefs).  The statutes vagueness coupled with the fact that most Judges (Grandparents) are older than the young parents that are just starting out with their own nuclear families unreasonably invites encroachment on the personal liberties of parents by state judges based on their personal character and views (including religion) and could easily be used to discriminate against parents and indoctrinate children based thereon – as was done in this case, thereby

undermining the separation of church and state prohibitions contained in the First Amend., the unreasonable seizure prohibition contained in the Fourth Amend., the right to a fair trial under the Fifth and Sixth Amends., the cruel and unusual punishment prohibitions contained in the Eighth Amend., and the right to "due process" and "equal privileges, protections and immunities of law" contained in the Ninth and Fourteenth Amendments to the U.S. Const.

97.    Turning to the facts of this case: RSA 458:17, paragraph VI, RSA 458:17-d and the new Grandmother's rights laws, as constructed and as applied directly contravenes the substantive and procedural due process and the equal protections, privileges and immunities guaranteed to the "parent-child" liberty interest under the Constitution of the United States. The plaintiff argues that his child was unreasonably seized from his lawful custody; that his child was indoctrinated by Rachel Rondeau (a Catholic), Richard Rondeau (a KKK member), the NH Association of Chiefs of Police (White Supremist), the Catholic Church, et al., by and through the police micromanaged Superior Court Judges who were clearly acting under color of state authority; that he was wrongfully deprived of physical custody of his child absent procedural and substantive due process of law; that he was deprived of physical custody of his child absent the equal privileges, immunities and protections of the law based on his marital status, generation, gender, financial status, social status and religious and political affiliations and beliefs; that he was repeatedly denied reasonable and meaningful access to the state courts, defrauded of personal monies and federal earned income and child tax credits, and forced to defend from fraudulent criminal allegations in civil proceedings in the absence of the Grand Jury process, without service of process or notice as required by state law; forced to defend from fraudulent criminal allegations in a court that lacks statutory and subject matter jurisdiction and absent notice; that he was repeatedly deprived of his right of self representation and to the effective assistance of legal counsel; that he was repeatedly deprived of his right to have a fair trial (compulsory process, right to trial by jury, et al.); that he was deprived of his right to have his "parent-child" liberties enforced by the New Hampshire Supreme Court as required by U.S. Constitution and RSA 463:3; all in violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution.

98.    From the beginning of this case the plaintiff's federal rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments were implicated.  The trial judge's initial temporary placement of Sarah in Rachel's physical custody leads a reasonable person to believe that the plaintiff was not free to exercise his parental liberty to the custody, care and nurture of his child and that his child had been seized from his lawful custody.  Therefore, the judge, by show of authority restrained the liberty of the plaintiff within the meaning of the Fourth Amendment.  See *United States v. Mendenhall, 446 U.S. 544, 554 (1980); Tenenbaum, 193 F.3d at 603-05; Donovan v. City of Milwaukee, 17 F.3d 944, 948 (7th Cir. 1994); Wooley v. City of Baton Rouge, 211 F.3d 913, 925-26 (5th Cir. 2000); et al.*

99.    The First Amendment, incorporated by the Fourteenth Amendment, expressly states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people

peaceably to assemble, and to petition the government for a redress of grievances". U.S. Const., amend. I.

100.    The Fourth Amendment, incorporated by the Fourteenth Amendment, expressly states, "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, . . ." U.S. Const., amend. IV.

101.    The Fifth Amendment, incorporated by the Fourteenth Amendment, expressly states, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation". U.S. Const., amend. V.

102.    The Sixth Amendment, incorporated by the Fourteenth Amendment, expressly states, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense". U.S. Const., amend. VI.

103.    The Eighth Amendment, incorporated by the Fourteenth Amendment, expressly states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted". U.S. Const., amend. VIII.

104.    The Ninth Amendment, incorporated by the Fourteenth Amendment, expressly states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people". U.S. Const., amend. IX.

105.    The Fourteenth Amendment expressly states that, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws". U.S. Const., amend. XIV.

106.    The plaintiff argues that the trial judge's initial and all subsequent interference with the plaintiff's parental liberty to the custody, care, companionship and nurture of his child was unreasonable and therefore, violated the plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the U.S. Constitution.

107.    In the context of removing a child from their parent, a seizure must be reasonable.  See *Tennessee v. Garner, 471 U.S. 1, 8 (1985)* ("reasonableness depends on not only when a seizure is made, but also how it is carried out"). "The test for reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," and "its proper application requires careful attention to the facts and circumstances of each particular case." *Graham v. Connor, 490 U.S. 386, 396 (1989)*.  RSA 458:17-d and RSA 458:17 are not narrowly tailored to adjudicate abuse and neglect allegations concerning minors, and the normal procedure of the Superior court is to stay Divorce proceedings that include these issues pending investigation by DCYF and, if founded, prosecution and adjudication in the district court. The district courts are statutorily empowered with "exclusive original jurisdiction" in all proceedings involving prosecutions concerning allegations of abuse and/or neglect of children.  In this case, there was no such process.  See RSA 169-C

108.    In this case, the facts do not lead a reasonable person to conclude that the judge's initial interference with the plaintiff's parental liberties and his temporary placement of Sarah in Rachel's physical custody was reasonable under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments.  The plaintiff never legally consented to the judge's initial removal of his child from his custody and he never signed a consent order. "Courts (must) indulge every reasonable presumption against waiver of fundamental constitutional rights, and... not presume acquiescence in the loss of fundamental rights" *Dimick V. Schiedt, 293 U.S. 474 (1935); 304 US at 464*.  Further, even assuming arguendo that mere allegations equate to fact, in this case, during the initial hearing, there was not a single allegation made regarding the plaintiff's parenting capabilities or reasonable cause to believe that Sarah was in imminent danger of abuse or neglect by the plaintiff.  The initial temporary placement of Sarah in Rachel's physical custody was based exclusively on fraud involving an unlawful agreement between Rachel and the plaintiff's attorney of record in this matter, Paula M. DeSaulnier, made in open court before the judge. The judge wrongfully allowed Paula DeSaulnier to represent Rachel's request for custody despite her lawful obligation to effectively represent the exclusive interests of the plaintiff and thereby, wrongfully promoted Rachel's status and a political agenda to enact state laws that unreasonably place non-parents on equal or higher footing than with parents in divorce litigation which includes issues involving custody of children; children who are in the custody of a fit natural parent.  The plaintiff argues that in light of an obvious conflict of interest, which developed in the courtroom before the trial judge in an ex parte proceeding, the trial judge substantially erred when he failed to intervene on behalf of the absent plaintiff as required under the U.S. Constitution. "State judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights." *Goss V. State Of Illinois, 312 F2d. 1279 (U.S.Ct.App. - Illinois - 1963).* "It is the duty of the courts to be watchful for constitutional rights of the citizen, against any stealthy encroachments thereon." *Boyd V. U.S., 116 US 616, 635, (1885).* The United States Supreme Court noted that a parent's right to "the companionship, care, custody and management of his or her children" is an interest "far more precious" than any property right. *Mav V. Anderson, 345 U.S. 528, 533; 73 S.Ct. 840, 843 (1952).* "No bond is more precious and none should be more zealously protected by the law as the bond between parent and child." *Carsen V. Elrod, 411 F.Supp. 645, 649 (U.S. District Court Eastern Dist. Virginia 1976).*

109.    The judge's initial order concerning the temporary placement of Sarah in Rachel's physical custody was made absent any findings of parental unfitness, in regards to the plaintiff, and the judge failed to establish personal and subject matter jurisdiction and to articulate the standards and the authority upon which he relied to support his decision. Further, the judge's temporary placement of Sarah was made recklessly, in complete disregard for her safety and wellbeing, absent any review concerning Rachel's background and in spite of the fact that the court initially found and the record showed that Rachel's live in boyfriend was legally prohibited from being in the child's presence based on his personal admission and conviction of felonious sexual assault and rape of a child.  The sole basis for the initial temporary placement of Sarah in Rachel's physical custody was for the court to arrange for a complete review by DCYF regarding specific allegations of parental unfitness against the child's mother, the defendant in the libel for divorce suit.  In fact, there were no allegations made to the court regarding the plaintiff's ability to care for his child.

110.    Despite DCYF's findings in support of the plaintiff, submitted to the court by way of a properly filed report, and its recommendation that Sarah's physical custody be rescinded exclusively to him, the Superior court illegally continued to interfere with the plaintiff's "parent-child" liberties and authorized Rachel Rondeau to be joined as a party to the divorce matter and thereby unreasonably granted her joint legal and physical custody with the plaintiff based on marital status, gender, age, political patronage, religion, etc., and the state's political agenda to include grandparents in the divorce process on behalf of the financial interests of New Hampshire lawyers.  Rachel's initial position in this case was fraudulently obtained and exclusively granted by the divorce court absent legislative authorization, proper notice, service of process, and was done in violation of the plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Const.

111.    Based on these initial constitutional violations, the plaintiff was substantially prejudiced throughout the entire duration of the divorce and post divorce litigation process and unreasonably subjected to a series of additional deprivations of his "parent-child" liberty interest absent "heightened due process protections" and the "equal protection, privileges and immunities of law" in violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Const.  This includes illegal interference by the state with the plaintiff's right to claim his child for federal income tax purposes.  Despite these extensive constitutional violations, the plaintiff was properly awarded exclusive physical and legal custody of his child, Sarah Rondeau, on March 1, 1993, which concluded all issues raised by the parties and Rachel Rondeau.

112.    The process affording Rachel opportunity to initiate abuse and/or neglect proceedings in the Superior court in a post-divorce proceeding and to upset the March 9, 1993 decree absent an initial "threshold finding of parental unfitness" against the plaintiff by the state, based exclusively on Rachel's personal allegations that had already been considered by the Superior court on March 1, 1993, fails to comply with the "heightened due process protections" guaranteed to the plaintiff's "parent-child" liberty interest under the U.S. Const., and violates the established doctrines of *res judicata* and *collateral estoppel*. The plaintiff was wrongfully

deprived of his "parent-child" liberty interest in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments and RSA 463:3 when the Superior Court Judge in the post-divorce proceeding erroneously presumed that the plaintiff (who was an indigent male and a divorced natural custodial parent) was acting contrary to his child's "best interest" based on mere allegations represented exclusively by Rachel by and through her privately paid attorneys. The Superior court substantially erred by unreasonably bestowing unprecedented, fictional liberty status upon Rachel - exclusively under color of RSA 458:17-d - and when it modified the March 9, 1993 Final Divorce order absent a constitutionally derived "threshold" finding of parental unfitness against the plaintiff. The Judge's decision was based on a criminal allegation made exclusively by Rachel, concerning a non-domestically associated third-party, and had previously been considered by the Superior Court on March 1, 1993. The unorthodoxed process incorporated by the Superior court erroneously failed to properly consider the appropriateness of Rachel to function as the temporary caregiver for the plaintiff's precious child prior to the initial change of custody. Further, the Superior court recklessly disregarded its own record showing that Rachel and her common law husband - a self admitted and duly convicted pedophile - posed a substantial risk of harm to the safety and well-being of the plaintiff's child. The Superior court also erroneously disregarded its own record showing Rachel's substantial history of secreting and coaching the child, et al. The plaintiff argues that the process and standards employed by the Superior court, and in light of the absence of its jurisdiction over the issues considered, unreasonably deprived him of physical custody of his child in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Const. See

> *IN RE: Bill F., 761 A.2d 470 (N.H. S. Ct.) (2000); Quilloin v. Walcott, 98 S Ct 549; 434 US 246, 255-56 (1978); Santosky v. Kramer, 102 S.Ct. 1388, 455 U.S. 745, 769 (1982); Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000); In Re The Custody of Chance T. Nunn, 103 Wash.App. 871, 14 P.3d 175 (2000); Dodge v. Grayville, 121 S.Ct. 2584 (2001).*

113.   The plaintiff was deprived of his right to "heightened due process protection" when the court failed to rule on his properly filed "Objection to the State of New Hampshire Acting Under Color of Law and Motion to Dismiss". Said Objection was filed on June 1, 1994, prior to entry of any orders that upset the March 9, 1993 final decree of custody. This initial error, on the part of the court, caused substantial prejudice to the plaintiff that unfairly affects his "parent-child" liberty interest to this day. Rachel's status in this case was unreasonably bolstered due to the unusual process and unconstitutional standards employed by the Superior court while acting exclusively under color of RSA 458:17-d. The erroneous process afforded to Rachel every imaginable opportunity to retroactively fabricate evidence in support of her request for modification of custody (her privately funded criminal/abuse/parental unfitness complaint and guardian petition). Evidence that did not exist prior to the seizure of the plaintiff's child, subsequently fabricated by Rachel, et al., and derived in the absence of the "heightened due process protections" afforded to the "parent-child" liberty interest under the Fourteenth Amendment is the result of an erroneous process that is fundamentally unfair and therefore, not legally binding as a matter of law.

114.    The processes rendered on behalf of Rachel, during the initial stages of her request for modification of custody, brought under color of RSA 458:17-d, unfairly resulted in Rachel's present status and are reminiscent of the "unusual" procedures employed in Santosky v. Kramer, 102 S.Ct. 1388, 455 U.S. 745, 769 (1982), with the single exception that the facts in this case are far more "shocking to the conscience". In the Santosky case, the child was not recklessly entrusted to the common law wife of a convicted pedophile over the objection of the child's custodial parent(s) based solely on the personal opinion(s) of a Superior Court Judge.

115.    The Superior court's ex-parte order of April 9, 1997, awarding sole legal and physical custody of the plaintiff's child to Rachel Rondeau is unconstitutional on its face and is void as a matter of law. See *Rankin v. Howard, 633 F.2d 844 (1980); Geisinger v. Vose, 352 F.Supp. 104 (1972)*. Further, said order does not indicate the Superior court's alleged authority to enter such a decree, was entered in secret absent notice and service of process on the plaintiff, and fails to comply with the Fourteenth Amendment's "equal privileges, immunities and protection of law" and "heightened due process protection" requirements. This fundamentally unfair process denied the plaintiff access to the state courts and unreasonably deprived the plaintiff of all his parental liberties, including physical custody, and simultaneously bolstered Rachel Rondeau's status and influence with the child.

116.    In this case, New Hampshire's non-parent visitation law was unreasonably used to deprive the plaintiff of physical custody of his child based on marital status, gender, age, unlawful financial considerations and transactions, fraud, political patronage to state employees and litigation brought by third party non-parents under color of "Domestic Relations" using the unconstitutional free ranging "best interest of the child" standard absent requiring a constitutionally derived threshold showing of parental unfitness by the State. At least one state has held, based on Troxel, that a non-parent seeking to obtain custody of a child from a fit custodial parent lacks legal standing to bring litigation for that purpose absent a constitutionally derived "threshold showing of parental unfitness" brought by the state agency charged with the duty of protecting children from abuse or neglect under narrowly tailored state law. See e.g., In Re The Custody of Chance T. Nunn, 103 Wash.App. 871, 14 P.3d 175 (2000).

117.    The plaintiff argues that the federal constitution expressly prohibits the states from treating a divorced or separated father differently than a currently married father living with his children. See *Quilloin v. Walcott, 434 U.S. 246, 255-256 (1978)*. Judicially created classifications that discriminate against individuals on account of gender are outside of the state's competency to enforce.

118.    In *Leclerc v. Leclerc, 85 N.H. 121, 155 A. 249 (1931)* the NH Supreme Court held that the Superior court lacks jurisdiction over Guardianship of children. In NH the Probate court is vested with "exclusive jurisdiction" over Guardianship of children and the "Superior court has no jurisdiction to appoint a custodian of a minor". See *Martha and Thomas McLaughlin v. Joseph Mullin, No. 93-612 (NH Supreme Court)(1994)*.

119.    NH RSA 463:3, (Parents' Rights) at paragraph I states, "The father and mother of every minor are joint guardians of the person of such minor, and the powers, rights, and duties of the father and mother in regard to such minor shall be equal...

120.    NH RSA 458:17-d is a Grandparent visitation statute.  It does not confer upon the Superior court original jurisdiction over Guardianship of children. RSA 458:17-d, at paragraph VI, specifically prohibits the Superior court from construing said statute "to affect the rights of a child or natural parent... under RSA 463... Further, said statute does not confer upon the Superior court original jurisdiction over private criminal complaints involving child abuse claims or parental unfitness claims.  In New Hampshire the district court is statutorily vested with exclusive original jurisdiction over all proceedings involving allegations of child abuse and neglect. See RSA 169-C:3 & 169-C:4. In, *In Re Noah W. and Gabriel W. 549 A.2d 1210, 131 N.H. 53 (1988)*, the New Hampshire Supreme Court upheld the Probate Court decision that requires "a district court finding as a predicate to probate jurisdiction".

121.    In *Troxel* the U.S. Supreme Court noted that just the litigation process itself, under state non-parent visitation laws, could be so disruptive to the parent-child relationship as to constitute an unreasonable interference with that liberty interest in violation of the Fourteenth Amendment to the U.S Const.  In this case the litigation process is premised exclusively upon fraud and has for years unreasonably interfered with and prevented the plaintiff from exercising basic fundamental personal choices regarding family life, companionship, association, religion, voting (federal elections), employment, education, interstate travel, international travel, place of residency, federal income tax filings, etc.  Further, in this case the defendants have illegally used the state non-parent visitation law as Bill of Attainder and have illegally continued to harass and sanction the plaintiff absent legislative authorization and in violation of state and federal criminal codes. The plaintiff's parental rights have not been terminated and he objects to Rachel Rondeau's erroneous custody status and argues that she does not have the right to claim the child, Sarah Rondeau, for federal income tax purposes, and that the NH Courts have allowed lawyers to misrepresent Rachel Rondeau in regards to this federal issue and rob her and other federal tax payers in all fifty states of this Republic of substantial personal monies.  The federal tax court lacks personal and subject matter jurisdiction to review the underlying corruption, fraud and constitutional violations committed against the plaintiff in this case.  Further, the plaintiff argues that it is the duty of this court under the federal constitution to review this case in order to provide appropriate guidance to the federal tax court consistent with the Florida Supreme Court's decision in *Sullivan v. Sapp, No. SC02-2490 (Fla. 01/15/2004)*; which includes similar facts and questions of law as presented in this case and which specifically addresses the  federal income tax question. Until these issues are properly resolved by the federal courts, the plaintiff is unable to properly file his federal income tax returns, et al.

122.    The child protection act, a Federal law, sets fourth the rights, duties and obligations of all parties of interest when allegations of abuse or neglect arise.  Strict adherence to the child protection act is a prerequisite for a constitutionally sound determination of parental unfitness.  Such statutory enactments create substantive rights that are subject to procedural due process protections.  By employing the divorce statutes as a means to authorize a

grandparent to circumvent federal requirements, as was done in this case, the legislature has created a class of citizens with special status – grandparents and stepparents – in violation of U.S. Constitution.  The non-parent visitation laws represented herein do not offer any "due process" protections and do not clearly promote the "best interest" of the child.  Further, these laws contradict NH Child Protection laws. See *Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000); Dodge v. Grayville, 121 S.Ct. 2584 (2001); In Re The Custody of Chance T. Nunn, 103 Wash.App. 871, 14 P.3d 175 (2000); et al.*

123.    The New Process initiated by the state, involving DCYF and the Family Court at Portsmouth, NH, was both retaliatory and is frivolous in nature, and whether brought intentionally or not, illegally prevents the plaintiff from reestablishing his proper role in the child's life and from having a meaningful relationship with her.  The state initiated neglect proceedings came on the heels of a scheduled hearing for un-contested modification of custody and following years of illegally suppressed legal challenges made by the plaintiff and presented to the states highest court for more than fifteen years.  These proceedings sought to re-litigate issues erroneously brought in a court that clearly lacked personal and subject matter jurisdiction through a process that failed to adjudicate the plaintiff's pleadings properly filed in the matter, removed the plaintiff as a party to the proceedings that directly concerned his interests, and without notice then proceeded against the plaintiff in the matter by continued litigation against his mother.  The court violated the plaintiff's right to notice and opportunity to be heard by conducting illegal ex-parte proceedings against him after actively taking steps to remove him as a party to these proceedings.  The court violated the plaintiff's rights under the Fourteenth Amendment when it failed to properly adjudicate or even rule on his pleadings filed on Jan. 4, 2007, which included issues involving the plaintiff's right to claim his minor child for federal income tax purposes, et al., and by then granting DCYF's Motion To Withdraw its neglect petition against the plaintiff, and then proceeding to adjudicate the allegations of neglect concerning the plaintiff.  The plaintiff argues that for all intent and purposes, DCYF's Petition for neglect against Rachel Rondeau is in all actuality an ex-parte petition against the plaintiff, brought retroactively in violation of state and federal const., and is a Bill of Attainder.  The process places the plaintiff in the substantially prejudiced and untenable position of having his interests represented by and through Rachel Rondeau and DCYF, both adverse parties.  This process comes on the heels of Judge Devries unreasonably setting aside the restraining order against Ryan Delisle - entered by Judge Groff.  The court's decision setting aside the restraining order against Ryan has resulted in the post order status; Ryan is back sleeping with the child in her bedroom at Rachel Rondeau's home and Rachel Rondeau is unable to prevent Ryan's undesirable influence over the child in Rachel Rondeau's home, and this reckless judicial interference by Judge Devries endangers the health and safety of both Sarah and Rachel and illegally further alienates the child from the plaintiff based on political corruption, judicial fraud and personal bias.

124.    Prior to, and following, the U.S. Supreme Court's decision in *Troxel,* the high courts in several states have reviewed the constitutionality of their non-parent visitation laws, facially and as applied.  New Hampshire is the only state in the country to disregard the constitutional

standards and protections traditionally employed to the "parent-child" liberty interest despite repeated request by this aggrieved plaintiff. Further, in contempt of this Court, the NH Legislature has retroactively enacted new laws that place non-parents (Grandmothers) on higher standing than with parents and have disguised them in the context of Domestic Relations. The new process illegally uses federal monies under color of the Child protection Act. The failure of the NH courts to recognize the constitutional dimension concerning the "parent-child" liberty interest and to apply it to the plaintiff in this case is contrary to the recognition and application of this same liberty interest that the citizens of other states have received under similar circumstances, both in state and federal courts, under the Fourteenth Amendment. See,

> *Sullivan v. Sapp, No. SC02-2490 (Fla. 01/15/2004)(includes facts and questions of law concerning a Grandmother's right to claim her grandchild for federal income tax and earned income credit purposes); DeRose v. DeRose, 469 Mich. 320, 666 N.W.2d 636 (Mich. 07/31/2003); Fowler v. Knebel, et al., LLR 1996 GA 334 (S95A1700); Loraine Mullins and Charles Mullins v. State of Oregon, Case No. 94-35777 (1995, CA 9 Oreg.); Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000); In Re The Custody of Chance T. Nunn, 103 Wash.App. 871, 14 P.3d 175 (2000).*

125.    The plaintiff argues that under the Declaration of Independence and the U.S. Constitution he is entitled to the same standards and application of law as set forth above. The facts show that the plaintiff's child was unreasonably seized from his lawful custody absent "due process" and the "equal protection of law" in violation of the Fourth and Fourteenth Amendments, and that the child was illegally secreted from him for more than twelve years in which time the respondents unreasonably coached and otherwise illegally influenced the child and did unreasonably cause said child to hate the plaintiff. The State Judges intentionally caused harm to the plaintiff and his child in order to promote the financial interest of the NH Bar Association. The plaintiff alleges that this case includes fraud and racketeering activity contrary to 18 USC §§ 241, 242, 1201, 1957, 1962, the No Child Left Behind Act, the Child Protection Act and that if unchecked this illegal activity threatens the very foundations of the United States. The plaintiff alleges that the respondents have defrauded the plaintiff and his family of rights and liberties long secured by state and federal constitutions and laws; of substantial private monies and federal earned income credit. The plaintiff argues that the respondents have defrauded him of at least $3,500.00 in Federal Earned Income and Child Tax Credits that he is legally entitled to under the Declaration of Independence, and state and federal constitutions and law. In furtherance of these frauds respondents are defrauding the taxpayer in all 50 states of substantial private monies through illegally received federal appropriations. Contrary to their official federal duties under Article VI of the United States Constitution, the NH Supreme Court defendants have allowed said frauds and public corruption to continue and worsen. The plaintiff alleges in this case alone the NH S. Ct. erred when it allowed two disqualified judges to participate in its Summary Dismissal of his pro se Appeal and by failing to timely adjudicate these issues properly raised by the plaintiff on several occasions. The laws at issue in this case serve no compelling State interest and are being wrongfully used by the NH Courts to defraud the United States government and families of substantial monies on behalf of State, County and local agencies while

simultaneously creating a special financial interest on behalf of members of the NH Bar Association who are bent on the abrogation of federally secured rights and liberties.

126.   This petition adequately demonstrates that the plaintiff seeks the immediate, unimpaired, equal enforcement of his "parent-child" liberty interest in accordance with the doctrine of Stare Decisis and the well-established decisions in *Troxel v. Granville, et al.*

127.   The granting of a federal injunction and/or all writs necessary in this case would serve an important public interest by establishing uniform standards among the several states, consistent with the federal constitution and the U.S. Tax Code concerning the states' authority to grant custody of children to non-parents in the context of divorce and post divorce proceedings over the objection of a fit parent and absent a legitimate and/or compelling state interest.  The writs would ensure that the plaintiff's "parent-child" liberty interest is not further passed over and forever foregone, and would provide guidance to the federal tax court in this area.  The failure of this Court to grant the appropriate writs in this matter would equate to an official endorsement of the unconstitutional processes employed by the NH Supreme Court and would undoubtedly allow continued illegal state court interference with the plaintiff's "parent-child" liberty interest and would undoubtedly result in a continued fundamental miscarriage of justice to plaintiff and all those similarly situated in further judicial proceedings in state or federal courts.

128.   The plaintiff alleges that the New Hampshire legislature has intentionally and/or recklessly engaged in an ongoing process in which it has passed substantial legislation that is being used by the State's Executive and Judicial branches to illegally deprive Citizens of the United States of rights, liberties and immunities guaranteed under federal law and the Constitution of the United States.   This process and the laws resulting there from are repugnant to the Constitution of the United States and have been used to illegally defraud the United States government of substantial federal monies.   This legislation is craftily splintered into a variety of legislation in order to conceal its intended application.

129.   The first amendment to the United States constitution prohibits the Congress from enacting laws regarding the establishment of religion; or from interfering with the free exercise thereof.  Judicial jurisprudence shows that this includes the right of parents to decide and direct their children's religious and other instruction and association.

130.   A parent who has not been found to be unfit in accordance with the substantive and procedural protections clearly established in accordance with state and federal law and the doctrine of stare decisis cannot constitutionally be deprived of custody of their minor children.  The New Hampshire divorce statute does not grant jurisdiction to judicial officials to adjudicate allegations of abuse or neglect or make a subsequent determination of parental unfitness.  Further, the "best interest of the child" is not a constitutionally acceptable standard for a judicial determination of these issues.   Therefore, in this case there are no circumstances under which a grandparent can obtain custody under the New Hampshire divorce statute without violating the plaintiff's rights under the fourteenth amendment.

131. .  The child protection act, a Federal law, sets fourth the rights, duties and obligations of all parties of interest when allegations of abuse or neglect arise.  Strict adherence to the child protection act is a prerequisite for a constitutionally sound determination of parental unfitness.  Such statutory enactments create substantive rights that are subject to procedural due process protections.  Despite NH's specific statutory requirement that all proceedings involving allegations of abuse or neglect be held in a district court and that specific substantive and procedural safeguards be implemented, the defendants named herein failed to equally provide the mandated protections or to explain their departure from mandated procedure and well settled law.  By employing the divorce statutes as a means to authorize a grandparent to unfairly circumvent federal requirements, the legislature has created a class of citizens with special status – grandparents and stepparents – in violation of the Fourteenth Amendments equal protection clause. Further, there are no state or federal authorities that require stepparents or grandparents to be obligated with any of the parental responsibilities and duties required of parents and therefore the statute is not narrowly tailored to serve a compelling state interest and could very likely lead to harm to a child as it did in this case. The state cannot constitutionally authorize a third party, such as a stepparent or a grandparent, to take an action that the State itself cannot legally take.

132.    The Judiciary lacks parens patriae power. A Judge cannot constitutionally act in the dual capacities as; Judge and parent; Judge and legislator; Judge and Governor; Judge and Attorney General; Judge and County Attorney; Judge and District Attorney; Judge and Social Worker; Judge and law enforcement official; and Judge and jailer. Concentration of this type of unlimited and unchecked powers has been defined as tyranny since the beginning of this nations conception, and clearly violates the separations of powers clause of the United States Constitution.   The plaintiff avers that the New Hampshire Legislature and Judiciary are guilty of child endangerment, child trafficking and child exploitation based on illegal interference with the plaintiff's parental authority and lack of legal obligations imposed on grandparents and stepparents under absurd New Hampshire Divorce, visitation and custody laws that are repugnant to State and federal constitutions.  Further, the plaintiff avers that in this case the laws at issue were used to indoctrinate his minor child into the KKK and the Catholic Church in violation of the plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, et al.

133.    The plaintiff avers that New Hampshire officials, named as defendants herein, illegally forced and/or allowed the defendant Rachel Rondeau to conspire with others and then use the state courts to destroy the plaintiff's relationship with his minor child based on religious and political grounds, personal prejudice and hatred (based on racial ideology), and gender and financial status.  The illegal process used by the defendants includes legislating from the judiciary branch, extensive ex parte and other unreasonable highly secretive process, kidnapping, false arrest and imprisonment, sleep deprivation, torture, brainwashing, threats, extortion, falsification of official government documents, mail fraud, fraud involving substantial private and federal monies, and illegal financial transactions substantial in scope. In furtherance of that conspiracy the defendants illegally did that which they conspired to do; all crimes against the People of the United States and the United States government.

134.    The plaintiff alleges that defendants Robert Shaines, Richard Rondeau, Patrick & Jeanne McCartney, Jacqueline Hersey, Ryan Delisle and other defendants named herein conspired to secret the plaintiff's minor child from him while defendant Rachel Rondeau was hospitalized for a substantial period of time and in which she nearly passed away do to her vastly deteriorating health condition brought about by the crimes represented in this complaint/petition.

135.    The plaintiff's Aunt and Uncle recently reported to him that alleged statements made by them and contained in New Hampshire Court Records in the form of Guardian ad Litem reports are false and misleading and that they never made those statements to anyone – including any Court appointed Guardian ad Litem.

136.    The plaintiff avers that the defendants are illegally causing the plaintiff and his extended family to be divided based on public corruption, fraud, falsified government documents, threats, coercion, non-government third party agents, vague and discriminatory statutes, ex-parte judicial process, secret meetings, secreting, parental alienation, alienation of affection, coaching, sleep deprivation, brainwashing and/or programming, et al.

137.    The plaintiff avers that all the defendants have illegally falsified official government documents and illegally used the mail to commit federal crimes and fraud against the plaintiff and the United States government for the purpose of illegally receiving federal monies, the Peoples monies, in excess of $1,000,000.00; and have illegally defrauded the plaintiff and his family of more than $200,000.00 in personal monies; and illegally defrauding the plaintiff of his federal constitutionally protected rights and liberties; and defrauding citizens of the 50 states of their personal monies under color of an official state and federal government interest; and are illegally using federal monies to promote and establish religious based ideology of government officials.

138.    The New Hampshire Supreme Court defendants and others, all named herein, have unreasonably authorized and/or allowed lower court judges to illegally use their government positions to unreasonably seize physical custody of minor children from their natural fathers (kidnapping) and to traffic them to third parties based on substantial financial transactions made between these third parties and their privately paid Attorneys.  These defendants have routinely directed and/or allowed lower court judges to illegally trump State and Federal Constitutions and laws by using Divorce Proceedings and Grandparent's rights laws as a Bill of Attainder to discriminate against parents, to break up families (both nuclear and extended) to fabricate charges against them retroactively, to otherwise harass and abuse them, to retaliate against parents who seek enforcement of their parental rights, to steal monies from them and their minor children and to illegally interfere with their legal and physical parental rights regarding their minor children, based primarily on gender discrimination and political and religious associations and/or beliefs and practices.  This type of fraud and insidious invasion of personal privacy rights unreasonably interferes with the plaintiff's "parent-child" liberty interest contrary to the U.S. Supreme Court's decision in *Troxel v. Granville, (99-138) 137 Wash. 2d 1, 969 P.2d 21, affirmed (Decided June 5, 2000),* et al.

## -IX-

## CLAIMS FOR DAMAGES

**FIRST CLAIM**

**RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT *(RICO)***

**AGAINST ALL DEFENDANTS**

139.    Plaintiff incorporates by reference the facts and averments presented in ¶¶ 1 - 138.

**PERSONS AND ENTERPRISES**

139.1  Plaintiff and all of the Defendants are "persons" within the meaning of 18 USC § 1961 (3).

138.2  Defendants New Hampshire Bar Association, New Hampshire Chiefs of Police Association, and New Hampshire Police Standards and Training Commission, are "enterprises" as defined in 18 USC § 1961 (4) by virtue of being an individual, partnership, corporation, association or other legal entity. All of the defendants are participants in "association-in-fact" enterprise hereinafter referred to as the "Family Disservice Enterprise" (FDE). The FDE consists of attorneys, social workers, health care professionals, law enforcement officials and the institutions that participate in identifying the requisites for the family structure, caretakers, and parental roles. This enterprise has existed in the Rockingham County, the Merrimack County, and the Hillsborough County, in the State Of New Hampshire for a long time and continues to flourish. It is the aggregate make of many other enterprises whose profits depend on the misfortunes of families. It has for its mission the appropriation of illegal income which the victims, such as the Plaintiff, of an erroneous system of guidelines, practices and habits developed by the FDE that are in violation of the laws of God, decent man, the United States, New Hampshire and the aforementioned Counties. The FDE obtains its illegal income from the tax rolls of counties, from the State and its agencies, the agencies of the Federal government, those it victimizes by its activities, and even its own participants. The purpose of the enterprise is separate and distinct from the racketeering activities in which the enterprise has engaged. All of the defendants named in this claim have participated in the affairs of this enterprise as described below. The Family Disservice Enterprise operates as follows:

139.3  By making fraudulent statements to government officials, including Judicial officials made in a court of law, falsifying official government documents, and by introducing and including such fraud in divorce, custody, access (visitation), child and spousal support proceedings, et al., all designed to destroy the plaintiff's "parent-child" liberty interest.

139.4  By willfully and intentionally fabricating "evidence" and pleadings interposed in bad faith
with malice in order to achieve their end, without fear of punishment because of the habits,
guidelines and conspiratorial nature of their alleged criminal activities.

139.5  By purposeful and calculated harassment to drive the mark and his/her family into
financial ruin so that the mark may not seek legal recourse.

139.6  By invading their mark's privacy by slander and libel, abuse of process including ex-parte
process, illegally seized children and retroactive introduction of coached and fabricated
testimony.

139.7  By manipulating, intimidating, strong arming and conspiring with the mother of the mark
under color of police created Grandmother Rights laws, to cause family division and
immense mental anguish.

139.8  By going so far as to cause the mark to be falsely imprisoned for things that are not even
illegal or criminal.

139.9  The State Courts in and for Rockingham, Merrimack, Stratford and Hillsborough
Counties constitutes an "enterprise" within the meaning of 18 USC § 1961(4).

**PREDICATE ACTS**

140.    By the conduct described in this Complaint, Defendants did i) knowingly used
intimidation, threats, and misleading conduct toward the plaintiff and his witnesses with the
intent to prevent the testimony of the plaintiff and his witnesses, ii) hinder and prevent
communication and denied access to state courts after initiating state court process,  iii)
intentionally denied the plaintiff of federally guaranteed rights and liberties, which by their
magnitude constitutes a predicate RICO act under Title 18 § 1961 (1) (A).

**PATTERN OF RACKETEERING ACTIVITY**

141.    The unlawful conduct alleged herein constitutes a "pattern of racketeering activity" within
the meaning of Title 18 USC § 1961 (5). These activities had the same purposes of obtaining
illegal income or obtaining a benefit to which they would not otherwise be entitled.  As such,
they are related to one another within the meaning of the "relationship element" of a RICO
pattern, having the same participants, results and methods of commission.  Also these
activities have taken place over an extended period of time, in the case of the Plaintiff alone,
from June 1990 to the present.  Other children and parents, including the Plaintiff's children
and family, on information and belief, are being victimized by these illegal activities in which
these same defendants continue to participate.  The New Hampshire Supreme Court, New
Hampshire Superior Courts, New Hampshire District Courts, as well as Family Law Courts
in other States, have become beset by this type of activity which threatens the system of
justice in these courts.  The conduct of the defendants in infiltrating those activities, if
unchecked, carries the threat that the necessary protection of the individual and collective
rights of the victimized children and parents may cease to exist and cause immeasurable

injury to both their emotional well-being and their general welfare.  It has a chilling universal effect on the social wellbeing of the country further effecting the economy and competitiveness of the United States.  It is this type of long-term and deep reaching conduct that RICO was conceived to prevent and comports with the "continuity" element of a RICO pattern.

## SUBSTANTIVE RICO VIOLATIONS

142.  By reason of the conduct alleged in this Complaint, Defendants have violated RICO in that they have:

143.  Acquired or maintained, directly or indirectly, an interest in or control of an enterprise (the "Enterprise") and of the component enterprises of the aggregate in or affecting and preventing the filing and communication of federal civil and criminal complaints, testimony, and evidence pertaining to other criminal RICO, both Federal and State criminal violations, civil torts and civil violations to law enforcement officials or judges of the United States through a pattern of racketeering activity, in violation of Title 18 USC § 1962 (b); and/or:

144.  Participated in, associated with or conducted the affairs of an enterprise, including all alleged enterprises, in or affecting the filing and communication of federal civil and criminal complaints, testimony, and evidence pertaining to other criminal RICO, both Federal and State criminal violations, civil torts and civil violations to law enforcement officials or judges of the United States through a pattern of racketeering activity, in violation of Title 18 USC § 1962 (c); and/or:

145.  Conspired to violate Title 18 USC § 1962 (c) in violation of Title 18 USC § 1962 d).

## INJURY TO PLAINTIFF

146.  By reason of Defendant's violation of Title 18 USC § 1962 as set out above, Plaintiff Kevin Rondeau, was injured in his employment, education and other areas of his private realm and has suffered extreme emotional distress over the harm inflicted to his minor child and himself.  By Defendant's specific conduct they have severely damaged the Plaintiff's private life and reputation and prevented him from earning a livelihood.  The Defendant's have continued in this purpose since March 1990 to the present causing continued loss of benefits to his child and family.  Plaintiff has suffered injury and loss of his livelihood in the amount of SEVEN MILLION DOLLARS ($7,000,000.00) which by law he is entitled to recover from the Defendants.

147.  By reason of Defendant's violation of Title 18 USC § 1962 as set out above, Plaintiff Sarah Rondeau, was injured in her benefit from the employment and education of her Father and extreme emotional anguish and distress over the harm inflicted to the benefit to which she is entitled by virtue of her father's livelihood.  By Defendant's specific conduct they have severely damaged her father's employment and education reputation and prevented him from earning a livelihood. Defendants have continued in this purpose since March 1990 to the

present causing continued loss of benefits to Plaintiff Sarah Rondeau and her family. Plaintiff has suffered injury and loss of her benefit in the amount of THREE MILLION DOLLARS ($3,000,000.00) which by law she is entitled to recover from Defendants.

**SECOND CLAIM**

**UNREASONABLE SEIZURE OF MINOR CHILD, PERSON, PLACE OF ABODE AND PERSONAL PROPERTY ABSENT DUE PROCESS AND THE EQUAL PROTECTION OF STATE AND FEDERAL LAW**

**AGAINST ALL DEFENDANTS**

148.   Plaintiff incorporates the allegations contained in ¶¶ 1 - 147 hereof.

149.   By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did unreasonably seize the Plaintiff Kevin Rondeau's minor child from his axiomatic custody, his place of abode, his person and his personal property in violation of the U.S. Constitution, Fourth Amendment, and denied him "Due Process" and "Equal Protection" of Law in violation of the Holy Bible, the Magna Charta, the Declaration of Independence, and the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the U.S. Constitution.

150.   The Defendants' illegal interference with the Plaintiff's "parent-child" liberty interest, et al, and his rightful custody status were completely without legal basis, and/or was unreasonable, and was intended to and did harass and discriminate against him based primarily on the basis of gender, religious and political views and/or associations, and unofficial State politics and policy and procedure intended to promote patronage to government employees.

151.   By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer severe emotional distress for which he is entitled to recover compensatory damages in the sum of at least SEVEN MILLION DOLLARS ($7,000,000.00).

**THIRD CLAIM**

**INTERNATIONAL CHILD ABDUCTION**

**AGAINST ALL DEFENDANTS**

152.   Plaintiff incorporates the allegations contained in ¶¶ 1 - 151 hereof.

153.   By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did intentionally and unconstitutionally seize the Plaintiff Kevin Rondeau's minor child from his axiomatic lawful custody and illegally transported child from Canada to the United States and by so doing violated Title 18 §§ 3, 241, 242, 512, and 1201 of the U. S. Criminal Code;

Title 42 §§ 1983, 1985, 1986, and 11601-11610 of the U. S. Civil Code; the Hague Convention; the Geneva Convention; and the First and Fourteenth Amendments of the Constitution of the United States.

154.    By the aforementioned described conduct, justice requires that the Defendants be prosecuted in a Federal Court of Law for their willful participation in serious federal criminal violations.

155.    By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer severe emotional distress for which he is entitled to recover compensatory damages in the sum of at least SEVEN MILLION DOLLARS ($7,000,000).

## FOURTH CLAIM

## INVASION OF PERSONAL PRIVACY

## AGAINST ALL DEFENDANTS

156.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 155 hereof.

157.    By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did illegally intrude on the personal privacy of the Plaintiff in his right to private and peaceful enjoyment of his relationship with his child and family.

158.    Defendant's intrusion on the Plaintiff's privacy rights is substantial and is highly injurious, offensive and objectionable to persons of reasonable intelligence and sensibilities.

159.    Defendant's willful actions, with reckless disregard to the rights of the Plaintiff, intruded upon the Plaintiff's right of private communication with his child and denied communication and access.  These actions both disturbed the Plaintiff and the stability of his child, the familial relationship and unreasonably intruded upon the private father-daughter relationship.

160.    As direct and proximate result of these wrongful actions, Plaintiff, Kevin Rondeau, has suffered mental anguish and despair, continued loss of his employment and education reputation, loss of earnings and benefit, loss of earnings potential, and even the loss of all his First Amendment Rights, all to his damage in the sum of no less than SEVEN MILLION DOLLARS ($7,000,000).

## FIFTH CLAIM

## FALSE ARREST AND IMPRISONMENT

## AGAINST ALL DEFENDANTS

161.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 160 hereof.

162.    By the conduct alleged in this Complaint, et al, Defendants deliberate actions conspired to and did falsify Police Reports and other government records, including records kept by the federal government, with the intent to deprive the Plaintiff of his state and federal constitutional rights in furtherance of the conspiracy and, to cover-up the "unreasonable seizure", "wrongful removal" and the "International Child-Abduction" of the child, and by so doing violated the Plaintiff's rights and liberties in violation of clearly-established State and Federal Constitutional prohibitions.

163.    As direct and proximate result of these illegal actions, Plaintiff has suffered extreme pain and suffering, illegal interference with his employment and right to access higher education, fraudulent damage to his reputation, loss of earnings and financial benefits, and the loss of his "parent-child" liberty interest and other rights and liberties identified herein, all in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution of the United States of America; all to his damage in the sum of no less than SEVEN MILLION DOLLARS ($7,000,000.00).

**SIXTH CLAIM**

**UNREASONABLE INTERFERENCE IN FAMILY MATTERS AND WITH PARENTAL RIGHTS AND AUTHORITY UNDER COLOR OF NEWLY CREATED STATE GRANDPARENT RIGHTS LAWS AND CONSOLIDATED GOVERNMENT MANIPULATION INVOLVING THE FRAUDULENT USE OF FEDERAL MONIES IN DIRECT VIOLATION OF 18 U.S.C. §§ 1201, 1961-1963, THE CHILD PROTECTION ACT AND THE FIRST, FOURTH, FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES**

**AGAINST ALL DEFENDANTS**

164.  Plaintiff incorporates the allegations contained in ¶¶ 1 - 163 hereof.

165.  The actions of the Defendants have caused, and were deliberately intended to cause, an intentional interference with the family relationship, i.e.: the relationship of the Plaintiff, Kevin Rondeau with his child minor child, his mother, et al.

166.  By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer sever emotional distress for which he is entitled to recover compensatory damages in the sum of at least THREE HUNDRED THIRTY-THREE MILLION DOLLARS ($333,000,000.00).

**SEVENTH CLAIM**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST ALL DEFENDANT'S**

167.   Plaintiff incorporates the allegations contained in ¶¶ 1 - 166 hereof.

168.   Defendants' actions were unreasonably and/or deliberately calculated to interfere with Plaintiff's Father- Daughter Relationship and to alienate the daughter from her natural father absent "due process" and the "equal protection" of state and federal law with the intent of brainwashing the child to create hatred and fear against the plaintiff and to permanently destroy the plaintiff's relationship with her and others.

169.   The aforementioned actions of the Defendants were intended and calculated by same to cause extreme emotional distress, anger, fear and distrust of government to the Plaintiff, and/or alternatively, the Defendants knew, or should have known, that their gross illegal actions would result in extreme emotional distress, anger, fear and distrust to the Plaintiff.

170.   Actions by the Defendants have been so extreme and outrageous as to go beyond all possible bounds of decency, especially that it interrupts and denies the father-child relationship, violates International Agreements, the United States Constitution, the Federal Criminal Code, and the New Hampshire Constitution and Statutes intended to maintain that relationship.

171.   The Defendants' actions have been the direct and proximate cause of extreme emotional upset and mental anguish of a sufficient magnitude to cause injury to the Plaintiffs.  Said extreme emotional distress is of such a nature that no reasonable person could be expected to endure it.

172.   By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer sever emotional distress for which he is entitled to recover compensatory damages in the sum of at least FIFTY MILLION DOLLARS ($50,000,000.00).

**EIGHTH CLAIM**

**DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND STANDBY COUNSEL**

**AGAINST ALL DEFENDANTS**

173.   Plaintiff incorporates the allegations contained in ¶¶ 1 - 172 hereof.

174.   By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did intentionally denied Plaintiff Kevin Rondeau of his right of the effective assistance of counsel in furtherance of the conspiracy to cover-up the "unreasonable seizure", "wrongful removal" and the "International Child-Abduction" of the child, and by so doing violated the Plaintiffs' rights and liberties in violation of well-established State and Federal Constitutional prohibitions.

175.    As direct and proximate result of these wrongful actions, Plaintiff, Kevin Rondeau, has suffered mental anguish and despair, continued loss of his employment and education, damage to his reputation, loss of earnings and benefit, loss of earnings potential, and the loss of his full rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, all to his damage in the sum of no less than SEVEN MILLION DOLLARS ($7,000,000.00).

## NINTH CLAIM

## DENIED THE RIGHT OF SELF-REPRESENTATION

## AGAINST ALL DEFENDANTS

176.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 175 hereof.

177.    By the conduct alleged in this Complaint, Defendant's deliberate actions conspired to and did illegally deprive the Plaintiff Kevin Rondeau of his federal right of self-representation in furtherance of the conspiracy to cover-up the "unreasonable seizure", "wrongful removal" and the "International Child-Abduction" of the child, and to prevent the plaintiff from bringing forth the exercise of his state and federal constitutional rights and liberties, and by so doing, the defendants violated the Plaintiffs' rights and liberties in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States of America.

178.    As direct and proximate result of these wrongful actions, Plaintiff, Kevin Rondeau, has suffered mental anguish and despair, continued loss of his employment and education, damage to his reputation, loss of earnings and benefit, loss of earnings potential, and the loss of his full rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, all to his damage in the sum of no less than SEVEN MILLION DOLLARS ($7,000,000.00).

## TENTH CLAIM

## DEPRIVED OF THE RIGHT TO A SPEEDY AND PUBLIC TRIAL BY AN IMPARTIAL JURY OF THE STATE AND TO THE COLLATERAL RIGHT TO HAVE GUILT PROVEN BEYOND A REASONABLE DOUBT BY THE STATE

## AGAINST ALL DEFENDANTS

179.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 178 hereof.

180.    By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did illegally deprived the Plaintiff Kevin Rondeau of his state and federal right to a speedy and public trial by an impartial jury of peers, and to the collateral right to be proven guilty beyond a reasonable doubt, in furtherance of the conspiracy to cover-up the "unreasonable

seizure", "wrongful removal" and the "International Child-Abduction" of the child, and to prevent the plaintiff from bringing forth the exercise of his state and federal constitutional rights and liberties, and by so doing, the defendants violated the Plaintiffs' rights and liberties in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States of America.

181.    By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer irreparable loss of rights and liberties for which he is entitled to recover compensatory damages in the sum of at least TWENTY-FIVE MILLION DOLLARS ($25,000,000.00).

## ELEVENTH CLAIM

## WRONGFULLY DEPRIVED OF ALL PARENTAL LIBERTIES BASED ON GENDER AND RELIGIOUS AND POLITICAL OPINIONS, BELIEFS AND/OR ASSOCIATIONS IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS

### AGAINST ALL DEFENDANTS

182.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 181 hereof.

183.    By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did illegally deprived the Plaintiff Kevin Rondeau of his axiomatic right to parent his minor child based primarily on the Plaintiff's religion and/or male gender, and by so doing violated Title 18 §§ 3, 241, 242, 512, and 1201 of the U. S. Criminal Code; Title 42 §§ 1983, 1985, 1986, and 11601-11610 of the U. S. Civil Code; and the First, Fourth and Fourteenth Amendments of the Constitution of the United States.

184.    By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer irreparable loss of rights and liberties for which he is entitled to recover compensatory damages in the sum of at least THREE MILLION DOLLARS ($3,000,000.00).

## TWELFTH CLAIM

## ILLEGALLY DEPRIVED OF THE RIGHT TO EXERCISE RELIGIOUS FREEDOM IN VIOLATION OF THE 18 U.S.C. 241, 242 AND THE FIRST AMENDMENT

### AGAINST ALL DEFENDANTS

185.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 184 hereof.

186.    By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did illegally deprive the Plaintiff Kevin Rondeau of his state and federal right of religious freedom in violation of the First and Fourteenth Amendments of the Constitution of the United States.

187.     By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer irreparable loss of rights and liberties, long recognized to be essential to a free society and for the happiness of man, for which the plaintiff is entitled to recover and for which the plaintiff seeks to recover compensatory damages in the sum of at least THIRTY-THREE MILLION DOLLARS ($33,000,000.00).

## THIRTEENTH CLAIM

## UNREASONABLE SEIZURE AND ILLEGAL INTERFERRENCE WITH STATE AND FEDERAL SOCIAL SECURITY BENEFITS, INCOME TAX FILINGS, RELIEF AND BENEFITS BASED ON DISCRIMINATION, FRAUD AND PUBLIC CORRUPTION

## AGAINST ALL DEFENDANTS

188.     Plaintiff incorporates the allegations contained in ¶¶ 1 - 187 hereof.

189.     By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did illegally deprive the Plaintiff Kevin Rondeau of his state and federal rights and legal obligations to file his state and federal income tax returns and to receive federal income tax relief and other benefits he is legally entitled to in violation of PA and federal income tax codes and Fourteenth Amendments to the Constitution of the United States.

190.     By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer irreparable loss of rights and liberties, long recognized to be essential to a free society and for the happiness of man, for which the plaintiff is entitled to recover and for which the plaintiff seeks to recover compensatory damages in the sum of at least THIRTY-THREE MILLION DOLLARS ($33,000,000.00).

## FOURTEENTH CLAIM

## UNREASONABLE AND ILLEGAL INTERFERRENCE WITH STATE AND FEDERAL VOTING RIGHTS AND FROM RUNNING FOR STATE AND FEDERAL OFFICE

## AGAINST ALL DEFENDANTS

191.     Plaintiff incorporates the allegations contained in ¶¶ 1 - 190 hereof.

192.     By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did illegally deprive the Plaintiff Kevin Rondeau of his state and federal voting rights and with the rights of the People to elect him to public office to serve them in Washington D.C. in violation of the Constitution of the United States of America.

193.     By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer irreparable loss of rights and liberties, long recognized to be essential to a free

society and for the happiness of man, for which the plaintiff is entitled to recover and for which the plaintiff seeks to recover compensatory damages in the sum of at least THIRTY-THREE MILLION DOLLARS ($33,000,000.00).

## FIFTEENTH CLAIM

## UNREASONABLE AND ILLEGAL INTERFERRENCE AND DISCRIMINATION WITH STATE AND FEDERALLY FUNDED EDUCATION, HOUSING, SOCIAL PROGRAMS, MEDICAL TREATMENT, EMPLOYMENT AND WAGES

## AGAINST ALL DEFENDANTS

194.   Plaintiff incorporates the allegations contained in ¶¶ 1 - 193 hereof.

195.   By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did illegally deprive the Plaintiff Kevin Rondeau of his state and federal right to apply for and to receive state and federal aid for continuing education, housing, food, medical treatment, employment and wages, et al, in violation of the First, Ninth and Fourteenth Amendments of the Constitution of the United States.

196.   By the aforementioned described conduct, Defendants caused Plaintiff, Kevin Rondeau, to suffer irreparable loss of rights and liberties, long recognized to be essential to a free society and for the happiness of man, for which the plaintiff is entitled to recover and for which the plaintiff seeks to recover compensatory damages in the sum of at least THIRTY-THREE MILLION DOLLARS ($33,000,000.00).

## SIXTEENTH CLAIM

## ILLEGAL RETALIATION FOR ATTEMPTING TO SECURE STATE AND FEDERAL CONSTITUTIONAL RIGHTS AND GOD GIVEN LIBERTIES AND FOR REPORTING FEDERAL VIOLATIONS TO FEDERAL AUTHORITIES AND REFUSING TO PLEAD GUILTY TO FABRICATED CHARGES ILLEGALLY BROUGHT BY THE STATE'S SUPREME COURT IN VIOLATION OF ARTICLE III OF THE U.S. CONSTITUTION

## AGAINST ALL DEFENDANTS

197.   Plaintiff incorporates the allegations contained in ¶¶ 1 - 196 hereof.

198.   By the conduct alleged in this Complaint, et al., Defendant's conspired to, and did, illegally retaliate against the Plaintiff, Kevin Rondeau, his minor child, his mother (defendant Rachel Rondeau), et al., for attempting to secure State and Federal Constitutional Rights and Liberties, and by so doing and/or in furtherance of their crimes, violated Title 18 §§ 3, 241, 242, 512, and 1201 of the U. S. Criminal Code; and the plaintiff's federal rights and liberties under Title 42 §§ 1983, 1985, 1986, and 11601-11610 of the U. S. Civil Code and/or the Declaration of Independence and the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States of America.

199.    As direct and proximate result of these wrongful actions, Plaintiff, Kevin Rondeau, has suffered mental anguish and despair, continued loss of his employment and education, damage to his reputation, loss of earnings and benefit, loss of earnings potential, arbitrary incarceration, and the loss of his full rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, for which he is entitled to recover compensatory damages in the sum of at least NINETY-THREE MILLION DOLLARS ($93,000,000.00). The plaintiff is a forgiving man and that is why he set such a low amount for this violation.

## SEVENTEENTH CLAIM

## ILLEGAL INTERFERRENCE WITH FUNDAMENTAL RIGHT OF TRAVEL AND CHOICE OF PLACE OF RESIDENCY, HOUSING, VEHICLE REGISTRATION, ET AL

## AGAINST ALL DEFENDANTS

200.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 199 hereof.

201.    By the conduct alleged in this Complaint, Defendants deliberate actions conspired to and did intentionally deprive the Plaintiff Kevin Rondeau of the fundamental right of travel, et al, in the Defendants' ongoing attempt to further harass and deprive the Plaintiff of the exercise of his axiomatic right to parent his minor child and from exercising numerous other related rights and liberties and by so doing, the defendants violated Title 18 §§ 3, 241, and 242, of the U. S. Criminal Code; Title 42 §§ 1983, 1985, and 1986 of the U. S. Civil Code; the First, Eighth, Ninth and Fourteenth Amendments of the Constitution of the United States.

202.    By the aforementioned described conduct, Defendants caused the Plaintiff to suffer sever emotional distress for which they are entitled to recover compensatory damages in the sum of at least THIRTY-THREE MILLION DOLLARS ($33,000,000.00).

## EIGHTEENTH CLAIM

## TORTURE, SLEEP DEPRIVATION, BRAIN WASHING, COERCION, WITNESS TAMPERING, BLACK MAIL, FALSIFICATION OF OFFICIAL DOCUMENTS KEPT BY STATE AND FEDERAL GOVERNMENTS, FABRICATION AND ATTEMPTED FABRICATION OF EVIDENCE IN VIOLATION 18 U.S.C. §§ 241, 242, 1201, 1961-63 AND THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS

## AGAINST ALL DEFENDANTS

203.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 202 hereof.

204.    By the conduct alleged in this Complaint, Defendants illegally conspired to, and did, intentionally attempt to fabricate criminal charges against the Plaintiff Kevin Rondeau in furtherance of the conspiracy to cover-up the "unreasonable seizure", "wrongful removal",

the "injuries sustained by the minor child while in the defendants' custody", the "International Child-Abduction", et al., and by so doing violated the Plaintiff's rights and liberties in violation of Title 18 §§ 3, 241, 242, and 512 of the U. S. Criminal Code; Title 42 §§ 1983, 1985, and 1986 of the U. S. Civil Code; and the First, Fourth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments of the Constitution of the United States.

205.    As direct and proximate result of these wrongful actions, witnesses for the plaintiff and the plaintiff have suffered mental anguish and despair, continued loss of employment and education, damage to reputations, loss of earnings and benefit, loss of earnings potential, false imprisonment, complete destruction of their families by the police, rape of their family members by the police, and the loss of faith in the Justice system, and the loss of full rights under the First, Fourth, Eighth, Ninth, and Fourteenth Amendments, for which they are entitled to recover compensatory damages in the sum of at least ($00,000,000.00). I reserve this claim for God's Judgment! The defendants shall surely pay. So it was written, so it shall be done.

## NINETEENTH CLAIM

## UNREASONABLE INTERFERRENCE AND DISCRIMINATION WITH PERSONAL REPRESENTATION BY THE STATE LEGISLATURE AND THE CONGRESS

## AGAINST ALL DEFENDANTS

206.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 205 hereof.

207.    By the conduct alleged in this Complaint, Defendants illegally conspired to, and did, unreasonably interfere and discriminate with the plaintiff's state and federal constitutional right to have meaningful representation by the state legislature and the Congress of the United States in furtherance of the conspiracy to promote the federal governments agenda to create a new type of police-state-micro-managed family based on the concept of Communism and, to cover-up the "unreasonable seizure", "wrongful removal", the "injuries sustained by the plaintiff, his mother and his minor child while in the defendants' custody", the "International Child-Abduction", et al., and by so doing violated the Plaintiff's rights and liberties in violation of Title 18 §§ 3, 241, 242, and 512 of the U. S. Criminal Code; Title 42 §§ 1983, 1985, and 1986 of the U. S. Civil Code; and the First, Fourth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments of the Constitution of the United States.

208.    As direct and proximate result of these wrongful actions, witnesses for the plaintiff and the plaintiff have suffered mental anguish and despair, continued loss of employment and education, damage to reputations, loss of earnings and benefit, loss of earnings potential, false imprisonment, complete destruction of their families by the police, rape of their family members by the police, loss of faith in the Justice system, and the loss of full rights under the First, Fourth, Eighth, Ninth, and Fourteenth Amendments, for which they are entitled to recover compensatory damages in the sum of at least

## TWENTIETH CLAIM

**PERMENANT DESTRUCTION OF NUCLEAR FAMILY AND LOSS OF CONSORTIUM CONCERNING MOTHER, WIFE, CHILD AND OTHERS BASED ON ORGANIZED CRIMINAL ACTIVITY AND GROSS NEGLIGENCE OF GOVERNMENT OFFICIALS DUE TO THEIR DELIBERATE INDIFFERENCE TO THE NATURAL AND FORSEEABLE CONSEQUENCES OF THEIR ACTIONS WHICH INCLUDE PUBLIC CORRUPTION WITH THE INTENT TO DEFRAUD PRIVATE CITIZENS AND THE GOVERNMENT OF THE UNITED STATES OF AMERICA OF SUBSTANTIAL MONIES AND OTHER PROPERTY**

**AGAINST ALL DEFENDANTS**

209.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 208 hereof.

210.    By the conduct alleged in this Complaint, Defendants illegally conspired to, and did, unreasonably interfere and discriminate with the plaintiff's state and federal constitutional right to have meaningful representation by the state legislature and the Congress of the United States in furtherance of the conspiracy to promote the federal governments agenda to create a new type of police-state-micro-managed family based on the concept of Communism and, to cover-up the "unreasonable seizure", "wrongful removal", the "injuries sustained by the plaintiff, his mother and his minor child while in the defendants' custody", the "International Child-Abduction", et al., and by so doing violated the Plaintiff's rights and liberties in violation of Title 18 §§ 3, 241, 242, and 512 of the U. S. Criminal Code; Title 42 §§ 1983, 1985, and 1986 of the U. S. Civil Code; and the First, Fourth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments of the Constitution of the United States.

211.    As direct and proximate result of these wrongful actions, witnesses for the plaintiff and the plaintiff have suffered mental anguish and despair, continued loss of employment and education, damage to reputations, loss of earnings and benefit, loss of earnings potential, false imprisonment, complete destruction of their families by the police, rape of their family members by the police, loss of faith in the Justice system, and the loss of full rights under the First, Fourth, Eighth, Ninth, and Fourteenth Amendments, for which they are entitled to recover compensatory damages in the sum of at least

**TWENTY-FIRST CLAIM**

**CIVIL CONSPIRACY**

**AGAINST ALL DEFENDANTS**

212.    Plaintiff incorporates the allegations contained in ¶¶ 1 - 211 hereof.

213.    Defendant, Rachel Rondeau, conspired with all other Defendants named herein, within the meaning of 42 U.S.C. § 1983, to illegally interfere with and to destroy the Plaintiff's "Parent-Child Liberty Interest" absent "reasonable process", "due process" and the "equal protection, privileges, immunities and state prohibitions of law" in violation of clearly-established doctrines and state and federal constitutional authorities.  This civil conspiracy

constitutes interference with Plaintiff's "Parent-Child Liberty Interest" and an invasion of the Plaintiff's right to family privacy and integrity by intruding into the Plaintiff's personal affairs and in imposing emotional distress upon the Plaintiff, his minor child, et al.

214.    The conduct described in the Complaint constitutes an actionable civil conspiracy against Plaintiff, Kevin Rondeau, which entitles him to recover from the Defendants the sum of at least THREE MILLION DOLLARS ($3,000,000) as compensatory damages and THREE MILLION DOLLARS ($3,000,000) exemplary damages.

215.    In furtherance of the conspiracy represented herein, the Defendants carried out the acts set forth in the body of this Complaint/Petition, et al.

## PREDICATE ACTS AND SUBSTANTIVE 42 USC § 1983 VIOLATIONS

216.    By the conduct described in this complaint, Defendants did under color of statute and/or usage of State authority, subject, and/or cause to be subjected, the Plaintiff, a citizen of the United States, to the deprivation of rights, Liberties, privileges and immunities secured by the Constitution and laws of the United States of America.

217.    Defendants Shea-Porter, Rachel Rondeau, Magnant, Daley, English, Town of Nottingham, Town of Stratham, City of Portsmouth, et al., intentionally falsified Police Reports and other government documents, filed frivolous petitions and/or pleading in violation New Hampshire Rules of Civil Procedure, State and Federal Statutes, and State and Federal Constitutions.  Defendant Rachel Rondeau, et al., was illegally coerced into initiating the illegal actions identified herein in civil court proceedings; a violation of Plaintiff's civil rights, both substantive and procedural of right to fair process and meaningful use and access to the courts; a criminal offense under Title 18 §§ 241, 242, 1201, and 1961-1963.  Defendants Michael Carroll, Robert Shaines, New Hampshire Bar Association, New Hampshire Department of Health and Human Services, et al., illegally received monies and/or otherwise gained benefit for instituting fraudulent reports, petitions, pleadings, and state court process they knew were false.

218.    Defendants Shea-Porter, Rachel Rondeau, Magnant, Daley, English, Town of Nottingham, Town of Stratham, City of Portsmouth, et al., intentionally falsified Police Reports and other government documents, filed frivolous petitions and/or pleading in violation New Hampshire Rules of Civil Procedure, State and Federal Statutes, and State and Federal Constitutions.  The defendant's failed to take government mandated steps to correct corruption and fraud that a reasonable person would have been aware of.  Routinely forced the defendant Rachel Rondeau, et al., to make false reports to state judicial officials in violation of state and federal law.  The plaintiff avers that Rachel Rondeau was illegally coerced by state, county and local government officials, all named as defendants herein, into initiating the illegal actions identified herein in civil court proceedings; a violation of Plaintiff's civil rights, both substantive and procedural of right to fair process and meaningful use and access to the courts; a criminal offense under Title 18 §§ 241, 242, 1201, and 1961-1963 and actionable under RICO and 42 USC § 1983, et al.  All Defendants directly or indirectly illegally received federal monies and/or otherwise gained benefit for

instituting fraudulent reports, petitions, pleadings, and state court process that they knew or should have known were false.

219.    Defendants deprived Plaintiff of rights and liberties conferred by New Hampshire Rules of Civil Procedure, New Hampshire Statutes, the Constitution of New Hampshire, Federal statutes, the Constitution of the United States, the Declaration of Independence, and common law, i.e.: equal protection under the law, due process, the right to proper notice and service of process, the right to be provided with a complete copy of all reports and records, the right to cross examination, the right to call witnesses, the right to "due process" and the "equal protection of the law" concerning New Parental Neglect proceedings, the right to a speedy and public trial by impartial jury in all criminal cases, the right to have state charges proven beyond "a reasonable doubt", et al., all in violation of the plaintiff's rights under the Constitution of the United States and crimes under Title 18 U.S.C. §§ 241, 242, 1201, et al.

220.    By nature of their acceptance of authority delegated to them by the State of New Hampshire and the federal government, Defendants Mark W. Everson, Congresswoman Carroll Shea-Porter, NH Governor John Lynch, NH Attorney General Kelly A. Ayote, David A. Brock, Joseph P. Nadeau, John T. Broderick Jr., Linda S. Dalianis, James E. Duggan, Richard E. Galway, Gary E. Hicks, Bruce R. Larson, Sharon N. Devries, Judge Cullen, John A. Stephen, Maggie Bishop, Denise Gallagher, Mathew Garthwait, New Hampshire Bar Association, Michael Daley, Michael J. Magnant, Philip English, Rachel Rondeau, et al., were acting under color of state and federal authority in carrying out, and failing to prevent, the act of deprivation of Plaintiff's rights; in furtherance of the conspiracy. The other Defendants conspired with other persons acting under color of state authority and are, therefore, also responsible for their conduct as state actors which is actionable under 42 USC § 1983, 1985 and 1986, et al.

221.    As direct and proximate result of these illegal actions, the Plaintiff Kevin Rondeau, his family, et al., have suffered mental anguish and despair, constitutional violations, the the parent-child relationship, continued loss of employment and education, damage to reputations, loss of earnings and benefit, loss of earnings potential, arbitrary incarcerations, loss of religious freedom, loss of faith in the Justice system, and the loss of full rights under the Constitution, laws and treaties of the United States, for which they are entitled to recover compensatory damages in the sum of at least THIRTY-THREE MILLION DOLLARS ($33,000,000.00).

222.    The Defendants' illegal actions, and/or inaction, were willful, and/or malicious, and/or reckless, and/or grossly negligent, and criminal, and/or unconstitutional and therefore, the Plaintiff is entitled to recover exemplary damages in the sum of at least THIRTY-THREE MILLION DOLLARS ($33,000,000.00).

## – X –

## JURY DEMAND

223.    Plaintiff hereby exercises his right to demand a trial by jury of this cause.

## -XI-

## PRAYER FOR RELIEF

224.    Plaintiff respectfully prays for judgment in his favor and against the Defendants, and prays further that this Court:

225.    Adjudge and decree that the Plaintiff, Kevin Rondeau, is a citizen of the United States and therefore, he is entitled to the protection and adjudication of this court in accordance with the Declaration of Independence and the U.S. Constitution, laws and treaties for the reasons represented herein;

226.    Adjudge and decree that the Defendants have engaged in a past and continuing pattern and practice of conspiracy against rights, corruption, fraud involving federal monies, deprivation of civil rights under color of state law, illegal interference with federal constitutional rights and liberties, and illegal interference with the plaintiff's substantive and procedural right to have meaningful access to the state courts in violation of the United States Constitution and laws.

227.    Adjudge and decree that the Defendants have acted illegally and unconstitutionally in violating Plaintiff's State and Federal Constitutional Rights and God Bestowed Liberties and have acted illegally and unconstitutionally and in a capricious and willful manner in hindering and preventing the Plaintiff from maintaining and securing his constitutional rights and liberties.

228.    Adjudge and decree that the State laws and proceedings of the State courts, herein identified, and all orders promulgated there from are illegal and/or are unconstitutional and therefore, they are null, void and of no effect.

229.    Issue an injunction enjoining Defendants from continuing to maintain practices and policies of violation of civil rights including but not limited to illegal interference with access to the courts both state and federal, due process, equal treatment under the law, extortion, threats, unlawful arrests, and harassment of Plaintiffs and all citizens of the State or the separate states.

230.    Issue a temporary and permanent injunction enjoining the Defendants from further interfering with Plaintiff's pursuit of filing his pleadings in this action, in this Court or any other court of this nation, until this matter is properly resolved in a manner consistent with the Declaration of Independence and the Constitution of the United States of America.

231.    Issue a temporary and permanent injunction enjoining Defendants, their lawyers, agents, employees, and others, otherwise directed in their duties by the Defendants, from interfering with the Plaintiff's "parent-child" liberty interest, freedom, religion, place of abode,

employment, higher education, pursuit of happiness, et al., and enjoining Defendants from further harassing and/or communicating with witnesses for the Plaintiff and his minor child.

232.   Issue a writ of habeas corpus, prohibition, et al., forthwith to reestablish all the plaintiff's rights and liberties that were illegally seized in violation of the Declaration of Independence and the Constitution, laws and treaties of the United States.

233.   Award compensatory damages to Plaintiff as to all of these claims together with interest against Defendants herein, jointly or severally.

234.   Award exemplary damages proved by Plaintiff as to all these claims.

235.   Award treble damages as required by law.

236.   Award Plaintiff costs incurred in this suit.

237.   Grant all other relief as justice deems equitable…

---

"They [The makers of the Constitution] conferred, as against the government, the right to be let alone - the most comprehensive of rights and the right most valued by civilized men."

"Experience should teach us to be most on our guard to protect liberty when the government's purposes are beneficial ... the greatest dangers to liberty lurk in insidious encroachment by men of zeal, well meaning but without understanding."

*Supreme Court Justice Louis D. Brandeis, 1928*

---

"The illegal we do immediately. The unconstitutional takes a bit longer."

*Henry Kissinger*

---

"Guard with jealous attention the public liberty. Suspect everyone who approaches that jewel. Unfortunately, nothing will preserve it but downright force. Whenever you give up that force, you are inevitably ruined."

"Is life so dear or peace so sweet as to be purchased at the price of chains and slavery? Forbid it, Almighty God! I know not what course others may take, but as for me, give me liberty, or give me death!"

*Patrick Henry*

---

"Ideas are more powerful than guns. We would not let our enemies have guns, why should we let them have ideas."

*Joseph Stalin*

---

"They that give up essential liberty to obtain a little temporary safety deserve neither liberty nor safety."

*Benjamin Franklin, 1759*

---

"The strongest reason for the people to retain the right to keep and bear arms is, as a last resort, to protect themselves against tyranny in government."

*Thomas Jefferson*

---

"Where is it written in the Constitution, in what section or clause is it contained, that you may take children from their parents and parents from their children, and compel them to fight the battle in any war in which the folly or the wickedness of government may engage it?"

*Daniel Webster*

---

"Government is not reason, it is not eloquence, it is force; like fire, a troublesome servant and a fearful master. Never for a moment should it be left to irresponsible action."

"It is our true policy to steer clear of entangling alliances with any portion of the foreign world. The great rule of conduct for us in regard to foreign nations is, in extending our commercial relations, to have with them as little political connection as possible."

*George Washington*

---

"Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence"

*U.S. Supreme Court Justice Tom C. Clark - Mapp vs. Ohio*

---

"The condition upon which God hath given liberty to man is eternal vigilance; which condition if he break, servitude is at once the consequence of his crime and the punishment of his guilt."

*John Philpot Curran, 1790*

---

"AND God spake all these words, saying, I am the LORD thy God, which have brought thee out of the land of Egypt, out of the house of bondage… Thou shalt have no other gods before me… Thou shalt not kill… Thou shalt not steal… Thou shalt not bear false witness… Thou shalt not covet…any thing that is thy neighbor's". Exodus, Chapter 20

"A FALSE balance is abomination to the LORD: but a just weight is his delight".  Proverbs, Chapter 11, verse 1

**The LORD thy God**

June 23, 2009

Respectfully submitted,

Kevin Rondeau, *Pro se*

STATE OF NEW HAMPSHIRE,
_Merrimack_ COUNTY

Acknowledged before me on this _23rd_ day of June 2009, by Kevin Rondeau, personally known by me or, satisfactorily proven to be Kevin Rondeau and hereby confirms under oath that the representations made herein are the whole truth, and nothing but the truth, so help us God.

Justice of the Peace/Notary Public

OFFICIAL SEAL
JO ANN DUFFY
NOTARY PUBLIC – N.H.
My Comm. Expires June 27, 2012